IRA L. GOTTLIEB (SBN 103236)
BUSH GOTTLIEB, A Law Corporation
500 North Central Avenue, Suite 800
Glendale, California 91203-3345
Telephone: (818) 973-3200
Facsimile: (818) 973-3201

Mario Martinez, SBN 200721
Edgar I. Aguilasocho, SBN 285567
Anna K. Walther, SBN 281705
MARTINEZ AGUILASOCHO & LYNCH, APLC
1227 California Avenue
Bakersfield, Ca. 93304
Telephone: (661) 324-8100
Facsimile: (661) 324-8103

Attorneys for Plaintiffs and Proposed Class

BUSH GOTTLIEB
500 North Central Avenue, Suite 800
Glendale, California 91203-3345

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| Beatriz Aldapa and Elmer Avalos, on behalf of themselves and others similarly situated,<br><br>            Plaintiffs,<br><br>      vs.<br><br>FOWLER PACKING COMPANY, INC., a California Corporation; AG FORCE LLC; a California Limited Liability Company; FOWLER MARKETING INTERNATIONAL LLC, a California Limited Liability Company; and DOES 1 - 10,<br><br>            Defendants. | **CASE NO.**<br><br>**CLASS ACTION COMPLAINT FOR:**<br>  1. **Violation of Migrant and Seasonal Agricultural Worker Protection Act**<br><br>  2. **Failure to Pay Wages and/or Overtime**<br><br>  3. **Failure to Compensate for Mandated Rest Periods**<br><br>  4. **Failure to Reimburse Expenses for Tools and Equipment in Violation of 29 U.S.C. § 1832(c) and Cal. Labor Code § 2802**<br><br>  5. **Waiting Time Penalties Pursuant to Labor Code § 203**<br><br>  6. **Unfair Competition Pursuant to Bus. & Prof. Code § 17200 Failure to Keep Accurate Information Cal. Labor Code § 226 and IWC Wage** |

519097.1 10999-24002

1   **Order and 14-2001; 29 U.S.C.**
    **§ 1831(c)**

2

3

4   **DEMAND FOR JURY TRIAL**

5   PLAINTIFFS Beatriz Aldapa and Elmer Avalos (hereinafter:

6   "PLAINTIFFS"), for themselves and all other persons similarly situated

7   (hereinafter: "Members of the Proposed Class"), hereby demand a trial by jury and

8   complain of DEFENDANTS, FOWLER PACKING COMPANY, INC., AG

9   FORCE, LLC, and FOWLER MARKETING INTERNATIONAL LLC (hereinafter:

10  "DEFENDANTS") as follows:

11  **JURISDICTION AND VENUE**

12  1.      The Court has jurisdiction over PLAINTIFFS' federal claims pursuant

13  to 28 U.S.C. §§ 1331 & 1854. The Court has supplemental jurisdiction over

14  PLAINTIFFS' state law claims pursuant to 28 U.S.C. § 1367.

15  2.      Venue is proper in this district pursuant to 28 U.S.C. § 1891(d) because

16  the actions at issue took place in this district.

17  3.      This is properly assigned to the Fresno Division of this Court pursuant

18  to Local Rule 3-120(d) because the action arose in Fresno County, California.

19  **NATURE OF THE CASE**

20  4.      This is a Class Action by current and former employees of

21  DEFENDANTS for recovery of unpaid wages and penalties, restitution, attorneys'

22  fees and costs and injunctive relief. DEFENDANTS are engaged in the business of

23  cultivating, harvesting and packing fruit, mostly tree fruits – generally peaches,

24  nectarines, plums, and pomegranates – as well as table grapes on land located

25  primarily in or near Fresno County, California. PLAINTIFFS and Members of the

26  Proposed Class are seasonal agricultural workers – within the meaning of the

27  Migrant and Seasonal Agricultural Worker Protection Act ("AWPA"), 29 U.S.C §

28  1802(10) – who have worked in DEFENDANTS' fields, for DEFENDANTS. On

BUSH GOTTLIEB
500 North Central Avenue, Suite 800
Glendale, California  91203-3345

behalf of themselves and all other persons similarly situated, PLAINTIFFS complain that DEFENDANTS have required workers to perform unpaid, off-the-clock work in violation of federal and state wage and hour laws. PLAINTIFFS also complain that DEFENDANTS have committed other violations of applicable law, including failing to keep accurate records of hours worked, failing to appropriately compensate for mandated rest periods, and failing to pay to crew members the wages due at the agreed-upon wage rate for work performed and/or fruit harvested under the crew piece rate.

**PARTIES**

5. PLAINTIFFS live, have lived and/or lived in Fresno County, State of California, during the time of their employment by DEFENDANTS within the period relevant to these claims. Named PLAINTIFFS are, have been and/or were seasonal agricultural workers within the meaning of 29 U.S.C § 1802(10), employed by DEFENDANTS within the meaning of 29 U.S.C § 1802(3), to work in DEFENDANTS' fields, that is, on land owned, leased, managed and/or operated, harvested or otherwise made productive by DEFENDANTS in or near Fresno County, California, at various times from at least four (4) years prior to the filing of this action to the present ("the relevant period").

6. PLAINTIFFS are, have been or were non-exempt agricultural employees of FOWLER. At all relevant times herein, PLAINTIFFS are, have been or were employed by DEFENDANTS as agricultural employees in DEFENDANTS' fields in or near Fresno County, California.

7. DEFENDANTS are located and have their principal place of business in Fresno County and are conducting business in good standing in the State of California.

8. DEFENDANTS are engaged in the operation of agricultural fields for production of fruit, as described above. DEFENDANTS also own and operate packing facilities in or near Fresno County, California to sort, grade, package and

BUSH GOTTLIEB
500 North Central Avenue, Suite 800
Glendale, California  91203-3345

1   distribute fruit harvested by PLAINTIFFS and other agricultural employees under

2   the "Fowler Packing" brand and other related brands. At all times mentioned herein,

3   DEFENDANTS employed PLAINTIFFS and Members of the Proposed Class as

4   non-exempt employees in DEFENDANTS' agricultural field operations.

5       9.      DEFENDANTS issue, and during the relevant period issued, payroll

6   checks to PLAINTIFFS and all other persons similarly situated under the name AG

7   FORCE LLC.

8       10.     DEFENDANTS are, and during the relevant period have been, engaged

9   in the business of cultivating, harvesting, packing and shipping fruit as described

10  above.

11      11.     DEFENDANTS sell and ship their agricultural produce to various parts

12  of California and other states of the United States.

13      12.     With respect to the events at issue in this case, DEFENDANTS acted as

14  agents for each other and as employer of PLAINTIFFS and all other persons

15  similarly situated.

16      13.     The true names and capacities, whether individual, corporate, associate

17  or otherwise, of Defendants sued herein as DOES 1 through 10, inclusive, are

18  currently unknown to Plaintiffs, who therefore sue Defendants by such fictitious

19  names. Plaintiffs are informed and believe, and based thereon allege, that each of the

20  Defendants designated herein as a DOE is legally responsible in some manner for

21  the unlawful acts referred to herein. Plaintiffs will seek leave of Court to amend this

22  Complaint to reflect the true names and capacities of the Defendants designated as

23  DOE when the same are ascertained.

24      14.     As employer of PLAINTIFFS, DEFENDANTS are liable for the

25  violations of law described in this Complaint.

26  / / /

27  / / /

28  / / /

BUSH GOTTLIEB
500 North Central Avenue, Suite 800
Glendale, California  91203-3345

## FACTUAL BACKGROUND

15.     During the relevant period, DEFENDANTS have employed, as that term is used in 29 U.S.C. § 1802(3), thousands of seasonal agricultural workers in pruning, tying, thinning, cultivating, and harvesting operations.

16.     PLAINTIFFS and Members of the Proposed Class are, and at all relevant times have been, non-exempt employees within the meaning of the California Labor Code § 500, et seq., and the rules and regulations of California Industrial Welfare Commission Wage Order No. 14-2001 [8 Cal. Code of Regs. § 11140] ("IWC Wage Order 14"), working in the cultivation and harvest of fruit on land owned, leased, managed and/or operated, harvested or otherwise made productive by DEFENDANTS in or near Fresno County, California.

17.     During the relevant period, PLAINTIFFS and Members of the Proposed Class have engaged in agricultural employment, as that term is used in 29 U.S.C. § 1802(3), on agricultural land owned, leased, managed and/or operated, harvested or otherwise made productive by DEFENDANTS.

18.     During the relevant period, PLAINTIFFS and Members of the Proposed Class have entered into working arrangements with DEFENDANTS. These arrangements are formed and entered into each season, at least once (in many cases, more than once), at or near the time PLAINTIFFS and Members of the Proposed Class are hired by DEFENDANTS.

19.     Under the working arrangements, which are also oral employment contracts, DEFENDANTS offer PLAINTIFFS and Members of the Proposed Class jobs in DEFENDANTS' agricultural operations, and PLAINTIFFS and Members of the Proposed Class accept the job offers.

20.     The contracts described above are and were "working arrangements" as that term is used in the AWPA, 29 U.S.C. § 1832(c), and/or agreements.

21.     By words, conduct, practice, agreement, or custom and usage, including but not limited to posting IWC Wage Order 14 at the place of

BUSH GOTTLIEB
500 North Central Avenue, Suite 800
Glendale, California  91203-3345

1  employment, DEFENDANTS communicated to PLAINTIFFS and Members of the

2  Proposed Class that DEFENDANTS would abide by the terms contained therein.

3      22.   Such posting of IWC Wage Order 14 was and is a "working

4  arrangement" as that term is used in the AWPA and/or an agreement.

5      23.   This working arrangement requires and required DEFENDANTS to

6  pay PLAINTIFFS and Members of the Proposed Class their agreed-upon wages for

7  all hours worked, to pay workers for required rest periods, and to abide in all

8  respects by IWC Wage Order 14, which formed part of the working arrangement

9  and/or agreement.

10     24.   PLAINTIFFS and Members of the Proposed Class were not and have

11 not been compensated by DEFENDANTS for all time worked for DEFENDANTS.

12     25.   By words, conduct, practice, agreement, or custom and usage, it is

13 understood by the parties that, consistent with federal and state law, DEFENDANTS

14 will pay PLAINTIFFS and Members of the Proposed Class for all work performed

15 on one or more of the following bases: (1) a stated hourly wage ("hourly basis"); (2)

16 an agreed-upon piece rate for certain work ("individual piece rate"); or (3) a crew

17 piece rate based on the total production in the fields by each crew, to be divided

18 evenly among members of the crew ("crew piece rate").

19     26.   During the relevant period, DEFENDANTS have failed to pay

20 PLAINTIFFS and Members of the Proposed Class for time at the beginning of the

21 work day during which PLAINTIFFS and Members of the Proposed Class have

22 been subject to DEFENDANTS' control and/or have been suffered or permitted to

23 work. PLAINTIFFS and Members of the Proposed Class have performed "off-the-

24 clock" unpaid and unrecorded work organizing materials and equipment essential

25 for harvesting or other types of work that day.

26     27.   During the relevant period, DEFENDANTS' foremen have conducted

27 "schooling" or training of PLAINTIFFS and Members of the Proposed Class at least

28 ten (10) minutes before the official, recorded start time, one or more times during

BUSH GOTTLIEB
500 North Central Avenue, Suite 800
Glendale, California  91203-3345

1  the harvest season. Attendance at these training sessions was mandatory.

2  PLAINTIFFS and Members of the Proposed Class were not paid for their time in

3  these training sessions and the time was not recorded by DEFENDANTS.

4        28.    During the relevant period, PLAINTIFFS and Members of the

5  Proposed Class performed work "off-the-clock" at the end of the day to clean up or

6  finish harvesting work. This time was unrecorded and unpaid.

7        29.    By not recording off-the-clock work, DEFENDANTS have failed to

8  comply with IWC Wage Order 14, Section 7, and 29 U.S.C. § 1831(c) by failing to

9  maintain time records demonstrating when employees begin and end each work

10 period and each employee's total daily hours worked.

11       30.    By not recording off-the-clock work, DEFENDANTS have failed to

12 comply with California Labor Code § 226 by providing to PLAINTIFFS and

13 Members of the Proposed Class wage statements that accurately itemize all

14 deductions from payments of wages and that accurately report total hours worked.

15       31.    Counting unrecorded and unpaid off-the-clock hours, PLAINTIFFS

16 and Members of the Proposed Class sometimes worked more than ten (10) hours in

17 a day. When this occurred, DEFENDANTS did not pay PLAINTIFFS and Members

18 of the Proposed Class overtime as required by IWC Wage Order 14 and their

19 working arrangements and/or contracts.

20       32.    Due to the inclusion of "ghost workers" on the crew lists,

21 DEFENDANTS failed to pay the total amount of agreed-upon wages due and earned

22 by PLAINTIFFS and Members of the Proposed Class for work performed on a crew

23 piece rate basis. DEFENDANTS' supervisors – acting within the scope of their

24 employment as arbiters of crew composition, responsible for preparing crew

25 member lists and distributing crew members' paychecks – added fictitious names, or

26 "ghost workers" (or the Spanish term "muertitos"), to the crew member lists during

27 times when employees were paid by crew piece rate. Therefore, the fraction of the

28 total amount paid to the crew received by actual employees was lower than it should

Bush Gottlieb
500 North Central Avenue, Suite 800
Glendale, California  91203-3345

have been because the amount was allocated to more employees than the number that actually worked. Thus, when using crew lists altered by supervisors, the DEFENDANTS allocated payment to PLAINTIFFS and Members of the Proposed Class at a rate that failed to compensate them at the agreed-upon wage rate. Thus, DEFENDANTS failed to pay PLAINTIFFS and Members of the Proposed Class for all wages earned at rates agreed upon in their working arrangements and/or contracts.

33.     In 2014, in letters signed by Grant Parnagian, President of DEFENDANT AG FORCE LLC, DEFENDANTS admitted to workers that due to the practice of DEFENDANTS' Supervisor(s) "add[ing] nonexistent employees to the Daily time sheet on the days of piece rate picking," workers had been deprived of wages earned: employees would thus have been "short on the number of bins that had been paid for the previous week." While DEFENDANTS made nominal payments to some workers for this deprivation of wages earned, DEFENDANTS' payments did not attempt to compensate workers for any wages they were deprived of prior to 2014. Moreover, such payments failed to fully compensate PLAINTIFFS and Members of the Proposed Class for all wages lost in this manner in 2014 or any previous years.

34.     DEFENDANTS' failure to pay all appropriate compensation was knowing and willful.

35.     Pursuant to California law, PLAINTIFFS and Members of the Proposed Class are entitled to a paid ten (10) minute rest break for every four (4) hours worked or major fraction thereof.

36.     PLAINTIFFS and Members of the Proposed Class consistently and regularly worked shifts exceeding 3½ hours without being paid for rest periods. When PLAINTIFFS and Members of the Proposed Class worked on an individual piece rate or a crew piece rate basis, they only earned money for pieces.

BUSH GOTTLIEB
500 North Central Avenue, Suite 800
Glendale, California  91203-3345

1   DEFENDANTS did not separately account for or pay for any rest periods during
2   such piece rate work.

3        37.   DEFENDANTS' recent changes to address the issue of break
4   compensation have been inadequate to cure the problem, as DEFENDANTS
5   continue to fail to legally compensate PLAINTIFFS and Members of the Proposed
6   Class for all rest periods. By words, conduct, practice, agreement, or custom and
7   usage, including but not limited to the posting of IWC Wage Order 14 at the place
8   of employment, DEFENDANTS communicated that they would provide to
9   PLAINTIFFS and Members of the Proposed Class all necessary tools and
10   equipment. More specifically, IWC Wage Order 14 states: "When tools or
11   equipment are required by the employer or are necessary to the performance of a
12   job, such tools and equipment shall be provided and maintained by the employer . . .
13   ."

14       38.   During the relevant period, PLAINTIFFS and Members of the
15   Proposed Class were required to provide their own tools that are necessary to the
16   performance of the work required of them by DEFENDANTS. These tools include
17   pruning shears, picking clippers, cloth sacks, protective gloves and other items
18   similarly indispensable to adequate job performance and fulfillment of the work for
19   which they were/had been employed.

20       39.   PLAINTIFFS and Members of the Proposed Class were required to
21   purchase tools necessary for work and DEFENDANTS have not reimbursed them
22   for those expenditures.

23       40.   By failing to provide the tools necessary for adequate performance of
24   the job and/or by failing to reimburse non-exempt agricultural employees' tool
25   expenses, DEFENDANTS violated IWC Wage Order 14, Section 9, California
26   Labor Code § 2802 and 29 U.S.C. § 1832(c), and burdened PLAINTIFFS and
27   Members of the Proposed Class with the costs of tools.

28

Bush Gottlieb
500 North Central Avenue, Suite 800
Glendale, California  91203-3345

Bush Gottlieb
500 North Central Avenue, Suite 800
Glendale, California  91203-3345

41.     During the relevant period, PLAINTIFFS and Members of the Proposed Class have quit their employment during or between the various tree fruit seasons, or have been laid off or discharged, either permanently or for the duration of the season, at the end of or during a season.

42.     DEFENDANTS have failed to pay PLAINTIFFS and Members of the Proposed Class all wages owed to them at the time they quit or are laid off or discharged.

**CLASS ACTION ALLEGATIONS**

43.     PLAINTIFFS bring this action, on behalf of themselves and all other persons similarly situated, as a Class Action pursuant to Federal Rule of Civil Procedure 23(a) & (b)(3). PLAINTIFFS satisfy the requirements of Rule 23(a) & (b)(3) for the prosecution of this action as a Class Action.

44. PLAINTIFFS seek to define the Class as follows:

All non-exempt agricultural employees of DEFENDANTS who performed uncompensated work in DEFENDANTS' fields in or near Fresno County, California from four (4) years prior to the filing of this action to the present, excluding irrigators, tractor drivers, and swampers.

45     The proposed subclasses are as follows:

(a)     All of DEFENDANTS' non-exempt agricultural employees who performed uncompensated and unrecorded work before the fixed start time in the harvest and/or pre-harvest seasons (hereinafter: "Pre-shift Work Subclass").

(b)     All of DEFENDANTS' non-exempt agricultural employees who performed uncompensated and unrecorded work after the fixed end time in the harvest and/or pre-harvest seasons (hereinafter: "Post-shift Work Subclass").

(c)     All of DEFENDANTS' non-exempt agricultural employees who, because of unrecorded and unpaid pre-shift work, post-shift work, and/or rest periods, worked more than ten (10) hours in one day without being paid legal overtime rates (hereinafter: "Overtime Work Subclass").

1   (d) All of DEFENDANTS' non-exempt agricultural employees who

2 incurred unreimbursed necessary tool expenses in the harvest and/or pre-harvest

3 seasons (hereinafter: "Tool Subclass").

4   (e) All of DEFENDANTS' non-exempt agricultural employees who

5 worked on a crew piece rate basis and were not compensated according to the wage

6 agreed upon via contract or working arrangement, and who, due to the inclusion of

7 payments to "ghost workers" in DEFENDANTS' calculation of the crew piece rate,

8 received less than the total wages owed them at the agreed-upon wage rate

9 (hereinafter: "Ghost Worker Crew Piece Rate Subclass").

10   (f) All of DEFENDANTS' non-exempt agricultural employees whose

11 legally required rest periods were not separately compensated at legally required

12 rates during periods in which such employees worked on an individual or crew piece

13 rate basis (hereinafter: "Rest Period Subclass").

14   (g) All of DEFENDANTS' non-exempt agricultural employees who, due

15 to the violations claimed herein, received an inaccurate itemized wage statement

16 (hereinafter: "Wage Statement/Records Subclass").

17   (h) All of DEFENDANTS' non-exempt agricultural employees who were

18 not paid all wages due when they were laid off each season, discharged, or quit, as

19 required by California Labor Code (hereinafter: "Final Paycheck Subclass").

20   46. PLAINTIFFS reserve the right to amend or modify the class

21 description with greater specificity or further division into subclasses or limitation to

22 particular issues.

23   A. Numerosity

24   47. The Members of the Proposed Class are so numerous that joinder of all

25 the Members of the Proposed Class is impracticable. While the precise number of

26 Members of the Proposed Class has not been determined at this time, PLAINTIFFS

27 are informed and believe, and based upon such information and belief allege, that

28 during the relevant period, DEFENDANTS employed at least 2,000 agricultural

BUSH GOTTLIEB
500 North Central Avenue, Suite 800
Glendale, California 91203-3345

workers each harvest season. PLAINTIFFS are informed and believe, and based upon such information and belief allege, that each subclass contains hundreds, if not thousands, of workers.

48.    DEFENDANTS' employment records would provide information as to the number and location of all Members of the Proposed Class.

B.    Commonality

49.    There are questions of law and fact common to the Proposed Class that predominate over any questions affecting only individual Members of the Proposed Class. These common questions of law and fact include, without limitation:

a)    Whether DEFENDANTS violated the AWPA, 29 U.S.C. § 1801, et seq., by failing to pay Members of the Proposed Class all wages due at rates agreed upon through contract or working arrangement for all work performed, including hours worked, individual and/or crew piece rate wages earned, and for rest periods.

b)    Whether DEFENDANTS failed to pay wages – at rates agreed upon through contract or working arrangement – and/or overtime compensation for all hours worked, including wages for all work performed on an individual and/or crew piece rate;

c)    Whether Members of the Proposed Class were deprived of wages earned at a crew piece rate agreed upon through contract or working arrangement due to DEFENDANTS' use of "ghost workers" that resulted in payments of less than the earned wages owed to each crew member at the agreed-upon rate;

d)    Whether Members of the Proposed Class were paid for rest periods when work shifts lasted 3½ hours or longer;

e)    Whether DEFENDANTS violated the AWPA, Labor Code § 221 and/or Labor Code § 223 by failing to pay Members of the Proposed Class for rest periods when they worked shifts lasting 3½ hours or longer;

/ / /

/ / /

BUSH GOTTLIEB
500 North Central Avenue, Suite 800
Glendale, California  91203-3345

f)      Whether DEFENDANTS violated California Labor Code § 226, IWC Wage Order 14, and/or 29 U.S.C. § 1831(c) by failing to keep accurate information or failing to provide accurate statements of all hours worked and wages earned;

g)      Whether DEFENDANTS violated their obligations to separately account for and/or designate on pay stubs legally required rest periods when Members of the Proposed Class worked shifts lasting 3½ hours or longer;

h)      Whether DEFENDANTS owe premium pay to Members of the Proposed Class under Labor Code § 226.7;

i)      Whether DEFENDANTS owe penalties or other costs to Members of the Proposed Class for failing to pay them for rest periods when they worked shifts lasting 3½ hours or longer;

j)      Whether DEFENDANTS violated IWC Wage Order 14 by failing to provide Members of the Proposed Class with necessary tools; whether DEFENDANTS violated California Labor Code § 2802 by failing to reimburse Members of the Proposed Class for the costs of their purchases of tools that were required and necessary for the adequate performance of assigned work or jobs in DEFENDANTS' agricultural operations; and/or whether DEFENDANTS violated 29 U.S.C. § 1832(c) by failing to provide tools needed to perform work.

k)      Whether DEFENDANTS violated California Labor Code §§ 201–03 by failing to pay compensation due and owing at the time that any Member of the Proposed Class's employment with DEFENDANTS terminated , whether at the end of a season or permanently;

l)      Whether DEFENDANTS violated California Business and Professions Code § 17200, et seq., by engaging in the unlawful acts alleged in this Complaint; and

m)      Whether Members of the Proposed Class are entitled to equitable relief pursuant to California Business and Professions Code § 17200, et seq.

C. Typicality

BUSH GOTTLIEB
500 North Central Avenue, Suite 800
Glendale, California  91203-3345

50.    PLAINTIFFS' claims are typical of the claims of Members of the Proposed Class. PLAINTIFFS and Members of the Proposed Class sustained injury and damages arising out of and caused by DEFENDANTS' common course of conduct in violation of laws, regulations that have the force and effect of law, and statutes, as alleged herein.

D. Adequacy of Representation

51.    PLAINTIFFS will fairly and adequately represent and protect the interests of the Members of the Proposed Class. Counsel representing PLAINTIFFS are competent and experienced in litigating large employment Class Actions, and in litigating Class Actions involving agricultural employees. Counsel representing PLAINTIFFS have been certified as class counsel in prior litigation.

E.    Superiority of Class Action

52. A Class Action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Members of the Proposed Class is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual Members of the Proposed Class.

53.    Class Action treatment will allow similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. PLAINTIFFS are unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a Class Action.

**CAUSES OF ACTION**

54.    PLAINTIFFS incorporate each and every allegation set forth in all of the foregoing paragraphs as if fully set forth in the various Causes of Action alleged herein and described below.

/ / /

/ / /

BUSH GOTTLIEB
500 North Central Avenue, Suite 800
Glendale, California 91203-3345

**FIRST CAUSE OF ACTION**

**(MIGRANT AND SEASONAL AGRICULTURAL WORKER PROTECTION ACT, 29 U.S.C. § 1801, et seq.)**

55.    DEFENDANTS intentionally violated the AWPA by:

i.    failing to pay wages when due to PLAINTIFFS and Members of the Proposed Class, as required by 29 U.S.C. § 1832(a);

ii.    violating the terms of the working arrangements made with PLAINTIFFS and Members of the Proposed Class, including by failing to pay all wages due and failing to provide tools necessary for work in violation of 29 U.S.C. § 1832(c);

iii.    failing to keep accurate time and wage records for all work performed by PLAINTIFFS and Members of the Proposed Class and failing to provide them with accurate, itemized statements of each pay period, as required by 29 U.S.C. § 1831(c)(1)–(2); and

iv.    providing to PLAINTIFFS and Members of the Proposed Class false and misleading information related to disclosures required by 29 U.S.C. § 1831(c).

**SECOND CAUSE OF ACTION**

**(FAILURE TO COMPENSATE FOR REST BREAKS, CALIFORNIA LABOR CODE § 226.7, IWC WAGE ORDER 14)**

56.  Labor Code § 226.7 and IWC Wage Order 14 require an employer to provide paid rest periods or to pay an additional one (1) hour of wages for each paid rest period the employer fails to provide. Employees are entitled to a paid ten (10) minute rest break for every four (4) hours worked or major fraction thereof.

57. During the relevant period, PLAINTIFFS and Members of the Proposed Class consistently worked shifts of over 3½ hours but DEFENDANTS failed to provide mandated paid rest breaks. Because piece rate workers only earned wages

Bush Gottlieb
500 North Central Avenue, Suite 800
Glendale, California  91203-3345

while they were working, they were not separately paid for rest periods taken while working on a piece rate basis.

### THIRD CAUSE OF ACTION

### (FAILURE TO PAY ALL WAGES DUE UNDER EMPLOYMENT CONTRACT OR WORKING ARRANGEMENT)

58.     By words, conduct, practice, custom, or usage, including by the posting of IWC Wage Order 14, DEFENDANTS and PLAINTIFFS and Members of the Proposed Class wages agreed on wage rates for all work performed and/or hours worked.

59.     DEFENDANTS have breached the established employment contracts or working arrangement by failing to pay PLAINTIFFS and Members of the Proposed Class wages earned. Such breach has caused injury and damages to PLAINTIFFS and Members of the Proposed Class.

60.     PLAINTIFFS and Members of the Proposed Class were required to work off-the-clock before the recorded start time and after the recorded end time and were not paid for this time.

61.     PLAINTIFFS and Members of the Proposed Class working on a crew piece rate basis were deprived of wages earned through the "ghost worker" scheme described above.

### FOURTH CAUSE OF ACTION

### (FAILURE TO PAY OVERTIME, IWC WAGE ORDER 14)

62. I   WC Wage Order 14 requires DEFENDANTS to pay overtime at the rate of 1½     times the normal rate of pay for all hours over ten (10) in a day.

63. To the extent that any unrecorded and unpaid pre-shift work and/or post-shift work and/or rest break periods caused employees to work more than ten (10) hours in a day, DEFENDANTS deprived PLAINTIFFS and Members of the Proposed Class of legally required overtime pay in an amount to be determined at trial.

BUSH GOTTLIEB
500 North Central Avenue, Suite 800
Glendale, California  91203-3345

**FIFTH CAUSE OF ACTION**

**(FAILURE TO PAY MINIMUM WAGE, CALIFORNIA LABOR CODE § 1194)**

64.     California Labor Code § 1194(a) provides that it is unlawful to pay less than the minimum wage established by law. DEFENDANTS' failure to pay the sums identified above and required by IWC Wage Order 14 violates California Labor Code § 1194(a) and is therefore unlawful.

65.     As a result of the unlawful acts of DEFENDANTS, PLAINTIFFS have been deprived of minimum wages, in amounts to be determined at trial, and are thus entitled to recovery of such amounts, plus interest and liquidated damages, attorneys' fees and costs, pursuant to Labor Code §§ 1194.2(a) and/or 218.5(a).

**SIXTH CAUSE OF ACTION**

**(WAITING TIME PENALTIES, CALIFORNIA LABOR CODE § 203)**

66.     California Labor Code Section 203 provides, in relevant part:

If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced; but the wages shall not continue for more than 30 days.

67.     By willfully failing to pay wages that, in accordance with California Labor Code §§ 201, 202, and 205.5, are due PLAINTIFFS and Members of the Proposed Class each time any PLAINTIFF or Member of the Proposed Class was discharged, laid off, or quit, including when such termination of employment occurred at the end of each harvest season, DEFENDANTS have violated California Labor Code § 203. The wages of PLAINTIFFS and Members of the Proposed Class thus continue as a penalty for an additional 30 days for each violation.

/ / /

/ / /

BUSH GOTTLIEB
500 North Central Avenue, Suite 800
Glendale, California 91203-3345

**SEVENTH CAUSE OF ACTION**

**(FAILURE TO PROVIDE TOOLS NECESSARY TO THE PERFORMANCE OF THE JOB AND FAILURE TO REIMBURSE FOR TOOLS, IWC WAGE ORDER 14, CALIFORNIA LABOR CODE § 2802)**

68.     IWC Wage Order 14 provides that tools or equipment required by the employer or necessary to the performance of a job shall be provided and maintained by the employer.

69.     California Labor Code § 2802 provides that an employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties. PLAINTIFFS and Members of the Proposed Class are entitled to reimbursement of all tool expenses they incurred throughout the duration of their employment.

70.     By failing to provide PLAINTIFFS and Members of the Proposed Class with the necessary tools to perform their jobs, DEFENDANTS violated IWC Wage Order 14, and burdened PLAINTIFFS with the cost of tools such as shears, scissors, protective gloves, sacks and other items similarly indispensable to PLAINTIFFS' adequate job performance.

71.     PLAINTIFFS and Members of the Proposed Class seek reimbursement of said expenses in an amount to be shown at trial, plus attorneys' fees, interest and costs.

**EIGHTH CAUSE OF ACTION**

**(CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200)**

72.     California Business and Professions Code § 17200, et seq., provides, in relevant part, that "unfair competition shall mean and include any unlawful, unfair, or fraudulent business act or practice . . . ."

/ / /

/ / /

BUSH GOTTLIEB
500 North Central Avenue, Suite 800
Glendale, California  91203-3345

73.    PLAINTIFFS bring this action on behalf of themselves and of all other persons similarly situated, and on behalf of the general public pursuant to California Business and Professions Code § 17204.

74.    In California, there is a fundamental and substantial public policy protecting an employee's wages.

75    The following practices of DEFENDANTS are unlawful, and unfair business practices under California Business & Professions Code § 17200, et seq.:

a.    underpaying workers, including PLAINTIFFS in violation of the AWPA, 29 U.S.C. § 1832(c); California Labor Code §§ 200, 205.5, 221, 223, 1194, 1197; IWC Wage Order 14 and IWC Wage Order 13; and fundamental public policy of the State of California;

b.    failing to provide paid rest periods to workers, including PLAINTIFFS;

c.    retaining the benefit of the labor performed by workers, including PLAINTIFFS, without reasonable compensation;

d.    retaining the benefit of the labor performed by workers, including PLAINTIFFS, without providing compensation according to agreed-upon wages, crew piece rates or other agreed-upon and/or contractually established rates in violation of California Labor Code § 205.5; and

e.    failing to promptly pay all wages due to workers, including PLAINTIFFS, as mandated by the AWPA, 29 U.S.C. § 1832(c), and California Labor Code §§ 201, 202 and 205.5, when those workers were discharged, laid off or quit.

76.    These unlawful and unfair acts present a continuing threat to the general public that cannot be adequately remedied at law. PLAINTIFFS are informed and believe that such conduct will continue unless enjoined by this Court pursuant to California Business and Professions Code § 17203.

77.     The limitations period under California Business and Professions Code § 17208 is four years. Accordingly, PLAINTIFFS seek relief for the period going back four years prior to the filing of this Complaint and continuing into the present until judgment is entered.

## NINTH CAUSE OF ACTION

## (FAILURE TO KEEP ACCURATE INFORMATION AND TO PROVIDE ACCURATE STATEMENTS OF HOURS WORKED AND WAGES EARNED, CALIFORNIA LABOR CODE § 226, IWC WAGE ORDER 14)

78.     In pertinent part, IWC Wage Order 14, paragraph 7(A) provides, and during the relevant period provided, that every employer shall keep accurate information with respect to each employee including time records showing when the employee begins and ends each work period and total hours worked in the payroll period. When a piece rate or incentive plan is in operation, piece rates or an explanation of the incentive plan formula shall be provided to employees.

79.     In each pay period during the relevant period, DEFENDANTS have violated IWC Wage Order 14 by failing to keep accurate information with respect to, among other things, when PLAINTIFFS and Members of the Proposed Class have begun and ended each work shift and the total hours worked.

80.     In pertinent part, California Labor Code § 226(a) provides, and during the relevant period provided:

Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees . . . an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, . . . (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis . . . (5) net wages earned . . . (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

BUSH GOTTLIEB
500 North Central Avenue, Suite 800
Glendale, California  91203-3345

81.     Each pay period during the relevant period, DEFENDANTS have violated California Labor Code § 226 by failing to provide to PLAINTIFFS and Members of the Proposed Class accurate statements showing, among other things, total hours worked and gross wages earned.

## REQUEST FOR RELIEF

**WHEREFORE, PLAINTIFFS** pray for judgment against DEFENDANTS, as follows:

1.     Damages in an amount equal to all unpaid wages owed to PLAINTIFFS and Members of the Proposed Class for four years prior to the filing of this Complaint, including but not limited to Labor Code § 226.7 premium pay in an amount equal to one (1) hour of wages per missed paid rest break in a sum to be proven at trial;

2.     Restitution of unpaid wages of PLAINTIFFS and Members of the Proposed Class, under Business & Professions Code § 17200 et seq., for four years prior to the filing of this Complaint;

3.     Liquidated damages pursuant to California Labor Code § 1194 for four years prior to the filing of this Complaint;

4.     Monetary damages to PLAINTIFFS and Members of the Proposed Class pursuant to the AWPA, 29 U.S.C. § 1854(c), in an amount equal to their actual damages or their statutory damages, whichever is greater;

5.     An award of statutory waiting-time penalties equal to 30 days' wages, pursuant to California Labor Code § 203, each time PLAINTIFFS or Members of the Proposed Class were discharged, quit, or permanently laid off, including but not limited to each time an employee was discharged because of an end-of-season layoff, in accordance with California Labor Code Sections 201, 202 and 205.5, for four years prior to the filing of the Complaint;

6.     Monetary damages pursuant to paragraph 18 of IWC Wage Order 14 and the Labor Code sections cited therein;

BUSH GOTTLIEB
500 North Central Avenue, Suite 800
Glendale, California  91203-3345

7.    A declaration that DEFENDANTS intentionally violated the AWPA, 29 U.S.C. § 1801, et seq.;

8.    Injunctive relief, including an order enjoining DEFENDANTS from continuing their ongoing violations of the AWPA, and other injunctive relief as provided under California Business & Professions Code § 17200, et seq.;

9.    Reasonable attorneys' fees and costs incurred by PLAINTIFFS on behalf of themselves and Members of the Proposed Class in the prosecution of this action pursuant to applicable law, including without limitation, California Labor Code §§ 218.5, 226, and 1194 and California Code of Civil Procedure Section 1021.5;

10.    Pre- and post-judgment interest at the maximum legal rate of interest for each item of damages listed above; and

11.    Such other and further relief as this Court deems just and proper.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

BUSH GOTTLIEB
500 North Central Avenue, Suite 800
Glendale, California  91203-3345

**DEMAND FOR JURY TRIAL**

PLAINTIFFS demand trial by jury.

DATED: March 17, 2015            Respectfully submitted,

IRA L. GOTTLIEB
BUSH GOTTLIEB, A Law Corporation

By: /s/ Ira L. Gottlieb
    IRA L. GOTTLIEB
Attorneys for Plaintiffs and the Proposed Class

DATED: March 17, 2016            MARTINEZ AGUILASOCHO & LYNCH, APLA

By: /s/ Mario Martinez
    MARIO MARTINEZ (as authorized March 16, 2015)
Attorneys for Plaintiffs and the Proposed Class

Bush Gottlieb
500 North Central Avenue, Suite 800
Glendale, California 91203-3345

519097.1 10999-24002

23