1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEATRIZ ALDAPA and ELMER AVALOS, on behalf of themselves and others similarly situated,<br><br>                    Plaintiff,<br><br>v.<br><br>FOWLER PACKING COMPANY, INC., a California Corporation; AG FORCE, LLC; a California Limited Liability Company; FOWLER MARKETING INTERNATIONAL LLC, a California Limited Liability Company; and DOES 1 through 10, inclusive,<br><br>                    Defendants. | Case No.:  1:15-cv-00420-GEB-SAB<br><br>**ORDER RE STIPULATION FOR PROTECTIVE ORDER** |

1.    <u>PURPOSES AND LIMITATIONS</u>

        Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted.   Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords

extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.

2.      <u>DEFINITIONS</u>

2.1      Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2      Disclosure or Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things. testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3      "Confidential" Information or Items: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under federal or California Law.

2.4      Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.5      Producing Party: a Party or non-party that produces Disclosure or Discovery Material in this action.

2.6      Designating Party: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential."

2.7      Protected Material: any Disclosure or Discovery Material that is designated as "Confidential."

2.8.      Counsel: attorneys who represent or provide advice or counsel to one of the parties, as well as their employees, support staff, and/or contractors.

2.9      Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party.  This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.10    Professional Vendors: persons or entities that provide litigation support services (e.g.. photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3.    SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted there from, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel that might reveal Protected Material.

4.    DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a Court order otherwise directs.

5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection.  Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions pursuant to a noticed motion.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of

1  protection initially asserted, that Party or non-party must promptly notify all other parties that it

2  is withdrawing the mistaken designation.

3       5.2     Manner and Timing of Designations. Except as otherwise provided in this Order

4  (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered,

5  material that qualifies for protection under this Order must be clearly so designated before the

6  material is disclosed or produced.

7           Designation in conformity with this Order requires:

8           (a)     for information in documentary form (apart from transcripts of depositions

9     or other pretrial or trial proceedings), that the Producing Party affix the legend

10    "CONFIDENTIAL" at the top of each page that contains protected material. If only a

11    portion or portions of the material on a page qualifies for protection, the Producing Party

12    also must clearly identify the protected portion(s) (e.g., by making appropriate markings

13    in the margins) and must specify, for each portion, the level of protection being asserted

14    (either "CONFIDENTIAL").

15          A Party or non-party that makes original documents or materials available for

16    inspection need not designate them for protection until after the inspecting Party has

17    indicated which material it would like copied and produced. During the inspection and

18    before the designation, all of the material made available for inspection shall be deemed

19    "CONFIDENTIAL."  After the inspecting Party has identified the documents it wants

20    copied and produced, the Producing Party must determine which documents, or portions

21    thereof, qualify for protection under this Order, then, before producing the specified

22    documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL")

23    at the top of each page that contains Protected Material. If only a portion or portions of

24    the material on a page qualifies for protection, the Producing Party also must clearly

25    identify the protected portion(s) (e.g., by making appropriate markings in the margins)

26    and must specify, for each portion, the level of protection being asserted (either

27    "CONFIDENTIAL").

28

4

(b)     A party may also elect to designate by bates number, bates range, or bates index a list of all CONFIDENTIAL documents being produced or provided to the other side for inspection.

(c)     for testimony given in deposition or in other pretrial or trial proceedings, that the Party or non-party designating the testimony as "CONFIDENTIAL" identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "CONFIDENTIAL".   When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 20 days to identify the specific portions of the testimony as to which protection is sought. Only those portions of the testimony that are appropriately designated for protection within the 20 days shall be covered by the provisions of this Stipulated Protective Order.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" as instructed by the Party or nonparty making the confidentiality designation.

(c)     for information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions.

5.3     Inadvertent Failures to Designate.  If timely conceded, an inadvertent failure to designate qualified information or items as "Confidential" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is

5

1   appropriately designated as "Confidential" or after the material was initially produced, the

2   Receiving Party, on timely notification of the designation, must make reasonable efforts to

3   assure that the material is treated in accordance with the provisions of this Order.  Neither party

4   shall be considered to be in breach of this agreement and order if the they treated information as

5   not subject to the provisions herein prior to being notified of an inadvertent failure to designate.

6   6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

7           6.1     Timing of Challenges.   Unless a prompt challenge to a Designating Party's

8   confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary

9   economic burdens, or a later significant disruption or delay of the litigation, a Party does not

10  waive its right to challenge a confidentiality designation by electing not to mount a challenge

11  promptly after the original designation is disclosed.

12          6.2     Meet and Confer.   A Party that elects to initiate a challenge to a Designating

13  Party's confidentiality designation must do so in good faith and must begin the process by

14  conferring with counsel for the Designating Party.  In conferring, the challenging Party must

15  explain the basis for its belief that the confidentiality designation was not proper and must give

16  the Designating Party an opportunity to review the designated material, to reconsider the

17  circumstances, and, if no change in designation is offered, to explain the basis for the chosen

18  designation.  A challenging Party may proceed to the next stage of the challenge process only if

19  it has engaged in this meet and confer process first.

20          6.3     Judicial Intervention.  A Party that elects to press a challenge to a confidentiality

21  designation after considering the justification offered by the Designating Party may file and

22  serve a motion with the Court seeking relief.  The motion should identify the challenged material

23  and set forth in detail the basis for the challenge, a neutral explanation of the dispute, and meet

24  and confer efforts that were taken to resolve the dispute..

25  7.      ACCESS TO AND USE OF PROTECTED MATERIAL

26          7.1     Basic Principles

27          A Receiving Party may use Protected Material that is disclosed or produced by another

28  Party or by a non-party in connection with this case only for prosecuting, defending, or

attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2   Disclosure of "CONFIDENTIAL" Information or Items

Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a)   the Receiving Party's Counsel of record in this action, as well as employees and agents of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)   the parties to this action;

(c)   the officers, directors, and employees (including Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d)   experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(e)   the Court and its personnel;

(f)   those present during the trial of this matter, including all pre-trial and motion hearings, and during presentation/argument of this evidence unless the Court orders otherwise;

(g)   Court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation;

(h)   deponents and/or witnesses to whom counsel for the parties believe in good faith it is necessary, for assistance in their representation in the above-captioned matter, to disclose specific documents, and who have signed the "Agreement to Be

7

Bound by Protective Order" (Exhibit A); provided, however, that this execution requirement is waived where an individual is given Confidential Information in the presence of opposing counsel on the record while testifying as a deponent or in a court of law, so long as the Confidential Information is not retained by the individual after such testimony.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must he separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(i)     the author of the document or the original source of the information; and

(j)     any other person as to whom the parties in writing agree.

8.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" the Receiving Party must so notify the Designating Party, in writing (by fax or email, if possible) immediately and in no event more than three court days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.

The purpose of imposing these duties is to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court in which the subpoena or order issued.  The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of

1  this Order, and (d) request such person or persons to execute the "Acknowledgment and

2  Agreement to Be Bound" that is attached hereto as Exhibit A.

3  10.    NO DISCLOSURE OF SOCIAL SECURITY NUMBERS

4      Under this Protective Order, Social Security Numbers of past or current employees of

5  Defendant shall be deemed confidential.  Where a document contains social security numbers,

6  unless the parties have agreed in advance to produce such numbers to the other side, those social

7  security numbers shall be redacted, but the remainder of the document shall not be deemed

8  confidential solely because of the presence of a social security number.  The parties agree that

9  where practicable, social security numbers shall be redacted and further agree the employee

10  identification numbers used for the purposes of the litigation will be based on employee numbers

11  other than social security numbers used by the employer(s) in the course of their employment

12  (e.g. employee badge or employer ID number).  However, social security numbers may be used

13  by the parties to verify employee work, time, and payroll records, but the parties agree such

14  numbers shall be deemed Confidential.

15  11.    NO DISCLOSURE OF CONFIDENTIAL INFORMATION TO THE UNITED FARM

16          WORKERS OF AMERICA OR ANY OTHER UNION

17      No disclosure of Confidential information shall be made directly or indirectly to the

18  UFW or any other union for any reason.

19  12.    FILING PROTECTED MATERIAL

20      The parties understand that only a Court Order can seal documents filed with the Court

21  pursuant to a Noticed Motion to Seal. The parties agree to utilize telephonic conferencing

22  procedures to attempt to agree to a Joint or Unopposed Motion to Seal Documents which a

23  party desires to file under seal.  The parties agree to cooperate with each other in a good faith

24  attempt to file the  Joint or Unopposed Motion to seal Confidential Information., To the extent

25  that filing under seal is not permitted by the Court, no party will file any Confidential

26  Information with the Court without providing at least 5 days advance notice to the other parties.

27  13.    FINAL DISPOSITION

28      Within 75 days of termination of this case, counsel for the parties shall assemble and

return to each other all documents, material and deposition transcripts designated as Confidential Information and all copies of same in their possession or the possession of their employees and/or agents, as well as all documents created, produced, reproduced, and any notes, transcripts or other written documents derived from Confidential Documents or containing information derived from such Confidential Documents, or shall certify the destruction thereof. Notwithstanding this provision, Counsel is entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

14.   MISCELLANEOUS

14.1   Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future or to compel discovery or seek sanctions from the Court.

14.2   Right to Assert Other Objections.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any- ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

Accordingly, IT IS HEREBY ORDERED that based on the above stipulation of the parties, and for good cause shown,

1.   The stipulated protective order is entered in this action;

2.   The parties are advised that pursuant to the Local Rules of the United States District Court, Eastern District of California, any documents which are to be filed under seal will require a written request which complies with Local Rule 141; and

3.   The party making a request to file documents under seal shall be required to show good cause for documents attached to a nondispositive motion or

compelling reasons for documents attached to a dispositive motion.   Pinto v. Pacific Creditors Ass'n, 605 F.3d 665, 677-78 (9th Cir. 2009).

IT IS SO ORDERED.

Dated:   **August 21, 2015**

UNITED STATES MAGISTRATE JUDGE

11