# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEATRIZ ALDAPA, et al., | Case No. 1:15-cv-00420-GEB-SAB |
| Plaintiffs, | ORDER PARTIALLY GRANTING PLAINTIFFS' MOTION TO COMPEL |
| v. | ECF NO. 28 |
| FOWLER PACKING COMPANY INC., et al., | ORDER DENYING DEFENDANTS' MOTION FOR PROTECTIVE ORDER |
| Defendants. | ECF NO. 29 |

On October 6, 2015, Plaintiffs Beatriz Aldapa and Elmer Avalos ("Plaintiffs") filed a motion to compel. (ECF No. 28.) On October 7, 2015, Defendants Fowler Packing Company Inc., AG Force LLC, and Fowler Marketing International LLC ("Defendants") filed a motion for a protective order. (ECF No. 29.) The parties filed a Joint Statement re Discovery Disagreement and supporting documentation on October 20, 2015 and October 21, 2015. (ECF Nos. 30, 31, 32.)

The hearing on the matter took place on October 28, 2015. Mario Martinez and Erica Deutsch appeared on behalf of Plaintiffs. Howard Sagaser and Ian Wieland appeared on behalf of Defendants. For the reasons set forth below, Plaintiffs' motion to compel is partially granted and Defendants' motion for a protective order is denied.

/ / /

# I.

## BACKGROUND

The complaint in this action was filed on March 17, 2015.  (ECF No. 2.)  Plaintiffs raise claims on behalf of a proposed class of non-exempt agricultural employees of Defendants who performed uncompensated work in Defendant's fields in or near Fresno County within the past four years, excluding irrigators, tractor drivers, and swampers.  Plaintiffs raise nine causes of action: 1) for violation of the Migrant and Seasonal Agricultural Worker Protection Act (29 U.S.C. § 1801, et seq.), 2) for failure to provide rest periods, 3) for failure to pay all wages owed under established employment contracts, 4) for failing to pay overtime, 5) for failing to pay minimum wages, 6) for failing to pay waiting time penalties, 7) for failing to provide tools necessary to the performance of a job and failing to provide reimbursement for tool expenses, 8) for violation of California Business and Professions Code § 17200, and 9) for failing to keep accurate statements on hours worked and wages earned.

Plaintiffs are seasonal agricultural workers involved in the cultivation and harvest of fruit grown by Defendants.  Plaintiffs allege that they have not been fully compensated by Defendants for all time worked.  Plaintiffs allege that their pay is calculated under one of three methods: 1) hourly wages, 2) piece rate for certain work, and 3) a crew piece rate determined by total production by a crew, to be divided evenly among individual members of the crew.  Plaintiffs contend that they were not paid for off-the-clock work while organizing materials and equipment for work and were not paid while attending training sessions.  Plaintiffs further contend that they did not receive required rest breaks.

Plaintiffs also allege that Defendants added "ghost workers" to crew lists, which resulted in a reduction in pay for jobs paid by the crew piece rate.  Plaintiffs contend that supervisors added fictitious names to crew lists, resulting in actual crew members receiving less pay when the piece rate was divided among members of the crew, including fictitious members.

Plaintiffs also allege that they were required to provide their own tools necessary for working, and Defendants did not reimburse Plaintiffs for those tools.

///

2

On July 28, 2015, the Court issued a pretrial scheduling order.  (ECF No. 22.)  The Court ordered Plaintiffs to file a motion for class certification no later than April 25, 2016.

## II.

## DISCUSSION

### A.  Plaintiffs' Motion to Compel

The parties identify five categories of disputed discovery issues in their joint statement: 1) discovery regarding individual plaintiffs, 2) discovery regarding the identity and contact information for percipient witnesses and putative class members, 3) discovery of pay and time records for putative class members, 4) discovery of information regarding Plaintiffs' allegation that Defendants jointly employ Plaintiffs and putative class members, and 5) other miscellaneous discovery.

#### 1.  Discovery Regarding Individual Plaintiffs

Plaintiffs contend that Defendants failed to provide documents in response to several requests for production of documents concerning the employment records of the named Plaintiffs.  In their joint statement, Defendants contend that documents were produced, albeit after some delay, and that there are no outstanding issues remaining regarding these requests for production.  Defendants also contend that Plaintiffs failed to meet and confer in good faith regarding these document requests.  Further, Defendants indicate that they are still in the process of locating and producing additional documents responsive to Plaintiffs' requests.

At the hearing, Plaintiffs acknowledged that Defendants had supplemented their discovery responses and had indicated that further responses would be forthcoming.  Plaintiffs also stated that there was an ongoing dispute regarding the production of pay and time records for the named Plaintiffs, which will be discussed below.  However, all other issues appear to have been resolved by the parties.

#### 2.  Discovery Regarding Contact Information for Percipient Witnesses and Putative Class Members

Plaintiffs contend that they requested a list from Defendants of all putative class members along with contact information for each putative class member.  Plaintiffs' discovery requests

seek all documents related to the personnel files of all class members as well as interrogatories asking Defendants to identify all employees which Defendants sent a letter regarding unpaid wages and crew piece rate issues and asking Defendants to identify each class member.

Defendants argue that, at this stage, discovery should be limited to precertification issues and that employee identities and contact information would violate employees' privacy interests. Defendants further argue that employees' privacy rights should be protected by the use of an "opt-in" procedure where employees must affirmatively consent to sharing their identities and contact information with Plaintiffs.

As an initial matter, the Court finds that the requested discovery is relevant for class certification purposes.   Identities of putative class members and contact information is reasonably calculated to lead to relevant information regarding class certification, as it is necessary for Plaintiffs to obtain evidence supporting numerosity, commonality, and typicality. See Amchem Products, Inc. v. Windsor, 521 U.S. 591, 613 (1997) (discussing Rule 23 prerequisites for class actions).   It is also relevant in determining the predominance and superiority factors for class actions.   See id. at 615.   Interviews with potential class members is clearly useful in establishing the class action factors.

Defendants contend that the attorneys for Plaintiffs concurrently represent the United Farm Workers of America ("UFW") regarding ongoing unionization efforts of Defendants' field workers.   Defendants contend that Mario Martinez, from Martinez Aguilasocho & Lynch, ALPC, is serving both as attorney for Plaintiffs and as general counsel for UFW.   Defendant argues that this creates a "unique opportunity for abuse of the class action procedure that has not been addressed in any published or unpublished case law."   Defendants argue that Mr. Martinez intends to share the identities of the putative class members with UFW to aid in their unionization efforts.

However, Defendants admit that Plaintiffs have entered into a protective order regarding the discovery at issue and have agreed that the information obtained through discovery will not be shared with UFW.   Defendants contend that Plaintiffs cannot be trusted to comply with the terms of the protective order, but offer no persuasive reasons supporting their concern.

Defendants only note that Plaintiffs and their attorneys have held meetings regarding this lawsuit at the UFW Foundation office and the fact that UFW was engaged in lobbying efforts related to the same laws at issue in this action.  However, neither of these factors suggest that Plaintiffs or their attorneys would violate the terms of the protective order.

Defendants also argue that the requested discovery invades the privacy rights of individual class members.  Defendants propose that the Court require individuals to "opt-in" as to whether they consent to Defendants sharing their information with Plaintiffs through discovery.

In federal court, the scope of pre-certification discovery lies entirely within the discretion of the court.  Vinole v. Countrywide Home Loans, Inc., 571 F.3d 935, 942 (9th Cir. 2009).  Plaintiffs bear the burden of either making a prima facie showing that Rule 23 class action requirements are satisfied or that discovery is likely to produce substantiation of the class allegations.  Manolete v. Bolger, 767 F.2d 1416, 1424 (9th Cir. 1985).  Disclosure of contact information for putative class members is a common practice in the class action context.  See, e.g., Artis v. Deere & Co., 276 F.R.D. 348, 352 (N.D. Cal. 2011) (and cases cited therein).

California state courts have adopted special procedures regarding the pre-certification disclosure of personal information of putative class members.  In Belaire-West Landscape, Inc. v. Superior Court, 149 Cal. App. 4th 554, 561 (2007), the Court acknowledged that "[t]he contact information for ... current and former employees deserves privacy protection."  In order to protect employee privacy, the Court adopted an opt-out procedure, whereby employees would receive notice of the putative class action and the fact that Plaintiffs were seeking their personal contact information.  Employees could send written notice that they do not want their contact information shared with the plaintiffs' attorneys.  Federal courts have adopted the Belaire opt out procedure in employment class actions.  See Nguyen v. Baxter Healthcare Corp., 275 F.R.D. 503, 512 (C.D. Cal. 2011);  Murphy v. Target Corp., No. 09CV1436-AJB(WMc), 2011 WL 2413439, at *4 (S.D. Cal. Jun. 14, 2011).

In contrast, Defendants here propose an "opt-in" procedure whereby contact information would be withheld unless employees affirmatively consent to share their contact information.

The Court notes that the "opt-in" procedure will likely hamper Plaintiffs efforts to substantiate its claims, as common sense suggests that "opt-in" responses will be artificially low due to recipients having little desire to put forth the effort to respond.  In this case, the privacy interests of putative class members are adequately protected by an "opt-out" procedure.

Defendants also argue that discovery should be limited to individuals who worked on the same crew as the named Plaintiffs.  Defendants argue that both Beatriz Aldapa and Elmer Avalos testified at their depositions that they worked on the same crew and both named Plaintiffs only worked for Defendant Ag Force, LLC and not with Defendants Fowler Packing Company Inc. and Fowler Marketing International LLC.  Defendants argue that the proposed class in this action is broadly defined as all non-exempt agricultural employees of all three Defendants, yet have made no demonstration that the legal issues presented in the complaint extended beyond Plaintiffs' own crew with Ag Force, LLC.

As noted above, at the pre-certification stage, Plaintiffs bear the burden of either making a prima facie showing that Rule 23 class action requirements are satisfied or that discovery is likely to produce substantiation of the class allegations.  Manolete v. Bolger, 767 F.2d 1416, 1424 (9th Cir. 1985).  Courts commonly limit the scope of discovery in class actions in the employment context to the location where the named plaintiffs worked unless plaintiffs come forth with some evidence that the violations alleged implicated company-wide policies that extended beyond the individual plaintiff's location.  See, e.g., Nguyen v. Baxter Healthcare Corp., 275 F.R.D. 503, 505-506 (C.D. Cal. 2011).

As far as the Court can tell, the claims raised by Plaintiffs are based on four class-wide theories: 1) that Defendants deprived individual class members of pay by adding fictitious "ghost" workers to crew lists and reducing the amount they paid to employees on a crew piece basis, 2) that Defendants did not provide individual class members with rest breaks mandated under California law, 3) that Defendants failed to reimburse individual class members for costs to procure tools, and 4) that Defendants failed to maintain accurate time records.  All of the claims for damages in the complaint appear to stem from one of the four theories of relief.

Plaintiffs have not set forth any facts or evidence precisely describing the nature of these

violations.  In other words, at this stage Plaintiffs have not demonstrated precisely how the violations alleged in their complaint are occurring.  Plaintiffs have not submitted evidence of a company-wide policy causing these violations.  Accordingly, it is unclear at this stage whether the incidents alleged are isolated incidents, whether they are limited to particular managers or supervisors, or whether they are caused by a systemic policy issue across all of Defendants' operations.

The common theme throughout all of the caselaw cited by both Plaintiffs and Defendants is that the Court has discretion in controlling the scope of pre-certification discovery to balance Plaintiffs' need for discovery to substantiate their class allegations and concerns regarding overly burdensome discovery requests directed on Defendants in situations where Plaintiffs are clearly making a blind shot in the dark, hoping to find evidence supporting what are, at the time, highly speculative claims.

In balancing these considerations, the Court will give Plaintiffs the opportunity to substantiate their claims while saving Defendants from bearing the costs of what appears at this stage to be highly speculative class allegations not yet supported by any solid evidence.  The Court will permit a limited sampling of discovery regarding identities and contact information for other employees.  The Court will require Defendants to provide discovery responses with respect to employees who worked on the same crews as the named Plaintiffs, employees who worked at the same locations as the named Plaintiffs, and employees who worked under the same supervisors as the named Plaintiffs.  The Court will also require Defendants to provide a sampling of discovery responses for all other employees, covering approximately 25% of employees that fall within the putative class.  The Court will leave the logistics of selecting the sample to the parties.

If, and only if, Plaintiffs uncover evidence of company-wide violations, the Court will leave the door open to allow Plaintiffs to request broader discovery based upon such evidence. However, at this time, discovery will be limited to a sampling of Defendants' employee base, based upon the categories identified above.  The Court is also open to permitting broader discovery at this stage if Plaintiffs bear the costs associated with this discovery.

1    Finally, Defendants argue that Plaintiffs should not be able to obtain copies of the

2   personnel files of putative class members beyond those of the named Plaintiffs.  Defendants

3   argue that this information is not relevant and invades the privacy rights of those putative class

4   members.  However, from the Court's reading of the joint statement submitted by the parties,

5   Plaintiffs never requested this information and presented this issue to the Court.  At the hearing,

6   Plaintiffs did not request any information within the personnel files of the putative class

7   members beyond pay and time records, which will be discussed below.  Accordingly, the Court

8   will not order production of this information.

9        3.    Discovery of Pay and Time Records for Putative Class Members

10   Plaintiffs request that Defendants produce pay, payroll, time records, and other pay and

11   time records from Defendants regarding all putative class members.  This information includes

12   crew sheets containing information regarding when employees worked and itemized wage

13   statements that provide details regarding employees' earnings.  The Court finds this information

14   relevant for class certification purposes, as it will provide Plaintiffs with insight as to the cause

15   and scope of any violations.  For the same reasons set forth above, the Court will order that

16   Defendants produce this information, but only for employees in the sample categories identified

17   by the Court above.  See discussion, supra, Part II.A.2.

18        4.    Discovery re: Joint Employment Records

19   Plaintiffs requested documents and information attempting to support their theory that all

20   three Defendants jointly employ Plaintiffs and the putative class.  Defendants Fowler Packing

21   Company Inc. and Fowler Marketing International LLC did not provide responses to certain

22   requests because the requests asked for documents and information pertaining to their

23   employment of Plaintiffs.  Since Fowler Packing Company Inc. and Fowler Marketing

24   International LLC contend that they do not employ Plaintiffs, they took the position that no

25   responsive documents or information existed.

26    "Joint employment" is determined by considering the totality of the employment

27   situation, including factors such as whether the alleged joint employer 1) had the power to hire

28   and fire employees, 2) supervised and controlled employee work schedules or conditions of

1   payment, 3) determined the rate and method of payment, and 4) maintained employment records.

2   Moreau v. Air France, 356 F.3d 942, 946-47 (9th Cir. 2003).

3       The parties have not submitted the actual discovery requests at issue to the Court.

4   Accordingly, it is difficult for the Court to analyze Plaintiffs' contentions and Defendants'

5   responses.  However, based upon the arguments in the joint statement, this discovery dispute

6   appears to arise from Plaintiffs' poor drafting of their discovery requests.  Instead of drafting

7   their discovery requests in a manner such that a response required Defendants to accept the

8   contention that they jointly employ Plaintiffs, Plaintiffs should have drafted their requests in a

9   manner such that Defendants must provide a response regardless of whether they accept the

10  contention that they jointly employ Plaintiffs.

11      The Court also rejects Defendants' suggestion that their purported "reasonable offer to

12  stipulate" excused any failure to provide discovery responses.  Defendants' obligation to respond

13  to discovery exists irrespective of whether Plaintiffs' accept an alternative arrangement,

14  reasonable or otherwise.  Defendants' contend that Plaintiffs' requests are overly burdensome

15  and involve private trade secrets and confidential records.  Again, without the precise requests, it

16  is difficult to assess this argument.  The Court is unaware of the precise documents and

17  information requested by Plaintiffs and cannot weigh the need for discovery against the burden

18  on Defendants.  Furthermore, any concerns regarding trade secrets and other confidential

19  information could have or should have been resolved by the outstanding protective order.

20      Without any information regarding exactly what Plaintiffs requested, the Court cannot

21  compel Defendants to provide a response, particularly when it appears that Plaintiffs' requests

22  were poorly drafted.  Furthermore, it appears that discovery regarding Defendants' joint

23  employment of Plaintiffs is unnecessary at this stage, as it is unrelated to class certification.

24  Accordingly, the Court will not compel Defendants to produce this information at this time.

25  However, Defendants Fowler Packing Company Inc. and Fowler Marketing International LLC to

26  produce any pay and time records that are in its possession, for the named Plaintiffs as well as

27  the sample of employees agreed upon between the parties.

28

5.   <u>Miscellaneous Discovery</u>

Plaintiffs raise several additional miscellaneous discovery issues.  Regarding Request for Production No. 44, Plaintiffs requested all documents related to any of the allegations in the complaint.

Plaintiffs' request is clearly overly burdensome.  Courts routinely disfavor overly broad discovery requests that ask opposing parties to produce everything under the sun that relates to the ongoing litigation.  <u>See</u> <u>Hanford Executive Management Employee Ass'n v. City of Hanford</u>, No. 1:11-cv-00828-AWI-SAB, 2013 WL 5671460, at *8 (E.D. Cal. Oct. 17, 2013); <u>Miles v. Shanghai Zhenhua Port of Machinery Co., LTS</u>, No. C08-5743 FDB, 2009 WL 3837523, at *1 (W.D. Wash. Nov. 17, 2009); <u>Tubbs v. Sacramento County Jail</u>, No. CIV S-06-0280 LKK GGH P, 2008 WL 863974, at *1 (E.D. Cal. Mar. 28, 2008); <u>Lucero v. Valdez</u>, 240 F.R.D. 591, 594 (D.N.M. 2007).   In  the  context  of  interrogatories,  "[c]ontention  interrogatories  which 'systematically  track  all  of  the  allegations  in  an  opposing  party's  pleadings,  and  that  ask  for "each and every fact" and application of law to fact that supports the party's allegations are an abuse of the discovery process because they are overly broad and unduly burdensome.'"  <u>Miles</u>, 2009 WL 3837523, at *1 (quoting <u>Lucero</u>, 240 F.R.D. at 594).   "'Each and every fact' interrogatories  pose  problems  for  a  responding  party  and  a  reviewing  court.   Parties  are  not tasked with laying out every jot and tittle of their evidentiary case in response to interrogatories." <u>Tubbs</u>, 2008 WL 863974, at *1 (quoting <u>Lucero</u>, 240 F.R.D. at 594).  "Contention interrogatories should  not  require  a  party  to  provide  the  equivalent  of  a  narrative  account  of  its  case,  including every  evidentiary  fact,  details  of  testimony  of  supporting  witnesses,  and  the  contents  of supporting documents."  <u>Lucero</u>, 240 F.R.D. at *594.

In  the  context  of  document  production  requests,  an  even  greater  burden  is  placed  on Defendants in responding to requests to produce each and every document that relates to the claims brought by Plaintiffs.  Plaintiffs correctly note that, technically, Defendants are required to produce a privilege log individually identifying every document for which a privilege exists. However, in the context of a request for production that asks for every document under the sun which relates at all to this ongoing litigation, asking Defendants to produce a privilege log which

would require an exhaustive listing of every document under the sun for which a privilege would apply, Plaintiffs' request is unduly burdensome by a wide margin.  The Court will not require Defendants to respond to Plaintiffs' Request for Production No. 44.  It is Plaintiffs' responsibility to draft narrowly focused requests for production that do not place undue burdens on Defendants to respond.

Request for Production No. 45 and Interrogatory No. 16 and 17 are also overly burdensome contention interrogatories and document requests which ask for every document which relates to the affirmative defenses raised by Defendants.  The Court will not require Defendants to supplement their responses.  Plaintiffs must rephrase their discovery requests to seek specific categories of documents and specific information in response to interrogatories.

Finally, Plaintiffs request additional responses to Request for Production No. 46, which seeks any documents relating to insurance policies which cover the conduct alleged in Plaintiffs' complaint.  This request appears to be totally unrelated to issues regarding class certification. Accordingly, this appears to be outside the scope of permitted discovery at this time.

### B.    Defendants' Motion for Protective Order

Defendants filed a motion for a protective order on October 7, 2015.  (ECF No. 29.) However, nothing in the joint statement appears to address this motion.  Furthermore, it appears the parties entered into a stipulated protective order on August 21, 2015.  At the hearing, Defendants indicated that their request for a protective order was in actuality a request to limit the scope of discovery, for the reasons set forth in their joint statement.  While the Court will limit discovery for the reasons set forth in this order, it will not issue a protective order since one is already on file and a protective order is a distinct concept from an order limiting the scope of discovery.  Protective orders typically govern the dissemination of sensitive or confidential information, not narrow the scope of allowable discovery.  Accordingly, Defendants' motion for a protective order will be denied.

### C.    The Parties' Request for Sanctions

Both parties request monetary sanctions against the other party.  However, for the reasons set forth above, the outstanding discovery disputes appear to arise from both parties' failure to

1  comply with the applicable discovery rules and to meet and confer in good faith.  Accordingly,

2  the Court will not issue any sanctions at this time.

3                                              **III.**

4                              **CONCLUSION AND ORDER**

5        Based upon the foregoing, the Court will order Defendants to provide additional

6  responses to Plaintiffs' discovery requests.  It is HEREBY ORDERED that:

7        1.        Plaintiffs' motion to compel is PARTIALLY GRANTED;

8                  a.        Plaintiffs' motion to compel discovery regarding identities and contact

9                            information for putative class members is PARTIALLY GRANTED.

10                           Defendants shall produce responsive information for employees that

11                           worked in the same crews as the named Plaintiffs, worked at the same

12                           location as the named Plaintiffs, or worked under the same supervisors as

13                           the named Plaintiffs.  Plaintiffs and Defendants shall also meet and confer

14                           regarding the same responsive information for a sample of additional

15                           employees covering approximately 25% of the putative class.  An opt-out

16                           notice shall be sent to affected individuals before any information is

17                           disclosed;

18                 b.        Plaintiffs' motion to compel discovery regarding pay and time records is

19                           PARTIALLY GRANTED and Defendants shall produce responsive

20                           information for the same categories of employees described above with

21                           respect to discovery regarding identities and contact information.  An opt-

22                           out notice shall be sent to affected individuals before any information is

23                           disclosed;

24                 c.        Plaintiffs' motion to compel discovery regarding information supporting

25                           Plaintiffs' joint employer theory is DENIED;

26                 d.        Plaintiffs' motion to compel discovery regarding the remaining

27                           miscellaneous categories is DENIED;

28  / / /

1      2.      Defendants' motion for protective order is DENIED without prejudice; and

2      3.      All further discovery responses shall be produced within thirty (30) days of the

3              date of this order unless leave of Court is granted for an extension of time based

4              upon good cause.

5

6  IT IS SO ORDERED.

7  Dated:   **October 29, 2015**

                                         UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28