1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEATRIZ ALDAPA, et al., | Case No.  1:15-cv-00420-GEB-SAB |
| Plaintiffs, | ORDER DENYING DEFENDANTS'<br>MOTION FOR RECONSIDERATION |
| v. | (ECF Nos. 35, 38, 39) |
| FOWLER PACKING COMPANY INC., et<br>al., | |
| Defendants. | |

        Currently before the Court is Defendants' motion for reconsideration.  For the reasons stated herein, Defendants' motion for reconsideration is denied.

## I.

## BACKGROUND

        The complaint in this action was filed on March 17, 2015.  (ECF No. 2.)  Plaintiffs raise claims on behalf of a proposed class of Defendants' non-exempt agricultural employees who allegedly performed uncompensated work in Defendant's fields in or near Fresno County within the past four years, excluding irrigators, tractor drivers, and swampers.

        Plaintiffs are seasonal agricultural workers involved in the cultivation and harvest of fruit grown by Defendants.  Plaintiffs allege that they have not been fully compensated by Defendants for all time worked.  Plaintiffs allege that their pay is calculated under one of three methods: 1)

1   hourly wages, 2) piece rate for certain work, and 3) a crew piece rate determined by total

2   production by a crew, to be divided evenly among individual members of the crew.  Plaintiffs

3   contend that they were not paid for off-the-clock work while organizing materials and equipment

4   for work and were not paid while attending training sessions.  Plaintiffs further contend that they

5   did not receive required rest breaks.

6       Plaintiffs allege that Defendants added "ghost workers" to crew lists, which resulted in a

7   reduction in pay for jobs paid by the crew piece rate.  Plaintiffs contend that supervisors added

8   fictitious names to crew lists, resulting in actual crew members receiving less pay when the piece

9   rate was divided among members of the crew, including fictitious members.

10      Plaintiffs also allege that they were required to provide their own tools necessary for

11  working, and Defendants did not reimburse Plaintiffs for those tools.

12      Plaintiffs filed a motion to compel on October 6, 2015, and Defendants filed a motion for

13  a protective order on October 7, 2015.  (ECF Nos. 28, 29.)  A hearing on the motions took place

14  on October 28, 2015.  (ECF Nos. 34, 37.)  On October 29, 2015, an order issued granting in part

15  Plaintiffs' motion to compel and denying Defendants' motion for a protective order.  (ECF No.

16  33.)  Defendants filed a motion for reconsideration of the order on November 20, 2015.  (ECF

17  No. 35.)  Plaintiffs filed an opposition on December 16, 2015, and Defendants filed a reply on

18  December 23, 2015.  (ECF Nos. 38, 39.)

19                                          **II.**

20                                  **LEGAL STANDARD**

21      Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, "[o]n motion and just

22  terms, the court may relieve a party . . .from a final judgment, order, or proceeding for the

23  following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly

24  discovered evidence . . . (3) fraud . . .; (4) the judgment is void; (5) the judgment has been

25  satisfied, released or discharged; . . . or (6) any other reason that justifies relief."  Fed. R. Civ.

26  Proc. 60(b).  Where none of these factors is present the motion is properly denied.  <u>Fuller v.</u>

27  <u>M.G. Jewelry</u>, 950 F.2d 1437, 1442 (9th Cir. 1991).

28      Federal Rule of Civil Procedure 60(b)(6) allows the Court to relieve a party from an order

2

1    for any reason that justifies relief.  Rule 60(b)(6) "is to be used sparingly as an equitable remedy

2    to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ."

3    exist.  <u>Harvest v. Castro</u>, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and

4    citation omitted).  The moving party "must demonstrate both injury and circumstances beyond

5    his control . . . ." <u>Id.</u> (internal quotation marks and citation omitted).  Further, Local Rule 230(j)

6    requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are

7    claimed to exist which did not exist or were not shown upon such prior motion, or what other

8    grounds exist for the motion," and "why the facts or circumstances were not shown at the time of

9    the prior motion."

10                                                    **III.**

11                                            **DISCUSSION**

12        Defendants seek reconsideration of the order granting in part Plaintiffs' motion to compel

13   and denying Defendants' motion for a protective order based upon a flyer which was

14   subsequently distributed by United Farm Workers ("UFW").  (ECF No. 35-2 at 5.[1])  The flyer

15   states, "THANKS TO THE UNITED FARM WORKERS, WE HAVE A NEW LAW THAT

16   PROTECTS FAIR PAY FOR ALL PIECE RATE FARM WORKERS[.]"  (<u>Id.</u>)  Defendants

17   contend that since Plaintiff's counsel, Mr. Martinez, is general counsel for the UFW, this flyer

18   shows that he made misrepresentations to the Court in the prior motion.  Defendants seek

19   reconsideration of the order and request that Mr. Martinez' conflict of interest be required to

20   addressed in the <u>Belair-West</u> notice that will be mailed to the putative class members.

21        Plaintiffs contend that Defendants are misrepresenting what Mr. Martinez "carefully said

22   in his sworn statement."  (ECF No. 38 at 9.)  Plaintiffs state that Mr. Martinez did not make any

23   misrepresentation to the Court.  Plaintiffs argue that there is no legal or factual support for this

24   frivolous motion and seek sanctions against Defendants.

25        "A motion for reconsideration should not be granted, absent highly unusual

26   circumstances, unless the district court is presented with newly discovered evidence, committed

27   _____

28   [1] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the
     CM/ECF electronic court docketing system.

1    clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to

2    raise arguments or present evidence for the first time when they could reasonably have been

3    raised earlier in the litigation."  Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571

4    F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in

5    original).

6         Defendants present to the Court, the flyer which is being distributed by the UFW taking

7    credit in some manner for the passage of AB 1513.  Assembly Bill 1513 was signed by Governor

8    Brown on October 10, 2015.  The bill, as relevant here, provides that employers are required to

9    compensate piece rate employees for rest and recovery periods.  2015 California Assembly Bill

10   No. 1513, California 2015-2016 Regular Session, 2015 California Assembly Bill No. 1513,

11   California 2015-2016 Regular Session.  The bill establishes an affirmative defense to any suit to

12   recover wages, damages, or penalties prior to December 31, 2015 if the employer complies with

13   the law prior to December 15, 2016.  Id.

14        Defendants contend that the safe harbor provision of the bill was drafted to specifically

15   exclude them due to the efforts of the UFW.  Given Mr. Martinez' position of power within the

16   UFW and the flyer in which the UFW takes credit for the new law, Defendants request the Court

17   to reconsider the position that nothing indicates that Mr. Martinez would share the identities of

18   the class members with the UFW.  Additionally, Defendants contend that these new facts require

19   the parties to disclose Mr. Martinez' attempt to represent the putative class members while

20   simultaneously representing the UFW which is attempting to unionize the same employees.

21        Plaintiff argues that Defendants have not presented any new facts, but are merely arguing

22   the facts that Defendants presented in the original motion.  Defendants state that this Court has

23   "flatly declared that any lobbying the UFW may have done concerning California wage and hour

24   liability statutes does not suggest that Plaintiffs or their attorneys would violate the terms of the

25   protective order."  (ECF No. 38 at 7-8.)

26        The Court finds that the flyer is new evidence.  Defendants contend that this flyer was

27   discovered after the Court issued the October 29, 2015 order.  As this motion is based on new

28   evidence, the Court rejects Plaintiffs' argument that the motion is frivolous.  Since Defendants

1  bring this motion on the grounds of new evidence, the Court does not find it to have been

2  brought in bad faith, and Plaintiff's motion for sanctions shall be denied.

3    While Plaintiff may have "carefully" crafted his declaration, it is undisputed that the

4  UFW is in some manner now taking credit for the passage of AB 1513.  However, the Court

5  finds that this flyer does not provide "evidence" that would indicate defense counsel would

6  violate the protective order.  For that reason, the Court denies the request to reconsider the prior

7  order.

8    The October 29, 2015 did not address the additional argument raised here, that the <u>Belair-</u>

9  <u>West</u> notice should contain mention of a conflict of interest by Plaintiffs' counsel due to his

10  representation of the UFW, support of AB 1513, and the UFW's attempts to unionize

11  Defendants' workers.  In the moving papers for the instant motion, Plaintiffs state in a footnote

12  that the Court should deny the suggestion that the discovery notice should advise the class

13  members of any conflict because it would be an unwarranted reversal of the October 29 order.

14  However, as the Plaintiffs had agreed in the prior motions' joint statement to mail a <u>Belair-West</u>

15  notice, the order only addressed Defendants' request for an opt-in procedure in conjunction with

16  the notice.  (ECF No. 31 at 48-49.)  The issue of a potential conflict of interest on Mr. Martinez'

17  part and whether that should be addressed in the <u>Belair-West</u> notice was not raised in the joint

18  statement for the prior discovery dispute or at the hearing.

19    In the previous motion, the discovery requested involved identification of all employees.

20  The Court was addressing whether Plaintiffs should receive payroll information for all class

21  members and respond to interrogatories requesting Defendants to identify all employees to which

22  Defendants had sent a letter regarding unpaid wages and crew piece rate issues and identify each

23  class member.  As relevant to this motion for reconsideration, the only issue previously

24  addressed was whether counsel would violate the protective order by sharing information with

25  the UFW.  To the extent that Plaintiffs appear to argue that the Court found no conflict of interest

26  was present due to Mr. Martinez representation of the UFW, the Court disagrees.  The only

27  finding made by the Court was that none of factors raised by Defendants "suggest that Plaintiffs

28  or their attorneys would violate the terms of the protective order."  (ECF No. 33 at 5:1-4.)

1    Here, the issue is whether counsel's position as general counsel for the UFW and

2 involvement as such would create a conflict of interest for which the putative class members

3 should receive notice.  While there was some discussion regarding the <u>Belair-West</u> notice at the

4 hearing on the motion, (Transcript of Proceedings 32-38, ECF No. 37), defense counsel

5 specifically stated "I'm giving you a preview of coming attractions[,]" (<u>id.</u> at 38:8-9).  The Court

6 finds that whether there was a conflict of interest due to counsel's representation of the UFW or

7 if the <u>Belair-West</u> notice should advise the class members of such was not addressed in the prior

8 motion.  Since the conflict of interest issue and whether it should be addressed in the <u>Belair-West</u>

9 notice was not raised in the prior motion, these issues are not a proper subject for this motion for

10 reconsideration.  Accordingly, Defendants request for the <u>Belair-West</u> notice to include a conflict

11 notice due to Mr. Martinez representation of the UFW is denied without prejudice.

**IV.**

**CONCLUSION AND ORDER**

Based on the foregoing, IT IS HEREBY ORDERED that:

1.    Defendants' motion for reconsideration of the October 29, 2015 order is

DENIED; and

2.    Plaintiffs' motion for sanctions is DENIED.

IT IS SO ORDERED.

Dated:   **January 7, 2016**

UNITED STATES MAGISTRATE JUDGE

6