# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEATRIZ ALDAPA, et al., | Case No. 1:15-cv-00420-DAD-SAB |
| Plaintiffs, | ORDER GRANTING IN PART PLAINTIFFS' MOTION FOR APPROVAL OF OPT-OUT DISCLOSURE NOTICE |
| v. | |
| FOWLER PACKING COMPANY INC., et al., | ECF No. 49 |
| Defendants. | |

Currently before the Court is Plaintiffs' motion for approval of the opt-out disclosure notice.  (ECF No. 49.)

The hearing on Plaintiffs' motion for approval of the opt-out disclosure notice took place on March 16, 2016.  Mario Martinez and Erica Deutsch appeared on behalf of Plaintiffs. Howard Sagaser and Ian Wieland appeared on behalf of Defendants.  For the reasons set forth below, Plaintiffs' motion for approval of opt-out disclosure notice is granted in part.

## I.

## BACKGROUND

The complaint in this action was filed on March 17, 2015.  (ECF No. 2.)  Plaintiffs raise claims on behalf of a proposed class of non-exempt agricultural employees of Defendants who performed uncompensated work in Defendants' fields in or near Fresno County within the past

four years, excluding irrigators, tractor drivers, and swampers.  Plaintiffs raise nine causes of action: 1) for violation of the Migrant and Seasonal Agricultural Worker Protection Act (29 U.S.C. § 1801, et seq.); 2) for failure to provide rest periods; 3) for failure to pay all wages owed under established employment contracts; 4) for failing to pay overtime; 5) for failing to pay minimum wages; 6) for failing to pay waiting time penalties; 7) for failing to provide tools necessary to the performance of a job and failing to provide reimbursement for tool expenses; 8) for violation of California Business and Professions Code § 17200; and 9) for failing to keep accurate statements on hours worked and wages earned.

Plaintiffs are seasonal agricultural workers involved in the cultivation and harvest of fruit grown by Defendants.  Plaintiffs allege that they have not been fully compensated by Defendants for all time worked.  Plaintiffs allege that their pay is calculated under one of three methods: 1) hourly wages; 2) piece rate for certain work; and 3) a crew piece rate determined by total production by a crew, to be divided evenly among individual members of the crew.  Plaintiffs contend that they were not paid for off-the-clock work while organizing materials and equipment for work and were not paid while attending training sessions.  Plaintiffs further contend that they did not receive required rest breaks.

Plaintiffs also allege that Defendants added "ghost workers" to crew lists, which resulted in a reduction in pay for jobs paid by the crew piece rate.  Plaintiffs contend that supervisors added fictitious names to crew lists, resulting in actual crew members receiving less pay when the piece rate was divided among members of the crew, including fictitious members.

Plaintiffs also allege that they were required to provide their own tools necessary for working, and Defendants did not reimburse Plaintiffs for those tools.

On July 28, 2015, the Court issued a pretrial scheduling order.  (ECF No. 22.)  The Court ordered Plaintiffs to file a motion for class certification no later than April 25, 2016.

On October 6, 2015, Plaintiffs filed a motion to compel, and Defendants filed a motion for a protective order on October 7, 2015.  (ECF Nos. 28, 29.)  On October 29, 2015, an order issued granting in part Plaintiffs' motion to compel and denying Defendants' motion for a protective order.  (ECF No. 33.)  On November 20, 2015, Defendants filed a motion for

1  reconsideration of the order.  (ECF No. 35.)  On January 7, 2016, an order issued denying

2  Defendants' motion for reconsideration.  (ECF No. 41.)

3      On February 17, 2016, Plaintiffs filed a motion for approval of the opt-out disclosure

4  notice.  (ECF No. 49.)  On March 2, 2016, Defendants filed their opposition to Plaintiffs' motion

5  for approval of the opt-out disclosure notice.  (ECF No. 53.)

6                                                    **II.**

7                                         **LEGAL STANDARD**

8      Federal Rule of Civil Procedure 23(d) provides that "the court may issue orders" "to

9  protect class members and fairly conduct the action" that require "giving appropriate notice to

10 some or all class members of any step in the action," "impose conditions on the representative

11 parties," or "deal with similar procedural matters."  Fed. R. Civ. P. 23(d)(1).  "Subdivision (d) is

12 concerned with the fair and efficient conduct of the action...."  Fed. R. Civ. P., Adv. Comm.

13 Notes.

14     "Because of the potential for abuse, a district court has both the duty and the broad

15 authority to exercise control over a class action and to enter appropriate orders governing the

16 conduct of counsel and parties."  Gulf Oil Co. v. Bernard, 452 U.S. 89, 100 (1981).  In particular,

17 a district court has the power to "limit[ ] communications between parties and potential class

18 members."  Id. at 101.  Gulf Oil noted the "obvious potential for confusion" and adverse effect

19 on the "administration of justice" that misleading communications may cause.  Id. at 100 n.12

20 (quoting Waldo v. Lakeshore Estates, Inc., 433 F.Supp. 782 (E.D. La. 1977)).  The prophylactic

21 power accorded to the court presiding over a putative class action under Rule 23(d) is broad; the

22 purpose of Rule 23(d)'s conferral of authority is not only to protect class members in particular

23 but also to safeguard generally the administering of justice and the integrity of the class

24 certification process.

25     A district court's duty and authority under Rule 23(d) to protect the integrity of the class

26 and the administration of justice generally is not limited only to those communications that

27 mislead or otherwise threaten to create confusion and to influence the threshold decision whether

28 to remain in the class.  Certainly communications that seek or threaten to influence the choice of

remedies are...within a district court's discretion to regulate.  In re Sch. Asbestos Litig., 842 F.2d 671, 683 (3d Cir. 1988).  In Wang v. Chinese Daily News, Inc., 623 F.3d 743, 756 (9th Cir. 2010), judgment vacated on other grounds, 132 S. Ct. 74 (2011), the Ninth Circuit similarly noted, "Rule 23(d) gives district courts the power to regulate the notice and opt-out processes and to impose limitations when a party engages in behavior that threatens the fairness of the litigation."

## III.

## DISCUSSION

On October 29, 2015, the Court ordered the parties to utilize a Belaire-West notice with an opt-out procedure to protect employee privacy rights.  (ECF No. 33.)  A Belaire-West notice is an opt-out notice that is sent to potential class members to inform them of the lawsuit and explain that they can complete and return an enclosed postcard if they do not want to have their contact information sent to plaintiffs' counsel.  See Belaire-West Landscape, Inc. v. Superior Court, 149 Cal.App.4th 554, 557–58 (2007).

The parties have met and conferred regarding the Belaire-West notice.  The parties have agreed to a Belaire-West notice as reflected in Exhibit C of Plaintiffs' motion (ECF No. 49 at 17-18)[1], except for several disputes.  At the hearing, the parties agreed that the Belaire-West opt-out notice shall be sent to the putative class members in both English and Spanish. The parties identify three issues regarding the Belaire-West notice in their moving papers: 1) communication with putative class members during the opt-out disclosure period; 2) no-retaliation language; and 3) the length of time of the opt-out period.

### A.    Parties' Communication to Putative Class Members During the Opt-Out Disclosure Period

Plaintiffs request that the opt-out disclosure notice include a statement that both parties are limited from initiating communications with potential class members during the opt-out period regarding the opt-out disclosure notice.  There are two disputed statements in the Belaire-

---

[1] The Court's references to page numbers are the ECF page numbers stamped at the top right hand corner of the page.

West notice.  The first disputed statement in the opt-out disclosure notice states, "In order to respect your choice regarding this matter, the parties have agreed not to try to reach out to you at this time or to influence you one way or another regarding your choice."  (ECF No. 49 at 17.)  At the hearing, Defendants also requested that the opt-out disclosure notice not include the statement in the postcard section which states, "I have not been contacted by my supervisor, foreman or anyone employed by Fowler Packing or Ag Force regarding this matter."  (ECF No. 49 at 18.)[2]  Defendants argue that the restriction on communication with the putative class is unwarranted and they request that this language be deleted from the opt-out disclosure notice.

Plaintiffs argue that this language limiting communication is necessary to give Plaintiffs the opportunity to substantiate their claims, while allowing potential class members the ability to exercise their rights without pressure or coercion from either side.  Defendants argue that the Court should consider the Camp v. Alexander factors when determining whether good cause exists to limit communications between the putative class and the parties.  The factors are: "1) [t]he severity and the likelihood of the perceived harm; 2) [t]he precision with which the order is drawn; 3) [t]he availability of a less onerous alternative; and 4) [t]he duration of the order."  Camp v. Alexander, 300 F.R.D. 617, 621 (N.D. Cal. 2014) (citing Kleiner v. The First Nat'l Bank of Atlanta, 751 F.2d 1193, 1206 (11th Cir. 1985)).

Defendants argue that they have not engaged in any improper conduct with or toward the putative class members regarding this lawsuit.  Defendants also point to Plaintiffs' questionable communications with the putative class members via radio ads on the UFW radio station and through the UFW Foundation.  However, whether Plaintiffs' communication with putative class members via radio ads on the UFW radio station is improper is not an issue before this Court at this time.  Defendants have not filed a motion regarding this alleged conduct.  The Court does note that it is clear from the record that Plaintiffs and Plaintiffs' counsel have met with putative class members.

Defendants indicate that they will not engage in retaliatory and abusive conduct to

---

[2] The request was made upon the Court's inquiry which did so in order to clarify Defendants' contention in their opposition that they be free to communicate with employees.

putative class members during the opt-out disclosure period.  At the hearing, Defendants argued that they should not be precluded from giving their employees their position on this proposed class matter, including correcting any miscommunication,  during the opt-out disclosure period. Plaintiffs argue that communications from Defendants or their counsel to the prospective class will not allow employees, especially current employees, to decide whether to object to disclosure of their contact information and employment records.

When the Court considers the circumstances of this case, the Court finds that there is a need to restrict all parties from initiating communications with the putative class regarding this lawsuit during the opt-out disclosure period while putative class members decide whether to opt-out of the disclosure of information.  See Camp v. Alexander, 300 F.R.D. at 621.  The restriction on communication will only be for the length of the opt-out disclosure period, which shall be twenty-one days, from the date that the opt-out disclosure notice is mailed, and five additional days to receive the mail.  The restriction is limited in time and limited in scope.  The initiation of communication by either side during the opt-out disclosure period could have a coercive effect on putative class members' ability to make a choice about whether to opt-out of the disclosure of their contact information and employment records.

However, the Court finds it unnecessary for the postcard section of the opt-out disclosure notice to state, "I have not been contacted by my supervisor, foreman or anyone employed by Fowler Packing or Ag Force regarding this matter."  Putative class members may be confused by this language.  Further, this language unfairly singles out Defendants.  The restriction on the initiation of communications regarding the opt-out disclosure notice applies equally to both parties.

Therefore, Plaintiffs' request to limit the parties from initiating communications with putative class members during the opt-out period is granted.  Language restricting both parties from initiating communications with putative class members during the opt-out period shall remain the Belaire-West notice.  The opt-out disclosure notice shall state one of the following provisions:

(1) "In order to respect your choice regarding this matter, the Court has ordered the

6

parties not to initiate communications with you regarding this lawsuit during the opt-out disclosure period."

(2) "In order to respect your choice regarding this matter, the parties have agreed not to initiate communications with you regarding this lawsuit during the opt-out disclosure period."

If the parties do not agree on which of these two provisions to use in the opt-out disclosure notice, then the notice shall state, "In order to respect your choice regarding this matter, the Court has ordered the parties not to initiate communications with you regarding this lawsuit during the opt-out disclosure period."

The following language shall be deleted from the opt-out disclosure notice: "I have not been contacted by my supervisor, foreman or anyone employed by Fowler Packing or Ag Force regarding this matter."

### B.   Equal Access to Putative Class Members' Contact Information

Plaintiffs request that if the Court does not restrain both sides from communicating with class members regarding their right to object to Plaintiffs receiving their discovery information, that both parties have equal access to the class list.  As the Court has already determined that both sides are not allowed to initiate communications with the putative class members regarding this lawsuit during the opt-out period, Plaintiffs' alternative request for equal access to putative class members' contact information is moot.  To the extent that the request is not moot, the Court denies Plaintiffs' request for equal access to the class list for the following reasons.

Defendants argue that this is a non-issue because the Court has already ordered that Plaintiffs will receive the putative class member contact list for those who have not opted-out after the Belaire-West notice has been completed.

In the October 29, 2015 order, the Court found that "the privacy interests of putative class members are adequately protected by an opt-out procedure."  (ECF No. 33 at 6.)  If the Court gave both parties equal access to the class list at this point there would be no purpose to have an opt-out notice regarding the contact information of the putative class members.  The Court has already ruled that an opt-out notice is appropriate before the disclosure of the putative class members' information.  Plaintiffs could have filed a motion for reconsideration of the Court's

1 | October 29, 2015 order, but Plaintiffs did not do so.  Therefore, the Court denies Plaintiffs'

2 | request for equal access to the class list.

3 | **C.    No-Retaliation Language**

4 | Plaintiffs request that if the Court permits both sides to communicate with putative class

5 | members, that each side contacting putative class members, in writing, in person, or by telephone

6 | or email, be required to include in their communications a statement about retaliation, such as:

7 |       Please be advised that Fowler Packing, Ag Force and Fowler
         Marketing are prohibited by law from retaliating against you for
8 |       participating in this class action. This means that they may not
         reduce your work hours, fire you, or otherwise threaten you with
9 |       retaliation for participating in this case. You may not be compelled
         to "opt out" of the lawsuit, or to "opt in." If you believe you have
10 |      been retaliated against in connection with this lawsuit, you
         may wish to contact a lawyer.

11 |

12 | (ECF No. 49 at 8.)

13 | As the Court has already determined that both parties' are not allowed to initiate

14 | communications with the putative class members regarding this lawsuit during the opt-out

15 | disclosure period, Plaintiffs' alternative request for this extra no-retaliation language in the opt-

16 | out disclosure notice and during any communications is moot.  To the extent that the request is

17 | not moot, the Court denies Plaintiffs' request for this extra no-retaliation language in the opt-out

18 | notice and during any communications.

19 | Defendants argue that this proposed no-retaliation language unfairly targets Defendants.

20 | Defendants also argue that there is no need for this language either in the opt-out notice or during

21 | communications with putative class members during the opt-out period, because the proposed

22 | notice already does include no-retaliation language.  The proposed opt-out notice states, "NO

23 | ONE WILL RETALIATE AGAINST YOU IN ANY WAY REGARDING YOUR CHOICE."  (ECF No. 49 at

24 | 17.) The proposed opt-out notice also states, "You are not obligated to speak with the Plaintiffs,

25 | the Plaintiffs' attorneys, Defendants' attorneys, Defendants' foremen or supervisors, or anyone

26 | else about the Lawsuit.  Whether or not you choose to speak to anyone about the Lawsuit is

27 | entirely your choice."  (ECF No. 49 at 17).  Therefore, as the opt-out disclosure notice already

28 | has a no-retaliation provision, the Court finds that it is not necessary to add Plaintiffs' proposed

no-retaliation language to the opt-out disclosure notice.   The Court also finds that any communications with the putative class members during the opt-out disclosure period does not need to include this additional no-retaliation language.

### D.   Length of Opt-Out Period

Plaintiffs argue that the opt-out disclosure period should be only ten days, but Defendants argue that the opt-out disclosure period should be at least twenty-five days.   Defendants had proposed giving the putative class members three weeks plus five days for mailing, which would be twenty-six days, to respond to the notice.   Defendants request that the Court order at least a twenty-five day opt-out disclosure period.   Plaintiffs had agreed to a twenty-day opt-out disclosure period in the proposed opt-out disclosure notice (ECF No. 49 at 17-18), but have now changed their position to a ten-day opt-out disclosure period.   The Court notes that Plaintiffs did not address the issue of the length of the opt-out disclosure period in their original motion.   Plaintiffs first requested a ten-day opt-out disclosure period in their reply to Defendants' opposition to the motion.

The Court has already determined that both parties are not able to initiate communications with potential class members regarding this lawsuit during the opt-out disclosure period.   Plaintiffs argue that restricting the opt-out disclosure period to ten days is responsive to Defendants' concerns about not being able to communicate with class members during the opt-out disclosure period.   Plaintiffs also argue that a ten-day opt-out disclosure period is appropriate in this case because Defendants' refusal to agree to a reasonable notice procedure caused a delay of over four months.   However, the Court notes that there has been nothing presented to the Court to suggest that Defendants or either party acted in bad faith in attempting to resolve the language of the opt-out notice.   The fact that it has taken over four months to finalize the opt-out notice will not be held against Defendants and is not a reason to limit the opt-out period to ten days.   The purpose of the opt-out notice is to give putative class members a reasonable amount of time to make a determination whether they want to opt-out of the disclosure of their contact information and employment records to Plaintiffs' counsel.

Plaintiffs argue that Section 1985.6(b)(2) of the California Code of Civil Procedure is

analogous to the time to opt-out of the disclosure of contact information and employee records after an opt-out notice is sent.  Section 1985.6(b)(2) of the California Code of Civil Procedure provides:

> (b) Prior to the date called for in the subpoena duces tecum of the production of employment records, the subpoenaing party shall serve or cause to be served on the employee whose records are being sought a copy of: the subpoena duces tecum; the affidavit supporting the issuance of the subpoena, if any; the notice described in subdivision (e); and proof of service as provided in paragraph (1) of subdivision (c).  This service shall be made as follows:
>
> (2) Not less than 10 days prior to the date for production specified in the subpoena duces tecum, plus the additional time provided by Section 1013 if service is by mail.

Cal. Civ. Proc. Code § 1985.6(b)(2).  Section 1013(a) of the California Code of Civil Procedure states:

> any period of notice and any right or duty to do any act or make any response within any period or on a date certain after service of the document, which time period is prescribed by statute or rule of court, shall be extended five calendar days, upon service by mail, if the place of address and the place of mailing is within the State of California, 10 calendar days if either the place of mailing or the place of address is outside the State of California but within the United States, and 20 calendar days if either the place of mailing or the place of address is outside the United States.

Cal. Civ. Proc. Code § 1013(a).

Therefore, when Sections 1013(a) and 1985.6(b)(2) of the California Code of Civil Procedure are read in conjunction, a subpoena duces tecum must be served fifteen days before the date for production if the employee whose records are being sought has a place of address within California, twenty days if the place of address is outside the State of California, but within the United States, and thirty days if the place of address is outside the United States.

Neither party has cited any case law regarding an appropriate time period to opt-out of the disclosure of contact information and employee records.  Rule 23 does not discuss the time period to opt-out of the disclosure of contact information and employee records, and case law does not set any specific parameters.  The Court notes that Rule 23 requires an opt-out period for class members to opt-out of a class action, but it does not prescribe any time limits for such

notice.  See Fed. R. Civ. P. 23.  Courts use their discretion in approving a reasonable time period for class members to opt-out of a class action, and generally the time period is between thirty and sixty days.

Here, the Court finds that twenty-one days is an appropriate time from the date of mailing to respond to the opt-out disclosure notice.  A twenty-one day opt-out disclosure period will provide putative class members with an opportunity to make an informed decision whether to opt-out of the disclosure of their contact information and employment records.  Therefore, the time for putative class members to opt-out of the disclosure of contact information and employment records shall be twenty-one days from the date of mailing of the opt-out disclosure notice.  The postcard must be postmarked by the putative class members within twenty-one days of the date that the opt-out disclosure notice is mailed.  Further, the opt-out disclosure notice shall state the actual date certain that is twenty-one days from the date that the opt-out notice is mailed as the date by which putative class members must postmark the postcard to opt-out of disclosure of their contact information and employment records.

# IV.

## ORDER

Based upon the foregoing, it is HEREBY ORDERED that:

1.  Plaintiffs' motion for approval of the Belaire-West opt-out notice is PARTIALLY GRANTED as follows:

   a.  Plaintiffs' request to limit both parties from initiating communications with putative class members during the opt-out disclosure period is GRANTED.  The restriction on communication will only be for the length of the opt-out disclosure period, which shall be twenty-one days, from the date that the opt-out disclosure notice is mailed, and five additional days to receive the mail.

   b.  Plaintiffs' request for equal access to the contact list of the putative class members is DENIED.

   c.  Plaintiffs' request for no-retaliation language during any communications by either party with putative class members during the opt-out disclosure period is

1    DENIED.

2    d.    Plaintiffs' request for a ten-day opt-out period is DENIED.

3    2.    The <u>Belaire-West</u> opt-out notice shall be as reflected in Exhibit C of Plaintiffs'

4          motion (ECF No. 49 at 17-18), with the following corrections:

5    a.    The opt-out notice shall state one of the following provisions:

6          (1) "In order to respect your choice regarding this matter, the Court has ordered

7          the parties not to initiate communications with you regarding this lawsuit during

8          the opt-out disclosure period."

9          (2) "In order to respect your choice regarding this matter, the parties have agreed

10         not to initiate communications with you regarding this lawsuit during the opt-out

11         disclosure period."

12         If the parties do not both agree on which of these two provisions to use in the opt-

13         out notice, then the notice shall state, "In order to respect your choice regarding

14         this matter, the Court has ordered the parties not to initiate communications with

15         you regarding this lawsuit during the opt-out disclosure period."

16   b.    The following shall be deleted from the opt-out disclosure notice postcard: "I

17         have not been contacted by my supervisor, foreman or anyone employed by

18         Fowler Packing or Ag Force regarding this matter."

19   c.    On the second page of the opt-out disclosure notice, it shall state, "If you **DO**

20         **NOT** **WANT** Defendants to provide your contact information to the Plaintiffs'

21         attorneys, you **must** mail in the enclosed postcard and it **must** be postmarked no

22         later than (21  DAYS FROM MAILING)."   The opt-out disclosure notice shall

23         state the actual date certain that is twenty-one days from the date that the opt-out

24         notice  is mailed.

25   \ \ \

26   \ \ \

27   \ \ \

28   \ \ \

1       d.     The opt-out disclosure notice shall be sent to the putative class members in both

2            English and Spanish.

IT IS SO ORDERED.

Dated:   **March 18, 2016**

UNITED STATES MAGISTRATE JUDGE