UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEATRIZ ALDAPA, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　　v.<br><br>FOWLER PACKING COMPANY, INC., et al.,<br><br>　　　　　Defendants. | No. 1:15-cv-00420-DAD-SAB<br><br>ORDER DENYING MOTION FOR TRIAL PLAN<br><br>(Doc. No. 47) |

On February 16, 2016, defendants submitted a motion for an order requiring plaintiffs to submit a trial plan. (Doc. No. 47.) On April 5, 2016, plaintiffs filed their opposition to that motion. (Doc. No. 66.) Defendants filed a reply on April 12, 2016. (Doc. No. 74.) Because the court finds that resolution of this motion will not benefit from oral argument, *see* Local Rule 230(g), the April 19, 2016 hearing is vacated in light of this order.

In their motion defendants requested that the court issue an order requiring plaintiffs to submit a detailed trial plan with their motion for class certification. Defendants argue that plaintiff's trial plan include: 1) an explanation of how the membership of the class will be established; 2) an explanation of how liability will be established; 3) an explanation of how defendants will have an opportunity to present their liability defenses; 4) an explanation of how damages will be calculated; 5) a witness list and summary of the expected testimony of any trial witnesses; 6) proposed jury instructions; and 7) a proposed verdict form.

At the outset, the court notes that no class has yet been certified in this action and the date for plaintiffs' filing of a class certification motion is currently set for April 25, 2016.  (Doc. No. 22.)[1]  According to plaintiffs, discovery on class certification issues has not yet even commenced, let alone any merits focused discovery.  On the other hand, defendants contend plaintiffs have received significant discovery and therefore have "plenty of information to prepare a trial plan demonstrating to the Court how they plan to resolve issues regarding manageability." (Doc. No. 74 at 3.)  The court's review of this action's progress before the assigned magistrate judge suggests plaintiffs have received some discovery, albeit only after significant motion practice.  It also appears, however, that much discovery remains outstanding which will likely ultimately be relevant to plaintiffs' class certification motion.

Turning to the pending motion, defendants have cited no binding authority suggesting a trial plan must be filed at this stage in a class action.  *See In re ConAgra Foods, Inc.*, 302 F.R.D. 537, 580 (C.D. Cal. 2014) ("[T]he Ninth Circuit has held that '[n]othing in the Advisory Committee Notes [to Rule 23] suggests grafting a requirement for a trial plan onto the rule.'") (quoting *Chamberlan v. Ford Motor Co.*, 402 F.3d 952, 961 n. 4 (9th Cir. 2005)); *Tschudy v. J.C. Penney Corporation, Inc.*, No. 11CV1011 JM (KSC), 2015 WL 5098446, at *7 (S.D. Cal. Aug. 28, 2015) ("[Defendant] did not mention the need for a trial plan at class certification, and the Federal Rules and the Ninth Circuit do not require one.")  More importantly, defendants have presented no persuasive argument that it would be prudent or wise to require plaintiffs to file such a detailed trial plan at this early point in this particular litigation.  To the extent defendants, through their request, are preemptively arguing against class certification, the court declines to engage those arguments at this time, since no class certification motion is yet before the court.

In support of their motion defendants rely primarily upon the California Supreme Court's decision in *Duran v. U.S. Bank National Association*, 59 Cal. 4th 1 (2014).  However, in that case the California Supreme Court did not compel California courts to require a trial plan from class

---

[1] Plaintiffs note in their opposition to defendants' motion they will be seeking a continuance of that date.  (Doc. No. 66 at 3, n.2.)  Indeed, on April 8, 2016, plaintiffs filed a motion to extend the time for filing their class certification motion for at least 128 days.  (Doc. No. 69.)

1  action plaintiffs at the class certification stage.  Rather, the California Supreme Court merely

2  stated:

> If statistical evidence will comprise part of the proof on class action claims, the court *should consider* at the certification stage whether a trial plan has been developed to address its use.  A trial plan describing the statistical proof a party anticipates will weigh in favor of granting class certification if it shows how individual issues can be managed at trial.  Rather than accepting assurances that a statistical plan will eventually be developed, trial courts *would be well advised* to obtain such a plan before deciding to certify a class action.  In any event, decertification must be ordered whenever a trial plan proves unworkable.

59 Cal. 4th at 31–32 (emphasis added).  At most, this passage from the decision in *Duran* stands as an admonition to California trial courts that it may be in their best interest to seek trial plans early, rather than risk being forced to decertify the class at a later stage in the proceedings.

Concerns about how the trial of the class action will be managed are, for obvious reasons, often best reserved until it becomes clear there may actually be a class action trial (i.e. after a class is certified).  They are normally, therefore, properly raised after significant merits-phase discovery has taken place.  *See Lyndell v. Synthes USA*, 1:11-cv-02053 LJO BAM, 2016 WL 74419, at *5-6 (E.D. Cal. Jan. 6, 2016) (denying defendant's motion to decertify class even though plaintiff had still not yet submitted a viable trial plan post-certification); *In re ConAgra Foods, Inc.*, 302 F.R.D. at 580 ("Thus, if at some point [the court] determines that some or all of plaintiffs' classes can be certified, it will direct plaintiffs to submit a trial plan for its consideration. . . .  Because the court is not in a position to certify classes now, it need not address the question of a trial plan in any greater detail at this time."); *Oregon-Laborer's Employers Health & Welfare Trust Fund v. Philip Morse, Inc.*, 188 F.R.D. 365, 369 (D. Or. 1998) ('[T]his court concludes that a ruling on plaintiffs' motion to certify is appropriate without awaiting the completion of briefing on dispositive motions and without requiring plaintiffs to present a class action trial plan.").  Accordingly, the court agrees with plaintiffs that defendants' request for a detailed trial plan is premature at this juncture in this case.

For the reasons set forth above, defendants' motion for an order requiring plaintiffs to submit a detailed trial plan with their motion for class certification (Doc. No. 47) is denied at this

time without prejudice. The previously noticed April 19, 2016 hearing on defendants' motion is vacated.

IT IS SO ORDERED.

Dated: **April 13, 2016**   _____
UNITED STATES DISTRICT JUDGE