# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEATRIZ ALDAPA and ELMER AVALOS, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FOWLER PACKING COMPANY, INC., a California Corporation; AG FORCE, LLC; a California Limited Liability Company; FOWLER MARKETING INTERNATIONAL LLC, a California Limited Liability Company; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.:   1:15-cv-00420-DAD-SAB<br><br>**ORDER RE STIPULATION TO CONTINUE DATE FOR FILING OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**<br><br>**(ECF No. 104)** |

　　The parties, through their respective counsel, seek a Court Order continuing the due date for Plaintiffs to file their Motion for Class Certification, currently due on or before August 31, 2016. See Dok. 80 (Order Granting Plaintiffs' Motion to Extend Time to File Motion for Class Certification).  The bases for the request to continue the due date and the stipulation are the following:

1.　　Pursuant to the Court's Order (Dok. 96), Defendants were to provide electronic payroll

1

and time records for 25% of the class, and the corresponding raw data (hard copy crew sheet and payroll data) for 10% of the class by May 20 and June 6, respectively.  Dok. 96 (Order Re Stipulation Re Production Of Electronic Records and Underlying Raw Data).

2.	Defendants sought in good faith to comply with the Court Order, but because they were working with a third-party (Datatech) which had the electronic records, various issues arose with respect to the production of records. Thus, Plaintiffs were not provided with the names of the corresponding individuals whose raw data and corresponding crew sheets had been produced until June 10.  Without that information, Plaintiffs could not begin their analysis or cross reference the accuracy of the electronic data, as recognized by the Court.

3.	On June 30, after substantial investment of time by both Plaintiffs and their consultants analyzing the data, Plaintiffs informed Defendants that the electronic records produced only contained *weekly pay and time summaries, rather than daily work records*.  Plaintiffs therefore requested the daily work records.  The daily work records are critical to Plaintiffs' ability to review and analyze claims concerning whether or not violations took place on a daily basis, including whether or not there are violations for failing to pay for rest periods during piece rate work, and the occurrence/non-occurrence of  improper time keeping and off-the-clock work.

4.	Defendants informed Plaintiffs they would look into the issue and follow up with the third party, Datatech.  After some follow up emails regarding what was missing and what was needed, Plaintiffs received from Defendants what was represented to be the daily electronic records on July 13.  However, after a considerable amount of time spent with the data, again by Plaintiffs and their consultants, Plaintiffs soon discovered this electronic data was also incomplete.  On July 20, Plaintiffs provided a detailed summary of the outstanding issues.  In particular, Plaintiffs noted that it appeared that daily information was entirely missing for 1221

employees, and that the daily data does not have any daily values prior to December 26, 2012 (even though the class period begins in March 2011).

5. Again Defendants in good faith sought to correct this error by going back to the third-party (Datatech) and requesting that the information be supplemented. On August 1, Defendants produced to Plaintiffs what they believe to be "updated data from Datatech with all of the daily data." Plaintiffs and their consultants are currently reviewing whether this resolves all the issues with the electronic data, but as of now there may still be unresolved issues with the data. For example, to Plaintiffs it appears that approximately twenty-five percent of the workers in the new daily work records have 10 days or less of work. This may be a production error because to Plaintiffs it does not seem possible that one-quarter of the employees have careers of less than ten days with the company. Plaintiffs are working to compile a list of those workers with only 10 days of work or less, so that the production can be verified with Defendants and the third party record company, Datatech.

6. The Defendants have been working in good faith with Plaintiffs to supplement or correct any production deficiencies, but many of the identified errors have been outside the control of the Defendants.

7. The June 6, 2016 records production date ordered by the Court and the August 31, 2016 deadline to file the class certification motion would have provided Plaintiffs with roughly 12 weeks of time to review and analyze voluminous pay and time records. However, due to the production errors identified above, Plaintiffs still may not have all the records ordered by the Court's May 17, 2016 Order. The parties anticipate cooperating to verify and ensure that Plaintiffs have the data that was ordered by the Court. If this stipulation is granted, and assuming full production of data occurs this week, Plaintiffs will have roughly 8 weeks to

analyze and review the data.

Based on the foregoing, the parties agree that it would be appropriate to extend the deadline for Plaintiffs to file their class certification motion by 30 days, with a new due date of October 1, 2016.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated:  August 3, 2016

**MARTINEZ AGUILASOCHO & LYNCH, APLC**

By:     s/ Mario Martinez
Mario Martinez
Attorneys for Plaintiffs and the Putative Class

Dated:  August 3, 2016

**BUSH GOTTLIEB**

By:     s/ Ira L. Gottlieb
Ira L. Gottlieb
Attorneys for Plaintiffs and the Putative Class

Dated:  August 3, 2016

**SAGASER, WATKINS & WIELAND PC**

By:     s/ Howard Sagaser
Howard A. Sagaser
Ian B. Wieland
Attorneys for Defendants, FOWLER PACKING CO., INC., FOWLER MARKETING INTERNATIONAL, LLC, and AG FORCE, LLC

**ORDER**

Having reviewed the stipulation by the parties through their respective counsel, the Court hereby approves the stipulation and extends the due date for Plaintiffs to file their Motion for

Class Certification.  Plaintiffs may file their Motion for Class Certification on or before October 1, 2016.

IT IS SO ORDERED.

Dated:  **August 3, 2016**

UNITED STATES MAGISTRATE JUDGE