1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   BEATRIZ ALDAPA, et al.,                    No.  1:15-cv-00420-DAD-SAB

12              Plaintiffs,

13      v.                                      ORDER DENYING MOTION TO CERTIFY
                                                AN INTERLOCUTORY APPEAL
14   FOWLER PACKING COMPANY INC., et
     al.,                                       (Doc. No. 102)
15
                Defendants.
16

17

18          A motion to certify an interlocutory appeal of this court's order of June 16, 2016 (Doc.

19   No. 98) was filed by defendants on July 14, 2016.  (Doc. No. 102.)  An untimely opposition to the

20   motion was filed on August 10, 2016, less than a week prior to hearing.  (Doc. No. 106.)

21   Defendant understandably objected to the late filing (Doc. No. 108), but nonetheless filed a reply

22   on August 12, 2016.  (Doc. No. 109.)  On August 16, 2016, the court heard oral argument on the

23   matter, with attorney Edgar Aguilasocho appearing for plaintiffs and attorney Howard Sagaser

24   appearing on behalf of defendants.  For the reasons set forth below, the court will deny

25   defendants' motion.

26                                    **LEGAL STANDARD**

27          A district judge may certify an interlocutory appeal to the relevant circuit court of appeal

28   when an order that is not otherwise appealable involves "a controlling question of law as to which

                                                  1

there is substantial ground for difference of opinion" and "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).  If these grounds are not met, the circuit court of appeal lacks jurisdiction to hear the matter.  *See* 28 U.S.C. § 1291 (granting jurisdiction generally to the circuit courts only of "final decisions" of the district courts); *see also Couch v. Telescope, Inc.*, 611 F.3d 629, 632–33 (9th Cir. 2010) (noting the statutory restrictions of 28 U.S.C. § 1292(b) are jurisdictional).  This statutory provision "was intended primarily as a means of expediting litigation by permitting appellate consideration during the early stages of litigation of legal questions which, if decided in favor of the appellant, would end the lawsuit," though ultimately, the question need not be dispositive of the lawsuit in order for interlocutory appeal to be appropriate.  *United States v. Woodbury*, 263 F.2d 784, 787 (9th Cir. 1959).

Certification of a question for interlocutory appeal requires the district court to find, in writing, that all requirements under § 1292(b) are met:  (1) there is a controlling question of law; (2) there is substantial ground for difference of opinion about that question of law; and (3) an immediate appeal may materially advance the ultimate termination of the litigation.  *Couch*, 611 F.3d at 633.  If any of the requirements are not met, then the order certifying the questions is jurisdictionally defective.  *Id.*  Certification of interlocutory appeals is the exception, not the rule, and § 1292(b) "must be construed narrowly" to effectuate that.  *James v. Price Stern Sloan, Inc.*, 293 F.3d 1064, 1068 n.6 (9th Cir. 2002).

## ANALYSIS

### A.    No Controlling Question of Law is Presented

Here, there is no "controlling question of law" to be certified.  A question of law is "controlling" under § 1292(b) if resolving it on appeal could materially affect the outcome of the litigation in the district court.  *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982).  Moreover, while the Ninth Circuit has apparently not had occasion to address the issue, many courts have found the question of law must be a "pure question of law," not a mixed question of law and fact or an application of law to a particular set of facts.  *See Ahrenholz v. Board of Trustees of the Univ. of Ill.*, 219 F.3d 674, 675–77 (7th Cir. 2000).  As noted by the court in

1  *Ahrenholz*, Congress was referring in § 1292(b) to a pure question of law, because "if a case

2  turned on a pure question of law, something the court of appeals could decide quickly and cleanly

3  without having to study the record, the court should be enabled to do so without having to wait till

4  the end of the case." *Id.* at 676–77. *See also Park West Galleries, Inc. v. Hochman*, 692 F.3d

5  539, 543 (6th Cir. 2012) ("On interlocutory appeal, we do not review the district court's findings

6  of fact, and instead consider only pure questions of law.") (quotations omitted); *Kennedy v. St.*

7  *Joseph's Ministries, Inc.*, 657 F.3d 189, 195 (4th Cir. 2011) (interlocutory appeal appropriate

8  under § 1292(b) when the court is "faced with a pure question of law"); *McFarlin v. Conseco*

9  *Servs., LLC*, 381 F.3d 1251, 1259 (11th Cir. 2004) ("To summarize, § 1292(b) appeals were

10  intended, and should be reserved, for situations in which the court of appeals can rule on a pure,

11  controlling question of law without having to delve beyond the surface of the record in order to

12  determine the facts."). *See, e.g.*, *Hawaii ex rel. Louie v. JP Morgan Chase & Co.*, 921 F. Supp.

13  2d 1059, 1065–66 (D. Haw. 2013) (noting the pure question of law standard and deciding that,

14  despite the existence of *some* factual disputes, interlocutory appeal could be certified on questions

15  of law); *Rieve v. Coventry Health Care, Inc.*, 870 F. Supp. 2d 856, 879 (C.D. Cal. 2012)

16  (declining to certify an interlocutory appeal that did not involve a pure question of law).

17  In discussing interlocutory appeals sought under the collateral order doctrine of 28 U.S.C.

18  § 1291, a related jurisdictional statute, the Ninth Circuit has observed interlocutory appeal is

19  generally only appropriate to resolve novel *legal* issues, not the *application* of well-established

20  precedent to novel factual situations. *See Rodriguez v. Lockheed Martin Corp.*, 627 F.3d 1259,

21  1264–65 (9th Cir. 2010) (noting that interlocutory appeals from the denial of qualified immunity

22  are typically limited to purely legal questions, and where material facts are in dispute, appellate

23  courts generally lack jurisdiction); *Wilkinson v. Torres*, 610 F.3d 546, 550 (9th Cir. 2010) ("Our

24  jurisdiction to review an interlocutory appeal of a denial of qualified immunity, however, is

25  limited exclusively to questions of law."); *Bibeau v. Pac. Nw. Research Found. Inc.*, 188 F.3d

26  1105, 1113 (9th Cir. 1999) (noting an interlocutory appeal "will not lie for such claims if the

27  /////

28  /////

3

1    district court determines that there are genuine issues of fact involved").[1]

2        Here, defendants do not seek review of a pure question of law here.  Rather, they simply

3    believe the undersigned applied the law incorrectly.  The question defendants believe should be

4    certified to the Ninth Circuit is whether a "First Amendment associational privilege applies under

5    these circumstances."  (Doc. No. 102-1 at 5.)  Nowhere in the pending motion do defendants

6    indicate the court applied the wrong standard or failed to properly consider an element of the

7    underlying burden-shifting test for the invocation of the First Amendment associational privilege.

8    In essence, the question defendants pose is an inherently fact-specific and fact-intensive inquiry

9    about how this court applied a clearly-established legal standard.  (*See* Doc. No. 102-1 at 7–8

10   ("[T]he Court should certify its Order so that the Ninth Circuit may determine whether the

11   information sought by Defendants [in this case] is privileged under the First Amendment

12   associational privilege.").)  Because that question is not purely legal, certification of an

13   interlocutory appeal is inappropriate here.  *See Rodriguez*, 627 F.3d at 1264–65; *Marsall*, 2004

14   WL 1774532 at *2.

15       B.      *Certification of an Interlocutory Appeal Would Not Materially Advance the*

16               *Termination of the Litigation*

17       Alternatively, even if defendants present a purely legal question, an interlocutory appeal is

18   not appropriate because certification would not "materially advance the ultimate termination of

19   the litigation."  28 U.S.C. § 1292(b).  The only decision defendants contest is whether plaintiff is

20   required to divulge the *identity* of the individuals who met with class counsel in relation to the

21   current case.  When the court decided this matter, defendants gave two reasons for seeking this

22   information in pre-class certification discovery:  (1) to conduct depositions of any individuals

23   other than the named plaintiffs who *might* offer declarations in favor of class certification; and (2)

24   to remove these individuals from any statistical analysis that may be conducted later in this case.

25   _____

26       [1]  The Ninth Circuit has noted a narrow exception to the general rule that interlocutory
     appeals are permitted only for pure questions of law:  when at least one pure legal question is
27   present, the court may "resolve all questions material to the order."  *Steering Comm. v. United
     States*, 6 F.3d 572, 575–76 (9th Cir. 1993) (reaching both a legal issue of the standard of care and
28   the application of that standard to the facts of the case).

4

1    (*See* Doc. No. 98 at 10–12.)  As discussed below, resolution of this issue in defendants' favor

2    would not materially advance the termination of the litigation.

3          First, as explained in the court's prior order of June 16, 2016, deposition of non-parties

4    prior to class certification is rarely sought in matters such as this one, let alone permitted.  (*Id.* at

5    10.)  Even if the Ninth Circuit Court of Appeals were to overturn the underlying decision and the

6    identities of the individuals in question were disclosed, defendants would not necessarily be

7    permitted to take depositions of those individuals prior to class certification.  (*See* Doc. No. 98 at

8    10–11 (noting reasons pre-certification depositions of non-parties are typically not allowed).)

9    Suffice it to say, even were the defendants permitted to obtain the discovery they currently seek

10   (i.e., the identity of all individuals involved in meetings with class counsel related to this

11   litigation), an entirely new round of discovery disputes would undoubtedly commence, further

12   pushing back the filing of plaintiffs' class certification motion.  To say that an interlocutory

13   appeal with respect to this preliminary discovery ruling would "materially advance the ultimate

14   termination of the litigation" distorts the basic meaning of that phrase.

15         Defendants' second reason for seeking the identities of the individuals at these litigation

16   related meetings similarly fails to materially advance the ultimate termination of the litigation.

17   Defendants represented that individuals involved in those meetings with class counsel must be

18   removed from any future statistical analysis which could be conducted later in the case.  As the

19   court previously noted, this puts the cart far in front of the horse, and asks the court to decide

20   questions that cannot reasonably be answered at this early stage of the litigation.  Whether there

21   could be any conceivable "taint" of a hypothetical future statistical analysis concerning the merits

22   of plaintiffs' claims is an exercise in guesswork this court will not engage in.  The defendants

23   receiving of information regarding the identity of the individuals who attended meeting with class

24   counsel would not "materially advance" the termination of this litigation because it would simply

25   engender additional discovery disputes regarding issue which are premature at this point.

26   /////

27   /////

28   /////

5

CONCLUSION

For all of the reasons set forth above, defendants' motion to certify an interlocutory appeal (Doc. No. 102) is denied.

IT IS SO ORDERED.

Dated:  __**August 26, 2016**__                    _____
                                                                UNITED STATES DISTRICT JUDGE