1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

9

### EASTERN DISTRICT OF CALIFORNIA

10

11 | BEATRIZ ALDAPA, et al.,

Case No.  1:15-cv-00420-DAD-SAB

12 |         Plaintiffs,

ORDER GRANTING IN PART
DEFENDANTS' MOTION FOR

13 |    v.

ATTORNEY'S FEES AND COSTS
PURSUANT TO FEDERAL RULE OF

14 | FOWLER PACKING COMPANY INC., et
al.,

CIVIL PROCEDURE 37(a).

15 |         Defendants.

(ECF Nos. 65, 103, 112, 114)

16

17       Presently before the Court is Defendants' motion for attorney's fees associated with the

18 motion to compel regarding reopening Plaintiff Elmer Avalos's deposition due to changes he

19 made to his deposition transcript.  (ECF No. 65.)  Oral argument on the motion was heard on

20 August 31, 2016.  Edgar Aquilasocho appeared for Plaintiffs.  Howard Sagaser appeared for

21 Defendants.  Having considered the moving, opposition and reply papers, the declarations and

22 exhibits attached thereto, arguments presented at the August 31, 2016 hearing, as well as the

23 Court's file, the Court issues the following order.

24 **I.**

25 **BACKGROUND**

26       On March 18, 2016, the Court granted Defendants' motion to compel and found that

27 Plaintiff Elmer Avalos's deposition is to be reopened because of the changes made to the

28 deposition transcript.  (ECF No. 63.)  The Court also found that Plaintiffs must pay Defendants'

1

1  reasonable attorney's fees associated with the motion to compel regarding reopening Mr.

2  Avalos's deposition because of changes he made to his deposition transcript.  (ECF No. 63.)

3       On April 1, 2016, Plaintiffs filed a request for reconsideration by the District Court of the

4  Court's March 18, 2016 ruling.  (ECF No. 64.)  The request for reconsideration asked the District

5  Court to reconsider the portion of the March 18, 2016 order that calls for sanctions and costs

6  against Plaintiffs due to Plaintiffs' position in amending the deposition answers of Mr. Avalos.

7  On April 1, 2016, Defendants filed a motion for attorney's fees and costs pursuant to Federal

8  Rule of Civil Procedure 37(a).  (ECF No. 65.)  Defendants set the motion for hearing on April

9  27, 2016, before the undersigned.

10      On April 7, 2016, the parties filed a stipulation to vacate the April 27, 2016 hearing on

11  Defendants' motion for attorney's fees in light of Plaintiffs' motion for reconsideration of the

12  Court's March 18, 2016 ruling.  (ECF No. 67.)  On April 8, 2016, pursuant to the parties'

13  stipulation, the Court vacated the April 27, 2016 hearing.  (ECF No. 68.)

14      On June 16, 2016, District Judge Dale A. Drozd denied Plaintiffs' request for

15  reconsideration of the order awarding sanctions against Plaintiffs for the costs of litigating a

16  motion to compel the reopening of Mr. Avalos's deposition.  (ECF No. 98.)  On June 17, 2016,

17  the Court set a briefing scheduling and hearing date on Defendants' motion for attorney's fees.

18  (ECF No. 99.)  On June 24, 2016, the parties filed a stipulation to postpone the briefing and oral

19  argument on the motion for attorney's fees while they pursued mediation.  (ECF No. 100.)  On

20  June 27, 2016, the Court continued the briefing schedule and hearing date on Defendants' motion

21  for attorney's fees.  (ECF No. 101.)  The Court also permitted the Defendants to file a

22  supplement to the motion for attorney's fees to address those fees incurred in the motion for

23  reconsideration of the order granting sanctions.  (ECF No. 101.)

24      On July 26, 2016, Defendants filed their supplement to their motion for attorney's fees.

25  (ECF No. 103.)  On August 17, 2016, Plaintiffs filed their opposition to Defendants' motion for

26  attorney's fees.  (ECF No. 112.)  On August 24, 2016, Defendants filed their reply to Plaintiff's

27  opposition to the motion and supplement for attorney's fees.  (ECF No. 114.)

28  / / /

## II.

## STANDARD

The Ninth Circuit utilizes the "lodestar" approach for assessing reasonable attorney's fees, where the number of hours reasonably expended is multiplied by a reasonable hourly rate. Gonzalez v. City of Maywood, 729 F.3d 1196, 1202 (9th Cir. 2013); Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 978 (9th Cir. 2008).

In determining a reasonable fee, federal law takes into account the factors set forth in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 69-70 (9th Cir. 1975): "(1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client and (12) awards in similar cases [.]" McGrath v. County of Nevada, 67 F.3d 248, 252 n.4 (9th Cir. 1995).

It is the prevailing party's burden to submit billing records to establish that the number of hours requested is reasonable. Gonzalez, 729 F.3d at 1202. The court should exclude hours that could not reasonably be billed to a private client, such as hours that are excessive, redundant or unnecessary. McCown v. City of Fontana, 565 F.3d 1097, 1101 (9th Cir. 2009); Gates v. Deukmejian, 987 F.2d 1392, 1397 (9th Cir. 1992). The district court may reduce the hours by 1) conducing "an hour by hour analysis of the fee request," and excluding "those hours for which it would be unreasonable to compensate the prevailing party[;]" or 2) "when faced with a massive fee application the district court has the authority to make across-the-board percentage cuts either in the number of hours claimed or in the final lodestar figure as a practical means of [excluding non-compensable hours] from a fee application." Gonzalez, 729 F.3d at 1203 (quoting Gates, 987 F.2d at 1399).

If the "district court decides that a percentage cut (to either the lodestar or the number of hours) is warranted, it must "set forth a concise but clear explanation of its reasons for choosing

a given percentage reduction." <u>Gonzalez</u>, 729 F.3d at 1203 (quoting <u>Gates</u>, 987 F.2d at 1400). There is a recognized exception to this rule where the district court can impose a small reduction, no greater than 10 percent based upon its discretion, without providing a more specific explanation. <u>Gonzalez</u>, 739 F.3d at 1203.

### III.

### DISCUSSION

Defendants are seeking to be compensated in the amount of $19,412.75 for a total of 81.7 hours expended relating to reopening Mr. Avalos's deposition. (ECF Nos. 64, 103.)  Defendants filed their motion for attorneys' fees on April 1, 2016, in which they seek $15,667.25 in fees based on the 64.3 hours worked up until April 1, 2016, relating to reopening Mr. Avalos's deposition. (ECF No. 65.)  As stated above, after the District Judge denied the part of Plaintiff's motion for reconsideration relating to the award of sanctions against Plaintiffs for the costs of litigating the motion to compel the reopening of Mr. Avalos's deposition, the Court permitted the Defendants to file a supplement to the motion for attorney's fees to address those fees incurred related to defending against Plaintiff's motion for reconsideration of the order awarding sanctions for the costs of litigating the motion to compel the reopening of Mr. Avalos's deposition. (ECF No. 101.)  On July 26, 2016, Defendants filed their supplement to the motion for attorney's fees, in which they seek $3,745.50 in fees based on the 17.4 hours worked relating to defending against Plaintiff's motion for reconsideration of the order awarding sanctions and the costs of preparing the supplement.[1]  (ECF No. 103.)  Plaintiffs counter that Defendants' stated hours are unreasonable and that the motion for attorney's fees should be denied or reduced drastically. (ECF No. 112.)  Plaintiffs argue that Defendants' request for 81.7 hours is excessive because Defendants' efforts were combined with litigation activities for which sanctions were neither requested nor ordered.

---

[1] As pointed out by Plaintiffs, Defendants state in their July 26, 2016 supplement two different amounts of hours that they worked which they are seeking supplemental fees for:  16.9 hours and 17.4 hours.  In the supplement, Defendants provided a table of hours expended by each attorney.  The table shows that Defendants are seeking 1.6 hours for Howard Sagaser, 1.9 hours for Ian Wieland, and 13.9 hours for David Litman.  Therefore, the hours in the table of hours worked for each attorney adds up to 17.4 hours.  Therefore, the Court evaluates Defendants' request for 17.4 hours in the supplement.

1          1.    <u>Hours Reasonably Expended</u>

2      **a.**      **Attorney's fees requested in April 1, 2016 motion for attorney's fees**

3          In Defendants' motion for attorney's fees, Defendants request a total of 64.3 hours as

4  follows: 8.75 hours for Howard Sagaser; 26.6 hours for Ian Wieland; 5.6 hours for Allie

5  Wieland; 2.85 hours for Christopher Rusca; and 20.5 hours for David Litman.   Defendants

6  attached to the motion for attorney's fees a billing report which they allege accurately reflects

7  that the requested hours were spent on each portion of the work for which Defendants request

8  fees.  <u>See</u> ECF No. 65-2, Exhibit A.  In Howard Sagaser's April 1, 2016 declaration, he states

9  that the billing report attached to the April 1, 2016 motion for attorney's fees contains the

10  billable time entries that were incurred in representing Defendants regarding this discovery issue.

11  (Sagaser April 1, 2016 Decl. ¶ 6.)  Mr. Sagaser also declares that Defendants seek the total

12  amount incurred for work that pertained solely to the issue of re-opening Mr. Avalos's

13  deposition, and they also seek approximately one-half of the amount billed to Defendants

14  regarding the joint statement discovery issue (re-opening of the deposition and the names of

15  individuals who attended meetings regarding this lawsuit).  (Sagaser April 1, 2016 Decl. ¶ 17.)

16          Upon a review of the April 1, 2016 billing reports, the Court notes that some entries have

17  (1/2) at the end and some do not.  It appears that the entries that do not have (1/2) at the end are

18  entries that Defendants allege only involve work pertaining solely to the issue of re-opening Mr.

19  Avalos's deposition, and therefore, the amount of hours listed for these entries in the billing

20  entries is the full amount of time that Defendants spent doing that work for those entries.  It

21  appears that the entries that have (1/2) at the end are entries that Defendants allege involve

22  compensable work that is combined with non-compensable work.  Defendants stated at the

23  hearing that they already reduced the number of hours for these entries, so the amount in the

24  billing entry is the reduced number of hours.  Therefore, according to Defendants, the number of

25  hours in the billing entries is the actual amount of hours that Defendants are seeking for work on

26  the motion to compel the deposition.

27          Here, the Court is confronted with a situation in which Defendants are asserting that all

28  hours in the billing records are requested for attorney's fees, but the billing records contain far

1    more hours than are being sought.  When the number of hours in Defendants' billing time

2    records that were attached to the motion for attorney's fees and supplement are added together

3    and added to the number of hours that Defendants also claim was spent preparing the

4    supplement, the total is 148.95 hours.  This is well above the 81.7 hours that Defendants are

5    seeking attorney's fees for in the motion for attorney's fees and supplement.  Defendants request

6    7.3 hours for preparing the supplement to the motion for attorney's fees.  Therefore, Defendants

7    request 74.4 hours which Defendants submit are reflected in the billing time records.  However,

8    the billing time records attached to the motion for attorney's fees and the billing time records

9    attached to the supplement have a total of 141.65 hours reflected in them.

10          The billing time records attached to the motion for attorney's fees and the billing time

11   records attached to the supplement both state greater hours than Defendants request in their

12   briefs.  Defendants do not claim that they actually spent more time, but are seeking fewer fees, or

13   that the billing records include non-compensable entries.  Defendants have claimed that all of the

14   billing entries are compensable and are part of the 81.7 hours that they are seeking.  Although it

15   is difficult to comprehend the actual amount of time that Defendants billed for the work on

16   reopening Mr. Avalos's deposition based on the time billing records, the Court finds that the

17   following calculations of hours and fees are reasonable.  The Court will base any reductions to

18   the number of hours for the attorneys by the number of hours stated in the billing entry if the

19   entry is non-compensable or by a percentage of the total number of hours for the work in that

20   billing entry.[2]

21          Plaintiffs argue that Defendants have not met their burden to justify a 50% allocation or

22   any amount close to that number for work which constituted far less than half of any reasonable

23   combined discovery effort.  Plaintiffs point out that Defendants seek half of the value of all time

24   in connection with the motions at the March 18, 2016 hearing, but at that hearing the Court

25   discussed and resolved three different issues: the approval of Plaintiffs' opt-out disclosure notice;

26   a motion to compel Plaintiffs to disclose the identities of putative class members; and a motion to

27

28   [2] If a billing entry has a (1/2) at the end, the Court calculates that the total amount of time for the work for that
     billing entry is double the amount of hours in the original billing entry.

1  compel the reopening of Mr. Avalos's deposition.  (ECF No. 57.)  Plaintiffs argue that the matter

2  of reopening Plaintiff Avalos's deposition drew the least amount of attention from the parties and

3  the Court of the three issues that were considered on March 18, 2016.  The Court finds that

4  although the Court discussed the First Amendment associational privilege issue for a greater

5  amount of pages than it discussed reopening Mr. Avalos's deposition, the parties did not

6  necessarily devote less time to the issue of reopening Mr. Avalos's deposition than the First

7  Amendment associational privilege issue.

8      As Defendants argue, one possible reason that the Court spent less time discussing

9  reopening Mr. Avalos's deposition is because it was an issue that could be quickly dismissed

10  based on a review of the law.  Defendants argue that they still spent an equal amount of time

11  researching, analyzing, meeting and conferring, and briefing the issue of reopening Mr. Avalos's

12  deposition.  At the hearing, Defendants argued that it is harder to research and analyze an

13  argument from an opposing party that has no merit.  The Court finds that the fact that the Court

14  spent less time in the order discussing the reopening of Mr. Avalos's deposition compared to the

15  First Amendment associational privilege issue does not mean that it was unreasonable for the

16  parties to spend the same amount of time researching, analyzing, and briefing each issue.  The

17  Court finds that it is reasonable for Defendants' counsel to be compensated for half of the time

18  for work that related to both the First Amendment associational privilege issue and reopening

19  Mr. Avalos's deposition.

20      When the Court considers the record in this matter, the Court finds that Defendants'

21  counsel should only be compensated for one-third of the time for work that related to all three of

22  the issues before the Court at the March 18, 2016 hearing.  The Court finds that the following

23  entries should be cut to one-third of the time because the work related to three issues or matters,

24  so the compensable work would be at most one-third of the amount of total time that was spent

25  on the work of that entry:

26  / / /

27  / / /

28  / / /

7

| Attorney's Initials | Billing Entry Date | Matter Numbers | Hours Sought in Billing Entry | Total Billed | Amount Compensable | Reduction |
|---|---|---|---|---|---|---|
| HAS | 3/15/2016 | 15128 | .5 | 1 | .33 | .17 |
| HAS | 3/18/2016 | 15128 | .8 | .8 | .27 | .53 |
| HAS | 3/4/2016 | 13049 | .4 | .4 | .13 | .27 |
| HAS | 3/15/2016 | 13049 | .5 | 1 | .33 | .17 |
| HAS | 3/16/2016 | 13049 | 3.2 | 3.2 | 1.07 | 2.13 |
| HAS | 3/18/2016 | 13049 | .8 | .8 | .27 | .53 |
| IBW | 1/7/2016 | 15128 | .3 | .6 | .2 | .1 |
| IBW | 1/18/2016 | 15128 | .15 | .3 | .1 | .05 |
| IBW | 2/11/2016 | 15128 | .05 | .1 | .03 | .02 |
| IBW | 2/12/2016 | 15128 | .1 | .2 | .07 | .03 |
| IBW | 2/16/2016 | 15128 | .5 | 1 | .33 | .17 |
| IBW | 2/18/2016 | 15128 | .3 | .6 | .2 | .1 |
| IBW | 3/1/2016 | 15128 | .2 | .4 | .13 | .07 |
| IBW | 3/4/2016 | 15128 | .1 | .2 | .07 | .03 |
| IBW | 3/15/2016 | 15128 | .5 | 1 | .33 | .17 |
| IBW | 3/16/2016 | 15128 | 3.2 | 3.2 | 1.07 | 2.13 |
| IBW | 1/7/2016 | 13049 | .3 | .6 | .2 | .1 |
| IBW | 1/18/2016 | 13049 | .15 | .3 | .1 | .05 |
| IBW | 2/11/2016 | 13049 | .05 | .1 | .03 | .02 |
| IBW | 2/12/2016 | 13049 | .1 | .2 | .07 | .03 |
| IBW | 2/16/2016 | 13049 | .5 | 1 | .33 | .17 |
| IBW | 2/18/2016 | 13049 | .3 | .6 | .2 | .1 |
| IBW | 3/1/2016 | 13049 | .2 | .4 | .13 | .07 |
| IBW | 3/4/2016 | 13049 | .1 | .2 | .07 | .03 |
| IBW | 3/15/2016 | 13049 | .5 | 1 | .33 | .17 |

1    Therefore, the Court finds that Mr. Sagaser's number of hours should be reduced by 3.8

2  hours and Mr. Weiland's number of hours should be reduced by 3.61 hours to account for work

3  that actually should be compensable for only one-third of the total amount of time spent.

4    In Plaintiffs' opposition, they note that 22 entries in the April 1, 2016 timesheets are for

5  activities solely devoted to the issue of reopening Mr. Avalos's deposition.  Plaintiffs argue

6  many of these entries which Defendants claim are exclusive to reopening Mr. Avalos's

7  deposition are actually for "combined" work or work that is entirely unrelated to matters for

8  which Defendants may recover fees.  Plaintiffs specifically point to 5 entries in the April 1, 2016

9  timesheets for which Defendants seek full compensation, but Plaintiffs allege that Defendants

10  should not be entitled to compensation or only compensated for half of the time.  When the Court

11  reviews Defendants' time billing records as part of the Court's hour by hour analysis of the fee

12  request, the Court finds that some of the 22 entries that are claimed to be exclusive to reopening

13  Mr. Avalos's deposition are actually non-compensable in this motion.

14    Defendants are seeking compensation for work performed starting on September 1, 2015.

15  Mr. Avalos did not change his deposition transcript until October 4, 2015.  (ECF No. 54-1.)

16  Therefore, it is unclear, and Defendants have provided no discussion or analysis for how

17  Defendants can be compensated for work relating to reopening Mr. Avalos's deposition before

18  the date that Mr. Avalos changed his deposition transcript.  Further, in the parties' March 2, 2016

19  joint statement, Defendants stated that they sent Plaintiff's counsel a letter on December 16,

20  2016 regarding the issue of reopening Mr. Avalos's deposition.  In the March 2, 2016 joint

21  statement, Defendants did not refer to any earlier communication or work performed on this

22  issue.  Upon a review of the timesheets, it appears that some of the work performed prior to

23  December 16, 2016, is compensable as the entries state that Defendants performed research or

24  communications related to reopening Mr. Avalos's deposition.  However, a majority of the

25  entries prior to December 16, 2016 appear to be for work relating to the October 28, 2015

26  discovery dispute or other issues unrelated to reopening the deposition.

27    Mr. Rusca's work prior to December 16, 2015 appears to be compensable because all of

28  the billing entries state that he conducted legal research and analysis regarding reopening the

deposition.  The Court finds that none of the entries for Mr. Rusca's work are for non-compensable work and that the entries for Mr. Rusca's work are reasonable.  Therefore, the Court finds that Defendants should be compensated for 2.85 hours for Mr. Rusca's work.

However, the Court finds that all of Mr. Sagaser's and Ms. Weiland's entries prior to December 16, 2015, are non-compensable because they are regarding work related to the October 28, 2015 discovery dispute, which is unrelated to reopening Mr. Avalos's deposition. The Court also finds that the October 13, 2015, November 19, 2015, November 20, 2015 entries are the only entries of Mr. Weiland's that are compensable prior to December 16, 2015, because these are the only entries that specifically relate to reopening Mr. Avalos's deposition.  The Court finds that the following billing entries are non-compensable:

| Attorney's Initials | Billing Entry Date | Hours in Billing | Matter Numbers |
|---|---|---|---|
| HAS | 10/21/2015 | 0.15 | 15128 |
| HAS | 9/9/2015 | 2.7 | 13049 |
| HAS | 10/20/2015 | 0.35 | 13049 |
| HAS | 10/21/2015 | 0.15 | 13049 |
| HAS | 10/28/2015 | 1.8 | 13049 |
| HAS | 11/6/2015 | 0.6 | 13049 |
| IBW | 9/21/2015 | 0.3 | 15128 |
| IBW | 9/23/2015 | 0.8 | 15128 |
| IBW | 9/24/2015 | 1 | 15128 |
| IBW | 9/24/2015 | 0.25 | 15128 |
| IBW | 9/25/2015 | 0.05 | 15128 |
| IBW | 9/25/2015 | 0.7 | 15128 |
| IBW | 10/12/2015 | 1.7 | 15128 |
| IBW | 10/13/2015 | 3.1 | 15128 |
| IBW | 10/14/2015 | 0.35 | 15128 |
| IBW | 10/14/2015 | 0.2 | 15128 |
| IBW | 10/16/2015 | 0.15 | 15128 |
| IBW | 10/19/2015 | 0.15 | 15128 |
| IBW | 10/19/2015 | 0.25 | 15128 |
| IBW | 10/20/2015 | 3.9 | 15128 |
| IBW | 10/22/2015 | 0.1 | 15128 |
| IBW | 10/22/2015 | 0.1 | 15128 |
| IBW | 10/27/2015 | 0.15 | 15128 |

| | | | |
|---|---|---|---|
| IBW | 10/28/2015 | 0.05 | 15128 |
| IBW | 10/28/2015 | 0.9 | 15128 |
| IBW | 10/29/2015 | 0.25 | 15128 |
| IBW | 10/29/2015 | 0.4 | 15128 |
| IBW | 11/5/2015 | 0.1 | 15128 |
| IBW | 3/9/2016 | .1 | 15128 |
| IBW | 9/1/2015 | 0.5 | 13049 |
| IBW | 9/8/2015 | 0.4 | 13049 |
| IBW | 9/9/2015 | 0.5 | 13049 |
| IBW | 9/9/2015 | 1.2 | 13049 |
| IBW | 9/21/2015 | 0.3 | 13049 |
| IBW | 9/23/2015 | 0.8 | 13049 |
| IBW | 9/24/2015 | 0.25 | 13049 |
| IBW | 9/24/2015 | 1 | 13049 |
| IBW | 9/25/2015 | 0.05 | 13049 |
| IBW | 9/25/2015 | 0.7 | 13049 |
| IBW | 10/2/2015 | 0.9 | 13049 |
| IBW | 10/12/2015 | 1.7 | 13049 |
| IBW | 10/13/2015 | 3.1 | 13049 |
| IBW | 10/14/2015 | 0.35 | 13049 |
| IBW | 10/14/2015 | 0.2 | 13049 |
| IBW | 10/16/2015 | 0.15 | 13049 |
| IBW | 10/19/2015 | 0.15 | 13049 |
| IBW | 10/19/2015 | 0.25 | 13049 |
| IBW | 10/20/2015 | 3.9 | 13049 |
| IBW | 10/22/2015 | 0.1 | 13049 |
| IBW | 10/22/2015 | 0.1 | 13049 |
| IBW | 10/27/2015 | 0.15 | 13049 |
| IBW | 10/28/2015 | 0.05 | 13049 |
| IBW | 10/28/2015 | 0.9 | 13049 |
| IBW | 10/29/2015 | 0.25 | 13049 |
| IBW | 10/29/2015 | 0.4 | 13049 |
| IBW | 11/5/2015 | 0.1 | 13049 |
| IBW | 3/9/2016 | .1 | 13049 |
| AEW | 10/16/2015 | 2.55 | 15128 |
| AEW | 10/19/2015 | 3.05 | 15128 |
| AEW | 10/19/2015 | 3.05 | 15128 |

The Court notes that all of the entries for Ms. Weiland in the billing records are non-compensable, and therefore, the Court finds that Ms. Weiland has 0 compensable hours.  The Court notes that when the Court reduces the number of hours that are compensable for Mr.

Sagaser and Mr. Weiland, they have 0 compensable hours.  Mr. Sagaser and Mr. Weiland clearly have spent time and incurred fees regarding work on reopening Mr. Avalos's deposition, and there are entries in the time billing records which reflect that they have spent time on compensable work.  When the Court adds the number of hours in Mr. Sagaser's compensable entries, the Court finds that Mr. Sagaser is entitled to 3.75 hours of compensation for the time billing records attached to the April 1, 2016 motion for attorney's fees, which the Court finds to be a reasonable amount of time for the work that Mr. Sagaser did on this matter.  When the Court adds the number of hours in Mr. Weiland's compensable entries, the total is 11.39 hours. However, the Court finds that 25% of the time expended preparing the motion for attorney's fees should be cut because of the less than adequate presentation of the time billing records. Therefore, the Court cuts 25% of the 2.2 hours that Mr. Weiland expended preparing the motion for attorney's fees, which is a reduction of .55 hours.  Thus, the Court finds that Mr. Weiland is entitled to 10.84 hours of compensation for the time billing records attached to the April 1, 2016 motion for attorney's fees, which the Court finds to be a reasonable amount of compensable time for the work that Mr. Weiland did on this matter.

The Court finds that all of Mr. Litman's billing entries are compensable, but that 25% of the time expended preparing the motion for attorney's fees should be cut because of the less than adequate presentation of the time billing records.  Therefore, the Court cuts 25% of the 15.1 hours that Mr. Litman expended preparing the motion for attorney's fees, which is a reduction of 3.78 hours.  Thus, the Court finds that Mr. Litman is entitled to 16.72 hours for the time billing records attached to the April 1, 2016 motion for attorney's fees, which the Court finds to be a reasonable amount of compensable time for the work that Mr. Weiland did on this matter.

The total number of hours that Defendants are entitled to be compensated for based on the time entries in Defendants' April 1, 2016 motion for attorney's fees is 34.16 hours, which is comprised of 2.85 hours for Mr. Rusca, 16.72 hours for Mr. Litman, 3.75 hours for Mr. Sagaser, and 10.84 hours for Mr. Weiland.

**b.    Attorney's fees requested in July 26, 2016 supplement**

In the July 26, 2016 supplement, Defendants ask for fees for 1.6 hours for Mr. Sagaser,

1    1.9 hours for Mr. Weiland, and 13.9 hours for Mr. Litman.  The Court notes that all of the billing

2    entries in timesheets attached to the supplement have (1/2) at the end of them.  However, the

3    (1/2) at the end of the entries conflicts with Defendants' claims that they are only seeking to be

4    compensated for one-third of the time spent on the billing entries.  In Defendants' supplement,

5    they allege that they are only seeking to be compensated for one-third of the time for their billing

6    entries after April 1, 2016.  However, when Plaintiffs pointed out that all of the time entries

7    accompanying the supplemental fee request are construed as combined work for which

8    Defendants are requesting one-third of the value, Defendants replied that Plaintiffs' position is

9    incorrect.  Defendants pointed to Mr. Litman's April 4, 2016 entry billing 1.0 hour to each client

10   regarding reopening the deposition and April 5, 2016 entry billing 1.7 hours to each client

11   regarding reopening the deposition.  (ECF No. 114 at 6.)  Therefore, it appears that Defendants

12   claim that some of the entries in the timesheets attached to the supplement are actually for work

13   that is only relating to reopening Mr. Avalos's deposition.

14          As discussed above, the Court is confronted with a situation in which Defendants are

15   asserting that all hours in the billing records are requested for attorney's fees, but the billing

16   records contain far more hours than are being sought.  Defendants stated at the hearing that they

17   already reduced the number of hours for these entries, so the amount in the billing entry is the

18   reduced number of hours.  The Court treats the billing entries in the billing records attached to

19   the supplement as the amount of hours that Defendants are requesting fees for relating to

20   reopening Mr. Avalos's deposition.[3]

21          Plaintiffs argue that nearly all of the time and work devoted by the parties and the Court

22   on Plaintiffs' request for reconsideration of the Magistrate Judge's March 18, 2016 ruling related

23

---

24   [3] The Court notes that the total amount of time for the work for billing entries in the supplement with (1/2) at the end
     of them may be double the amount of hours in the original billing entry or triple the amount of hours in the original

25   billing entry.  However, it is immaterial for purposes of this motion whether it is double or triple the amount of
     hours because the Court finds that none of the entries in the billing time records attached to the supplement need to

26   be reduced by a portion of the number of hours.  The Court finds that for combined entries in the billing time
     records, even if Defendants had reduced the original billing entry in half instead of a third, that reduction would be

27   reasonable, and therefore, the Court does not reduce the number of hours any further.  The only reductions that the
     Court finds for the billing time records attached to the supplement are fully non-compensable entries, so the Court

28   deducts the full number of hours stated in the billing entry.

1  to the Magistrate Judge's ruling on the compelled disclosure of employee identities, and not on
2  the issue of fees.  As discussed above, the Court finds that the fact that the Court spent less time
3  in the order discussing the reopening of Mr. Avalos's deposition compared to the First
4  Amendment associational privilege issue does not mean that it was unreasonable for the parties
5  to spend the same amount of time researching, analyzing, and briefing each issue.  When it
6  comes to fees for the motion for reconsideration, Defendants are only entitled to receive
7  compensation related to the issue of sanctions, whether those are for entries that are solely
8  related to the issue of sanctions or a part of the time for entries that are combined work.[4]

9       Upon a review of Defendants' supplement timesheets showing the work performed in this
10 case as it relates to Defendants' opposition to Plaintiffs' motion for reconsideration and other
11 work pertaining to this discovery issue after the motion for attorney's fees was filed, the Court
12 finds that Defendants have included impermissible entries.  For instance, the billing entries show
13 that Mr. Weiland billed on April 14, 2016, for .2 hours on invoice 4846 and .2 hours on invoice
14 5001, which is a total of .4 hours.  This time was for reviewing and analyzing the case cited by
15 the district court for the hearing on Plaintiffs' request for reconsideration of Magistrate Judge's
16 order granting Defendants' motion to compel and sanctions.  Mr. Weiland also billed on April
17 19, 2016, for .2 hours in invoice 5063 and .2 hours in invoice 5014, which is a total of .4 hours,
18 for reviewing and analyzing First Amendment cases that distinguish case cited by district court
19 for Plaintiffs' motion for reconsideration.  Although Defendants may be claiming that these are
20 combined entries, the case cited by the district court was a case that only pertained to the First
21 Amendment associational privilege issue, and therefore these entries are non-compensable.
22 Accordingly, .8 hours are deducted from Mr. Weiland's total number of hours in the supplement
23 for the April 14, 2016 and April 19, 2016 entries.

24      Any work on the supplement to the motion for reconsideration after the hearing on the
25 motion for reconsideration before District Judge Drozd is non-compensable because the

---

[4] Plaintiffs did not contest the issue of reopening Mr. Avalos's deposition in the motion for reconsideration, and
therefore, Defendants are not entitled to compensation in the instant motion for attorney's fees for any research and
work on the issue of reopening the deposition after the date of the March 18, 2016 order.  They are only entitled to
be compensated after that time for responding to the sanctions request and the preparation of the attorney's fees
motion.

supplemental briefing on the motion for reconsideration only pertained to the issue of the First Amendment associational privilege.  Mr. Weiland billed on May 1, 2016, for .2 hours on invoice 5063 and .2 hours on invoice 5014, which is a total of .4 hours, for reviewing and analyzing Plaintiff's supplemental submissions in support of Plaintiff's motion for reconsideration.  Mr. Weiland also billed on May 4, 2016, for .2 hours on invoice 5063 for finalizing the supplemental brief in response to Plaintiff's supplement brief regarding the request for reconsideration. Therefore, the Court deducts .6 are deducted hours from Mr. Weiland's total number of hours in the supplement for the May 1, 2016 and May 4, 2016 entries.  Accordingly, 1.4 hours are deducted from Mr. Weiland's total number of hours in the supplement, which results in .5 hours for Mr. Weiland based on the hours requested in the supplement.  The Court finds that .5 hours is a reasonable amount of time and Mr. Weiland is awarded .5 hours based on the hours that Defendants seek compensation for in the supplement.

On April 14, 2016, Mr. Sagaser billed .4 hours on invoice 5001 and .4 hours on invoice 4846 for reviewing authorities regarding First Amendment per court order regarding issue of assertion of First Amendment right not to disclose names of employees at litigation meeting. This is non-compensable in the instant motion for attorneys' fees as it does not relate to the issue of reopening Mr. Avalos's deposition or the motion for sanctions.  Therefore, the Court deducts .8 hours from Mr. Sagaser's total.  When the Court deducts the .8 hours from the requested 1.6 hours, .8 hours remain.  Accordingly, the Court finds that .8 hours is reasonable, and awards .8 hours based on the hours that Defendants seek compensation for in the supplement.

Mr. Litman seeks fees for work he performed on April 5, 2016, and April 6, 2016, preparing the opposition to motion for reconsideration pursuant to Federal Rules of Civil Procedure Section 72(a) and Local Rule 303; and conducting research and analysis regarding the identities of employees present at meetings and First Amendment issues.  However, this entry is exclusively work that is non-compensable in the instant motion for attorneys' fees.  The timesheet states 2.7 hours for April 5, 2016, and 2.8 hours for April 6, 2016 for invoice 5001 and invoice 4846.  Therefore, Mr. Litman has included 5.4 hours of non-compensable hours for April 5, 2016, and 5.6 hours of non-compensable hours for April 6, 2016, in the billing records.  The

1 Court finds that 11 hours should be deducted from Mr. Litman's total.  Mr. Litman is only

2 requesting 13.9 hours in the supplement, which includes 6.8 hours for time spent preparing the

3 supplement and 7.1 hours for work that is reflected in the entries in the billing records.  When the

4 Court deducts the 11 hours for the April 5, 2016 and April 6, 2016 non-compensable entries, Mr.

5 Litman would be at 0 hours for the work that is reflected in the billing records.  While the billing

6 records do not reflect any entries for preparing the supplement, Mr. Sagaser declares in his July

7 26, 2016 declaration that the total attorney's fees sought by Defendants pertaining to this

8 discovery issue include 7.3 hours preparing the supplemental motion for attorney's fees, and that

9 specifically, Mr. Litman spent 6.8 hours preparing the supplemental motion for attorney's fees.

10 (Sagaser July 26, 2016 Decl. ¶ 5.)

11      Defendants also request .5 hours for time that they spent preparing the supplement above

12 and beyond the 6.8 hours that Mr. Litman spent preparing the supplement.  (Sagaser July 26,

13 2016 Decl. ¶ 5.)  However, the declaration does not set forth which attorney or attorneys spent

14 the .5 hours.  Therefore, the Court finds that the only time for which Defendants should be

15 compensated for preparing the supplement is the amount of time that Mr. Litman spent preparing

16 the supplement.  However, the Court finds that 25% of the time expended preparing the

17 supplement to the motion for attorney's fees should be cut because of the less than adequate

18 presentation of the time billing records.  Therefore, the Court cuts 25% of the 6.8 hours that Mr.

19 Litman expended preparing the supplement to the motion for attorney's fees, which is a

20 reduction of 1.7 hours.  Thus, the Court only awards Mr. Litman 5.1 hours, which the Court finds

21 to be a reasonable amount of time for preparing the supplement.

22      The total compensable hours that Defendants are entitled to be compensated for based on

23 Defendants' July 26, 2016 supplement to their motion for attorney's fees is 6.4 hours, which is

24 comprised of 5.1 hours for Mr. Litman, .5 hours for Mr. Weiland, and .8 hours for Mr. Sagaser.

25      2.    <u>Hourly Rate for Attorney's Fees</u>

26      Defendants' counsel requests the following hourly rates: $350.00 for Mr. Sagaser;

27 $250.00 for Mr. Wieland; $235.00 for Ms. Wieland; $225.00 for Mr. Rusca; and $195.00 for Mr.

28 Litman.  Plaintiffs do not oppose these requested hourly rates.  Therefore, the Court grants

Defendants' requested hourly rates.

       3.    <u>Attorney's Fee Award</u>

       When the Court adds up the number of hours that are awarded for the motion for attorney's fees and the supplement, the total number of hours is 40.56, which is 34.16 hours from the hours requested in the motion for attorney's fees and 6.4 hours from the hours requested in the supplement.   Based on the number of hours awarded, the Court awards the following attorney's fees:

| Attorney | Hours Awarded from Motion for Attorney's Fees | Hours Awarded from the Supplement | Total Awarded Hours | Hourly Rate | Attorney's Fees Awarded |
|---|---|---|---|---|---|
| AEW | 0 | 0 | 0 | $235.00 | $0 |
| CMR | 2.85 | 0 | 2.85 | $225.00 | $641.25 |
| HAS | 3.75 | .8 | 4.55 | $350.00 | $1,592.50 |
| IBW | 10.84 | .5 | 11.34 | $250.00 | $2,835.00 |
| DGL | 16.72 | 5.1 | 21.82 | $195.00 | $4,254.90 |

       Therefore, the Court awards Defendants $9,323.65 in attorney's fees to Defendants as sanctions against Plaintiffs for the motion to compel the reopening of Mr. Avalos's deposition.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1

**IV.**

**ORDER**

Based on the foregoing, IT IS HEREBY ORDERED that Defendants' motion for attorney's fees and supplement is GRANTED IN PART.  Plaintiffs shall pay the amount of $9,323.65 in attorney's fees to Defendants within fourteen (14) days of the date of service of this order.

IT IS SO ORDERED.

Dated:   **September 2, 2016**

_____

UNITED STATES MAGISTRATE JUDGE