UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEATRIZ ALDAPA, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>FOWLER PACKING COMPANY, INC., et al.,<br><br>　　　　　Defendants. | No. 1:15-cv-00420-DAD-SAB<br><br>ORDER DENYING MOTION TO STAY PENDING APPEAL<br><br>(Doc. No. 117) |

On August 26, 2016, defendants filed a motion to stay this action pending the appeal of an order of dismissal entered by this court in the case of *Fowler Packing Company, Inc., et al. v. David M. Lanier, et al.*, Case No. 1:16-cv-00106-DAD-SAB, 2016 WL 3648963 (E.D. Cal. July 7, 2016). (Doc. No. 117.) Plaintiffs opposed the motion for a stay on September 22, 2016 (Doc. No. 121), and defendants filed a reply on September 27, 2016 (Doc. No. 122). The motion was heard for oral argument on October 6, 2016, with attorney Mario Martinez appearing telephonically on behalf of plaintiffs and attorney Howard Sagaser appearing telephonically on behalf of defendants. For the reasons discussed below, the court will deny the motion for a stay.

**Legal Standard**

Defendants here seek a stay pursuant to the decision in *Landis v. North American Co.*, 299 U.S. 248 (1936), in which the Supreme Court noted that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its

1

docket with economy of time and effort for itself, for counsel, and for litigants." *Landis*, 299 U.S. at 254; *see also Stone v. I.N.S.*, 514 U.S. 386, 411 (1995) ("[W]e have long recognized that courts have inherent power to stay proceedings.") (Breyer, J., dissenting) (citing *Landis*). Deciding whether to grant a stay pending the outcome of other proceedings "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254–55. The party seeking such a stay must "make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one [sic] else." *Id.* at 255.

The Ninth Circuit Court of Appeals has described the *Landis* standard as requiring the weighing of several different factors against each other, including: (1) "the possible damage which may result from the granting of a stay"; (2) "the hardship or inequity which a party may suffer in being required to go forward"; and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). A stay may be granted regardless of whether the separate proceedings are "judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979).

The Ninth Circuit has limited a district court's ability to issue stays pursuant to the decision in *Landis*. In *Leyva*, which concerned alleged Fair Labor Standards Act ("FLSA") violations, the Ninth Circuit cautioned that, given the strong congressional policy favoring prompt payment of wages, "[a] stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the court." 593 F.2d at 864. Moreover, the Ninth Circuit has held that "being required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity' within the meaning of *Landis*." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005). The court has also recognized that staying a suit seeking injunctive relief against ongoing or future harm causes a more significant hardship against a plaintiff resisting a stay than a suit for

damages. *Id.* Finally, it has been observed that where the other proceeding is "unlikely to decide, or to contribute to the decision of, the factual and legal issues before the district court," a stay under *Landis* is not justified. *Id.* at 1113.

"[W]hile it is the prerogative of the district court to manage its workload, case management standing alone is not necessarily a sufficient ground to stay proceedings." *Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) (noting also that stays should not be granted if the moving party cannot demonstrate hardship or inequity, or if the stay would result in undue delay).

**Analysis**

The court begins its analysis, as the Supreme Court did in *Landis*, by inquiring whether there is "a fair possibility that [a] stay . . . will work damage" to the opposing party. *Landis¸* 299 U.S. at 255. This is certainly such a case. Here, plaintiffs' complaint alleges that the harms are ongoing and seeks injunctive relief in addition to monetary damages. (Doc. No. 2 at 22; *see also* Doc. No. 2 at 10 (alleging that the proposed subclass should include all relevant employees from four years prior to the action to "the present," rather than to the filing of the action).) As noted, the increased harm a stay would cause to individuals who seek injunctive relief for ongoing violations has been recognized. *Lockyer*, 398 F.3d at 1112. Notwithstanding the issue of whether a further delay in payment of required compensation to workers would work significant damage against class members, *see Leyva*, 593 F.2d at 864 (noting strong policies in favor of prompt payment of wages), the alleged ongoing violations in this establish that a stay would "work damage" to plaintiffs. *Landis*, 299 U.S. at 255.

Since there would be harm to class members in this case were a stay to be granted, the court then must inquire whether defendants have made out "a clear case of hardship or inequity in being required to go forward." *Landis*, 299 U.S. at 254–55. However, the only harm identified by defendants at this juncture[1] is the cost of litigating this action. (*See* Doc. No. 117-2 at 13–14

---

[1] Defendants suggested at the hearing that issues related to putative class counsel Mario Martinez's alleged conflict of interest is another hardship to defendants which they seek to ameliorate by way of the requested stay. How this would constitute a "clear case of hardship or inequity" is not at all apparent to the court. Defendants argue only that attorney Martinez's

(noting defendants "will be unduly burdened and prejudiced in having to spend thousands of dollars to defend themselves").) The Ninth Circuit has specifically held that "being required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity' within the meaning of *Landis*." *Lockyer*, 398 F.3d at 1112. Accordingly, defendants have failed to establish a clear case of hardship or inequity in being required to go forward here.

Even assuming *arguendo* defendants could establish a clear case of hardship or inequity absent the granting of a stay, the Ninth Circuit has also cautioned that, given the strong policies favoring prompt payment of wages, "[a] stay should not be granted [in cases of non-payment of wages] unless it appears likely the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the court." *Leyva*, 593 F.2d at 864. While *Leyva* involved the FLSA, a federal statute, and this suit involves predominantly state law claims, the state of California values prompt payment of wages to the same extent as does the United States Congress. *See Smith v. Superior Court of Los Angeles Cty.*, 39 Cal. 4th 77, 82 (2006) ("The public policy in favor of full and prompt payment of an employee's earned wages is fundamental and well established . . . California has long regarded the timely payment of employee wage claims as indispensable to the public welfare.").

Plaintiffs' complaint alleges non-payment or underpayment of wages for a significant number of employees—defendants have represented in other filings that the proposed classes likely include more than 14,000 employees—over a period of at least four years prior to the filing of the suit in 2015 (i.e., since at least 2011). (Doc. No. 2.) Because the appeal in *Fowler Packing Co., Inc. v. Lanier* was recently initiated, it does not appear likely that those proceedings "will be concluded within a reasonable time in relation to the urgency of the claims presented to the

/////

/////

---

adequacy as class counsel is relevant to the issue of whether a stay would promote the "orderly course of justice," not whether defendants would suffer a "clear case of hardship or inequity" by being forced to go forward with this action. (*See* Doc. No. 117-2 at 10–13.) As such, the court will not consider such allegations by defendant in determining whether they have made a showing of hardship or inequity.

court." *Leyva*, 593 F.2d at 864.[2] Further, defendant here seeks a stay prior to a motion for class certification being brought, when the instant case is still in its nascent stages. A stay at this point in the case would not be reasonable, given the nature of the claims alleged by plaintiffs.

Finally, even assuming defendants were to have identified a hardship in being forced to continue, the court would then look to whether there is a benefit to "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX*, 300 F.2d at 268. On this point, defendants advance two arguments as to why the orderly course of justice is served by the granting of a stay here: (1) because the Ninth Circuit in *Lanier* may find unconstitutional the safe harbor limitations which relate to plaintiff's claim alleging a failure to adequately compensate rest breaks, it could effectively moot one of plaintiff's claims; and (2) a decision in *Lanier* by the Ninth Circuit may provide some guidance as to whether plaintiff's counsel Mario Martinez has a conflict of interest due to his relationship with the United Farmworkers ("UFW") and should therefore not be permitted to serve as class counsel in this action. (Doc. No. 117-2 at 10–11.) These arguments are unpersuasive.

First, it is certainly true that a decision by the Ninth Circuit in *Lanier* reversing the undersigned's order of dismissal in that case *might* ultimately result in the dismissal of plaintiffs' second cause of action, alleging defendants failed to compensate rest breaks as required by California law, in this action. (Doc. No. 2 at 15.) However, this is the sole cause of action presented in this case that could possibly be affected by such a decision in *Lanier*. In this case, plaintiffs' allege eight other causes of action asserting a variety of violations of both state and federal employment law. (Doc. No. 2 at 15–21.) At best, a stay pending resolution of the appeal in *Lanier* might ultimately aid the disposition of one of nine claims presented in this case, while the other eight idle in the background. This hardly demonstrates a stay would aid "the orderly

---

[2] This remains true despite the recent order of the Ninth Circuit Court of Appeals granting an apparent request for an expedited briefing schedule in the *Lanier* appeal. *See* 16-cv-0106, Doc. No. 40. Although the circuit has directed the case to be calendared as soon as possible following briefing, when a decision may be forthcoming thereafter is unknown. Of course, the urgency of the claims presented is clear.

course of justice." *CMAX*, 300 F.2d at 268.

Second, as referenced above, defendants' comments about Mario Martinez's ability to serve as class counsel in this case do not aid their case for a stay. (*See* Doc. No. 117-2 at 11 (noting generally that a decision in *Lanier* would "provide guidance" on this point).) Rule 23 generally governs the requirements for appointing class counsel, and looks to "counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). Defendants allege that attorney Martinez has a conflict of interest with putative class members here due to his service as general counsel for the UFW. (Doc. No. 117-2 at 12.) According to defendants, the exemptions to the safe harbor provision at issue in *Lanier* were supported by the UFW so attorney Martinez could earn attorney's fees if this case is certified as a class action and plaintiffs prevail. (*Id.*) Defendants speculate that class members could have ultimately recovered more money had defendants here been allowed to pay out on those claims under the safe harbor provision. (*Id.*) These alleged circumstances, according to defendants, demonstrate a conflict of interest on the part of attorney Martinez. (*Id.*) Further, defendants state the UFW has unsuccessfully attempted to unionize certain of defendants' employees in the past, and that attorney Martinez's relationship with the UFW and potential class members who chose not to unionize creates another, unidentified, conflict of interest. (*Id.* at 12–13.)[3]

However, it is unclear what, if any, information regarding this issue would be gained by awaiting the Ninth Circuit's resolution of the appeal in *Lanier*. There is always a possibility, albeit a remote one in the opinion of this court, that the Ninth Circuit *might* comment on Martinez's relationship with the UFW and these class actions in a general sense, *if* it concluded that this court's order of dismissal in *Lanier* should be reversed. However, even if it did so, it is very unlikely that it would decide whether attorney Martinez can adequately serve as class counsel under Rule 23 – a potential issue that would presumably be briefed, argued and decided, if necessary, at the class certification stage of this litigation.

/////

---

[3] Defendants do not explain the alleged additional conflict they refer to but rather merely label it as "obvious."

**Conclusion**

For the foregoing reasons, defendants' motion to stay (Doc. No. 117) is denied.

IT IS SO ORDERED.

Dated: **October 19, 2016**

_/s/ Dale A. Drozd_
UNITED STATES DISTRICT JUDGE