UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEATRIZ ALDAPA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>FOWLER PACKING COMPANY, INC., et al.,<br><br>Defendants. | No. 1:15-cv-00420-DAD-SAB<br><br>ORDER DIRECTING ADDITIONAL BRIEFING |

On February 3, 2017, plaintiffs filed a motion for class certification. (Doc. No. 145.) Following briefing by the parties, oral argument was held on the motion on May 17, 2017, with attorneys Mario Martinez, Ira Gottlieb, and Dexter Rappleye appearing on behalf of plaintiffs and attorneys Howard Sagaser and Ian Wieland appearing on behalf of defendants. At that hearing, the court advised the parties a written order would issue directing further briefing on several different topics relevant to the court's disposition of the pending class certification motion.

The parties are now directed to brief the following issues:

1. Whether the named plaintiffs have standing to seek injunctive relief on behalf of the class, given they are no longer current employees, or damages for any class period beyond which they were employed, and if not, whether additional named plaintiffs with standing to seek such relief can and will be joined;

/////

1

2. Whether certification of each of the subclasses under Rule 23(b)(2) is appropriate in light of the addition of any additional named plaintiffs, or necessary[1] for any subclass certified under Rule 23(b)(3);

3. Whether there is evidence the alleged meal period violations affected all of defendants' non-exempt agricultural workers within the Meal Period Subclass or was confined to crews headed by certain forepersons, and if the latter, which forepersons would appropriately be included in any reformulated subclass definition;

4. How plaintiffs' legal theories provide for the named defendants' liability with respect to the actions of their forepersons in connection with the proposed Ghost Worker Subclass;

5. To the extent the Ghost Worker Subclass is constrained to crews overseen by certain forepersons, which forepersons would appropriately be included in any reformulated subclass definition;

6. Whether the Off-the-Clock Work Subclass may be certified with respect to both hourly and piece-rate workers; and

7. Whether there is evidence the alleged violations of the Off-the-Clock Work Subclass affected all defendants' non-exempt agricultural workers or were confined to crews headed by certain forepersons, and if the latter, which forepersons would appropriately be included in any reformulated subclass definition.

Plaintiffs' initial brief addressing these issues is due within fourteen (14) days of service of this order. Defendants' opposition is due within fourteen (14) days thereafter. Plaintiffs' may, but are not required to, file a reply brief within seven (7) days of defendants' opposition. Both plaintiffs' initial brief and defendant's opposition thereto may be no more than twenty-five (25) pages in length. Plaintiffs' reply brief may be no more than ten (10) pages in length.

As further discussed during the hearing, defendants are directed to file a request to seal any records disclosed during discovery that plaintiffs seek to use in connection with the class

---

[1] *See* 5 Newberg on Class Actions § 4:38 (discussing hybrid classes under Rule 23(b)(2) and (b)(3), and suggesting the court need not conduct a separate (b)(2) inquiry for classes meeting the (b)(3) requirement).

certification motion for which defendants believe sealing is necessary within fourteen (14) days of service of this order.  Plaintiffs may file an opposition or a notice of non-opposition to such a request within fourteen (14) days thereafter, and defendants may file a reply seven (7) days thereafter.  Any request to seal should be accompanied by a proper showing under Local Rule 141 and relevant authority, and may not simply rely on the parties' stipulated protective order or their stipulation to sealing.

IT IS SO ORDERED.

Dated: **May 19, 2017**

UNITED STATES DISTRICT JUDGE