UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEATRIZ ALDAPA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>FOWLER PACKING COMPANY, INC., et al.,<br><br>Defendants. | No. 1:15-cv-00420-DAD-SAB<br><br>ORDER DENYING REQUEST FOR SEALING |

On June 2, 2017, a request to seal documents was submitted by defendants in this matter, as discussed at the hearing on plaintiffs' class certification motion. This request to seal indicated defendants wished to seal three documents plaintiffs anticipated submitting in relation to their class certification motion—a ranch map index, a list of growers for Ag Force LLC, and a job identification list for Ag Force LLC.[1] No opposition was received from plaintiffs. For the reasons that follow, defendants' request for filing under seal is denied.

**LEGAL STANDARD**

All documents filed with the court are presumptively public. *San Jose Mercury News, Inc. v. U.S. Dist. Court*, 187 F.3d 1096, 1103 (9th Cir. 1999) ("It is well-established that the fruits

---

[1] The request for sealing states defendants request that six documents, not three, be sealed. However, it appears this refers to the total number of pages comprising the documents in question, rather than the total number of documents.

1

of pretrial discovery are, in the absence of a court order to the contrary, presumptively public."). Pursuant to Rule 5.2(d) of the Federal Rules of Civil Procedure, a court "may order that a filing be made under seal without redaction." However, even if a court orders such a filing, it may "later unseal the filing or order the person who made the filing to file a redacted version for the public record." Fed. R. Civ. P. 5.2(d). "Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).

Two standards generally govern requests to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677 (9th Cir. 2010).

> [J]udicial records attached to dispositive motions [are treated] differently from records attached to non-dispositive motions. Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that "compelling reasons" support secrecy. A "good cause" showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions.

*Kamakana*, 447 F.3d at 1180 (citations omitted). The reason for the difference between the two standards is that "[n]ondispositive motions are often unrelated, or only tangentially related, to the underlying cause of action, and, as a result, the public's interest in accessing dispositive materials does not apply with equal force to non-dispositive materials." *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665 678 (9th Cir. 2010) (quotations omitted).

Under the "compelling reasons" standard applicable to dispositive motions such as the one at issue here:

> [T]he court must conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture.

/////

/////

/////

*Id.* at 1178–79 (internal quotation marks, omissions, and citations omitted).[2] The party seeking to seal a judicial record bears the burden of meeting the "compelling reasons" standard. *Id.* at 1178; *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).

"In general, 'compelling reasons' sufficient to . . . justify sealing court records exist when such 'court files might . . . become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id*. "The 'compelling reasons' standard is invoked even if the dispositive motion, or its attachments, were previously filed under seal or protective order." *Id.* at 1178–79.

**DISCUSSION**

Defendants have not presented compelling reasons warranting the filing of the documents in question here under seal. Typically, "compelling reasons" are found where the records in question might be used "to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179. Believing they needed to satisfy only a showing of "good cause," defendants have provided neither argument nor authority as to why their request demonstrates "compelling reasons" in support of sealing. Nevertheless, defendants do make two general arguments in favor of sealing: first, that the documents contain

---

[2] While courts frequently use the terms "dispositive" and "non-dispositive" motions in this context, the Ninth Circuit has clarified that the "compelling reasons" standard applies whenever the motion at issue "is more than tangentially related to the merits of a case." *Center for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). In some instances, the proposed filing of documents under seal in connection with motions for preliminary injunction, for sanctions, or *in limine*, though such motions are not dispositive, may be subject to the "compelling reasons" test, predicated on the right of access and the need to "provide the public with a more complete understanding of the judicial system and a better perception of its fairness." *Id.* at 1097–1101 (quoting *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 161 (3d Cir. 1993)). The motion for class certification at issue here is clearly more than tangentially related to the merits of the case, and were that motion to be denied in its entirety, it would almost certainly be dispositive of this case. Defendants' attempts to analogize this situation to that considered by the court in *Share v. Air Properties G. Inc.*, 538 F.2d 279 (9th Cir. 1976) are, therefore, unpersuasive.

defendants' trade secrets, such as a "list of growers and location of such growers"; and second, that these documents "will subject Defendants' to unionization efforts."

The first of these arguments is simply too conclusory to be persuasive. While the court is certainly sympathetic that trade secrets may require protection, defendants here make only one vague proclamation that trade secrets will be impaired if these documents are not filed under seal. A generic assertion that the documents in question contain trade secrets that will allow competitors to "undermine . . . relationship[s]" and steal business from defendants is insufficient. The court cannot use guesswork to "conscientiously balance" the interests of the public with those of defendants here. *Kamakana*, 447 F.3d at 1178–79

Defendants' second argument is even less convincing. Fearing possible attempts to unionize workers is not at all analogous to the reasons the Ninth Circuit has found "compelling" to warrant sealing. *Kamakana*, 447 F.3d at 1179 (holding sealing warranted where records could be used to "gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets"). Attempts to unionize are not inherently scurrilous, libelous, or inappropriate.[3] Defendants' desires in this regard provide no compelling reason for the court to authorize the filing of the documents in question under seal.

Further, in reviewing the request to seal, the court notes that the records submitted for filing under seal have already been redacted. Local Rule 140 requires redaction in certain, enumerated circumstances to protect privacy, such as where financial account numbers, dates of birth, and Social Security numbers are involved. Absent this, "[n]o other redactions are permitted unless the Court has authorized the redaction." L.R. 140(b). If protected information is to be

---

[3] The right to unionize is protected by statute. See, e.g., 29 U.S.C. § 157 ("Employees shall have the right to self-organization, to form, join, or assist labor organizations, to bargain collectively through representatives of their own choosing, and to engage in other concerted activities for the purpose of collective bargaining or other mutual aid or protection."). The First Amendment too applies to unionizing activity. *See Allee v. Medrano*, 416 U.S. 802, 819 n.13 (1974) ("[I]t has been implicitly recognized that protected First Amendment rights flow to unions as well as to their members and organizers."). California law has endeavored to protect agricultural workers to a similar extent as workers protected by federal statutes, despite their exclusion from the same. *See Bud Antle, Inc. v. Barbosa*, 45 F.3d 1261, 1264 (9th Cir. 1994) (discussing California's Agricultural Labor Relations Act).

4

filed, an "order authorizing redaction should be sought." *Id.* Neither party here has sought leave to file redacted versions of any documents. Submission of these redacted documents, which defendants have also sought to file under seal in their entirety, is not authorized by the court's Local Rules.

**CONCLUSION**

For the reasons set forth above, defendants' request to file documents under seal is denied. Where such a request to file under seal is denied, the court returns the files to the party which sought sealing and does not file them on the docket. L.R. 141(e)(1). Since plaintiffs sought to use these documents in connection with their class certification motion, plaintiffs are directed to file the unredacted versions of these documents on the court's docket within seven (7) days of this order.

IT IS SO ORDERED.

Dated: **June 12, 2017**

UNITED STATES DISTRICT JUDGE