UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEATRIZ ALDAPA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>FOWLER PACKING COMPANY, INC., et al.,<br><br>Defendants. | No. 1:15-CV-00420-DAD-SAB<br><br>ORDER GRANTING REQUEST FOR REDACTION<br><br>(Doc. No. 180) |

Following this court's denial of a prior motion to seal, defendants have filed a request for a court order authorizing the redaction of the same documents. (Doc. Nos. 179, 180.) Defendants have both renewed and expanded upon their prior arguments in now contending that filing redacted versions of the documents in question is warranted because they reflect trade secrets. According to defendants, the ranch map index and grower list at issue identify entities that are willing to hire temporary employees, information which is not otherwise publicly available. (Doc. No. 180 at 4–7.) Further, according to defendants, the information to be redacted provides ownership and contact information concerning the ranches and growers that cannot be ascertained from publicly available documents. Therefore, defendants contend, disclosing this information to the public would be a windfall for any competing temporary labor force agencies who otherwise lack access to this list of potential clients.

/////

1

Both the Ninth Circuit Court of Appeals and various district courts within this circuit have defined a "trade secret" as "any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972) (quoting Restatement of Torts § 757, cmt. b); *see also Forro Precision, Inc. v. Int'l Bus. Mach. Corp.*, 673 F.2d 1045, 1057 (9th Cir. 1982); *Beaulieu Grp., LLC v. Bates*, No. EDCV 15-1090 JGB (KKx), 2016 WL 7626471, at *2 (C.D. Cal. Oct. 18, 2016); *Song Yi Chung v. Ford Motor Co.*, No. 13-00604 JMS/RLP, 2015 WL 4999677, at *2, (D. Haw. Aug. 20, 2015); *St. Clair v. Nellcor Puritan Bennett LLC*, No. CV-10-1275-PHX-LOA, 2011 WL 5335559, at *1 (D. Ariz. Nov. 7, 2011). Similarly, under California law a trade secret must "[d]erive[ ] independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use," and must also be "the subject of efforts that are reasonable under the circumstances to maintain its secrecy." Cal. Civ. Code § 3426.1(d); *PMMR, Inc. v. Chaloner*, No. SACV 14-1968-DFM, 2015 WL 13283060, at *3 (C.D. Cal. Feb. 12, 2015). Client lists are the sort of information which may be a protectable trade secret in California. *See Hilderman v. Enea TekSci, Inc.*, 551 F. Supp. 2d 1183, 1201 (S.D. Cal. Mar. 12, 2008) ("Client lists can receive trade secret protection if they satisfy the requirements of Cal. Civ. Code § 3426.1(d)."). Defendants assert that the lists in question here have independent economic value derived from the fact that they are not generally known, and that defendants have "consistently made valiant efforts to keep this information confidential." (Doc. No. 180 at 4.) The court concludes the documents include trade secrets.

Given this showing, the court must then "'conscientiously balance[ ] the competing interests' of the public and the party who seeks to keep certain judicial records secret." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Here, while the class certification motion is case-dispositive and therefore of more interest to the public, the only information defendants seek to redact are the addresses and telephone numbers of the owners of certain plots of land with whom they contract business, as well as the full name of those growers.

| | |
|---|---|
| 1 | This information is of comparatively little interest to the public, being only relevant to how |
| 2 | plaintiffs will seek to calculate damages in relation to two of the subclasses plaintiffs have sought |
| 3 | to certify. When the court compares the relatively low level of importance for this particular |
| 4 | information to the public with the potential for significant harm to defendants' business interests |
| 5 | if the information was to be publicly disclosed, the court concludes defendants have shown |
| 6 | compelling reasons[1] for redaction. |
| 7 | For these reasons: |
| 8 | 1. Defendants' request for the filing of redacted versions of these documents on the |
| 9 | public docket (Doc. No. 180) is granted, and only the parties to this action and the court itself |
| 10 | shall have access to the unredacted documents; |
| 11 | 2. Plaintiffs' are directed to file the redacted grower's list and ranch map index on the |
| 12 | court's docket within seven (7) days; and |
| 13 | ///// |
| 14 | ///// |
| 15 | ///// |

---

[1] Defendants once again argue that they need only show "good cause" to warrant redaction here. (See Doc. No. 180 at 3, n.2.) The court has previously rejected defendants' argument in this regard. Numerous district courts throughout this circuit have applied the "compelling reasons" standard to redaction requests since the Ninth Circuit's decision in *Kamakana*. *See, e.g., Johnstech Int'l Corp. v. JF Microtech. SDN BHD*, No. 14-cv-02864-JD, 2016 WL 4091388, at *3 (N.D. Cal. Aug. 2, 2016); *Prime Healthcare Centinela, LLC v. Kimberly-Clark Corp.*, No. 14-8390 DMG (PLAx), 2016 WL 7177531, at *2 (C.D. Cal. Mar. 24, 2016); *Johnson v. Shasta Cty.*, No. 2:14-cv-01338-KJM-EFB, 2015 WL 7271769, at *1 (E.D. Cal. Nov. 18, 2015); *Jurgens v. Dubendorf*, No. 2:14-cv-2780-KJM-DAD, 2015 WL 6163464, at *2 (E.D. Cal. Oct. 19, 2015); *Music Grp. Macao Comm. Offshore Ltd. v. Foote*, No. 14-cv-03078-JSC, 2015 WL 3993147, at *6 (N.D. Cal. June 30, 2015); *Romero v. County of Santa Clara*, No. 11-cv-04812-WHO, 2014 WL 12641990, at *1 (N.D. Cal. June 17, 2014). Moreover, in *Kamakana*, both sealing and redaction were at issue, and the Ninth Circuit applied the compelling reasons standard to both. *See* 447 F.3d at 1183–84 ("We note that these redactions and justifications are the same ones the United States offered under the good cause standard of Rule 26(c). The government took no steps to explain how these asserted privileges also met the more demanding 'compelling reasons' standard."). While redactions do have "the virtue of being limited and clear, identifying specific names or references to be kept secret," *id.* at 1183, they are still an effort to shroud information that would otherwise be public. Therefore, the court once again holds that the "compelling reasons" standard applies to defendants' request for an order authorizing the filing of redacted documents.

3. To the extent the court's prior order (Doc. No. 179) required plaintiffs to file unredacted versions of these documents, it is withdrawn.

IT IS SO ORDERED.

Dated: **June 19, 2017**

_____
UNITED STATES DISTRICT JUDGE