UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEATRIZ ALDAPA and ELMER AVALOS, individually and on behalf of all those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FOWLER PACKING COMPANY INC., AG FORCE LLC, and FOWLER MARKETING INTERNATIONAL LLC,<br><br>Defendants. | No. 1:15-cv-00420-DAD-SAB<br><br>ORDER CLARIFYING CLASS CERTIFICATION ORDER, APPROVING CLASS NOTICE AND DISTRIBUTION PLAN, AND DIRECTING NOTICE BE SENT TO CLASS MEMBERS<br><br>(Doc. No. 189) |

On January 24, 2018, this court issued an order granting plaintiffs' motion for class certification in part and denying it in part. (Doc. No. 185.) The court directed the parties to file a stipulated class notice and distribution plan within twenty-one (21) days of the order. (*Id.* at 61–62.) On February 14, 2018, the parties filed a stipulated class notice and distribution plan. (Doc. No. 189.) As part of this filing, the parties requested clarification concerning the class period for one of the seven subclasses certified by the court. (*Id.*) Particularly, they observe correctly that the court certified the Inaccurate Wage Statement Subclass as including "[a]ll individuals who were employed at any of the Defendants between March 17, 2012 and present as non-exempt field or agricultural workers for the Defendants." (Doc. No. 185 at 61.) All of the other

/////

1

subclasses which the court certified have a class period that spans from March 17, 2011 to present. (*Id.* at 60–61.)

Plaintiffs believe that the subclass period should start on March 17, 2011, similar to the other subclasses, because a four-year statute of limitations applies to any claims brought under Business and Professions Code § 17200, California's unfair competition law, with which this inaccurate wage statement claim is purportedly brought in conjunction. (Doc. No. 189 at 2.) Defendants believe the subclass period should start on March 17, 2014, because recovery under § 226(e) constitutes a penalty and is governed by the one-year statute of limitations set out in California Civil Procedure Code § 340(a). (*Id.*) As explained below, neither party has persuaded the court that its certification order should be changed in this regard.

Generally speaking, a class period denotes "the period during which members of the proposed class incurred the claimed injury." 3 Newberg on Class Actions § 7:26 (5th ed.) (quoting Manual for Complex Litig., Fourth § 21.222). The purpose of setting a class period is to help define the claims as required by Rule 23(c)(1)(B), which is done for multiple reasons: (1) to help the court and parties effectively give notice to individuals potentially affected by the action; (2) to allow "potential class members to ascertain whether they are in the class," and so decide whether they wish to participate in the action; (3) to enable appellate courts to undertake interlocutory review; (4) to help the parties plan for trial; and (5) to effectuate any later assessments of the preclusive effect of the suit. *Id.*

As plaintiffs indicated at the hearing on and asserted in their motion for class certification, their freestanding claim[1] under Labor Code § 226(a) is that defendants had "an obligation to maintain those [payroll] records for at least three years." (Doc. No. 145 at 65.) Indeed,

---

[1] The court noted in the certification order that many of plaintiffs' claims under Labor Code § 226(a) were simply derivative of other causes of action, and there was no need to certify a separate subclass in order to bring purely derivative claims. (Doc. No. 185 at 57.) Any claims under Labor Code § 226(a) which are derivative of labor law violations alleged by another subclass—such as the Piece Rate Rest Period or Unpaid Travel Time Subclasses—are not encompassed within the Inaccurate Wage Statement Subclass. The Inaccurate Wage Statement Subclass concerns solely plaintiffs' claim for violation of § 226(a) which is independent of any other labor law violations alleged.

2

California law states that a copy of the wage statement required by that section "shall be kept on file by the employer for at least three years." Cal. Labor Code § 226(a). However, there is no apparent connection between an alleged failure to maintain necessary records and an unfair competition claim. It is true that the California Supreme Court has held that "any business act or practice that violates the Labor Code *through failure to pay wages* is, by definition (§ 17200), an unfair business practice." *Cortez v. Purolator Air Filtration Prods. Co.*, 23 Cal. 4th 163, 178 (2000) (emphasis added). This is because "earned wages that are due and payable . . . are as much the property of the employee who has given his or her labor to the employer in exchange for that property as is property a person surrenders through an unfair business practice." *Id.* However, in this case, plaintiffs' freestanding § 226 claim is not related to the non-payment of wages. Instead, it solely concerns defendants' failure to adequately maintain records. Defendants are allegedly required to maintain these records for three years. Plaintiffs have not explained how this failure to maintain records would be actionable under California's unfair competition law or why a four year class period is appropriate here. Given this, plaintiffs have not persuaded the court that it should amend its certification order.

Meanwhile, concerning defendants' assertion, the court observes that the issue of whether payments under § 226(e) are wages or penalties, and thus which limitations period covers them, may be an open question of law. *See Hoffman v. Constr. Prot. Servs., Inc.*, No. EDCV03-10006-VAP(SGLx), 2006 WL 6105633, at *5–6 (C.D. Cal. Feb. 21, 2006) (treating the provisions of §§ 226(e) and 226.7(b) analogously and observing that there is "a split among the [California] appellate courts concerning whether the statutory damages are a penalty or a wage"). *But see Murphy v. Kenneth Cole Prods., Inc.*, 40 Cal. 4th 1094, 1120 (2007) (holding payments under § 226.7(b) are wages, not penalties). Other cases suggest § 226(e) provides for *both* wages and penalties to be recovered in different circumstances. *See Luna v. Universal City Studios Prods. LLLP*, No. CV 12-9286 PSG (SSx), 2013 WL 12308201, at *7 (C.D. Cal. Mar. 29, 2013) ("[S]ection 226(e) provides for damages as well as penalties."); *Hernandez v. Towne Park, Ltd.*, No. CV 12-02972 MMM (JCGx), 2012 WL 2373372, at *14 (C.D. Cal. June 22, 2012) ("The statute of limitations on a claim for § 226(a) penalties is one year; the statute of limitations for

actual damages under § 226(a), as authorized by § 226(e), is three years."). Whichever is the case, this issue and its application to this case has not been fully briefed for the court and is therefore not ripe for decision.

Moreover, no decision on the applicable statute of limitations is required at present. Defendants do not argue that, given the nature of this claim, different limitations periods will apply to the various class members. *See, e.g.*, *Valenzuela v. Union Pac. R.R. Co.*, No. CV-15-01092-PHX-DGC, 2017 WL 679095, at *14 (D. Ariz. Feb. 21, 2017) (finding common issues did not predominate because the accrual of a cause of action was different for each class member). Indeed, it is apparent that all members of this subclass will be subject to the same limitations period, whatever that period ultimately proves to be. Defendant will, accordingly, have a full opportunity to argue that a different, shorter statute of limitations applies to this claim during the merits phase of this case. *See Beck-Ellman v. Kaz USA, Inc.*, 283 F.R.D. 558, 567 (S.D. Cal. 2012) ("The statute of limitations is a merits determination often not suitable for resolution at the class certification stage."); *Johns v. Bayer Corp.*, 280 F.R.D. 551, 560 (S.D. Cal. 2012); *In re Northrop Grumman Corp. ERISA Litig.*, No. CV 06-06213 MMM (JCx), 2011 WL 3505264, at *12–13 (C.D. Cal. Mar. 29, 2011) (holding the court need not decide the statute of limitations issue at the class certification stage, even if it meant no class period could be set at that time); *In re Cornerstone Propane Partners, L.P. Secs. Litig.*, No. C 03-2522 MHP, 2006 WL 1180267, at *6 (N.D. Cal. May 3, 2006) ("[T]he mere fact that [plaintiff] may be vulnerable to a statute of limitations defense does not mandate a denial of class certification.").

Finally, and on a separate note, the court has reviewed the parties' stipulated notice. Rule 23 requires that notice for classes certified under Rule 23(b)(3) include: (1) "the nature of the action"; (2) "the definition of the class certified"; (3) "the class claims, issues, or defenses"; (4) "that a class member may enter an appearance through an attorney if the member so desires"; (5) "that the court will exclude from the class any member who requests exclusion"; (6) "the time and manner for requesting exclusion"; and (7) "the binding effect of a class judgment on members under Rule 23(c)(3)." Fed. R. Civ. P. 23(c)(2)(B). The stipulated proposed notice includes all the necessary elements required by Rule 23. Additionally, the court has reviewed the

4

stipulated proposed distribution plan and concludes that it is "the best notice that is practicable under the circumstances." *Id.*

Given the stipulation of the parties, and considering the above:

1. Defendants are directed to provide class counsel and the class action administrator with the entire class list within twenty-one (21) days of service of this order;
2. The class action administrator is directed to distribute the notice to the class within ten (10) days of receipt of the class list; and
3. The stipulated class notice is approved by the court, and class counsel shall ensure that the notice sent to class members advises class members they have forty-five (45) days from the date of distribution to exclude themselves from the class action.

IT IS SO ORDERED.

Dated: **February 16, 2018**

/s/ Dale A. Drozd
UNITED STATES DISTRICT JUDGE