UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEATRIZ ALDAPA AND ELMER AVALOS, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FOWLER PACKING COMPANY, INC., a California Corporation; AG FORCE LLC, a California Limited Liability Company; FOWLER MARKETING INTERNAL LLC, a California Limited Liability Company; and DOES 1 through 10, inclusive,<br><br>Defendants. | No. 1:15-cv-00420-DAD-SAB<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' REQUEST FOR RECONSIDERATION OF MAGISTRATE JUDGE'S RULING AND LIMITING THE DEPOSITIONS OF ABSENT CLASS MEMBERS TO AN INITIAL PERIOD OF FOUR HOURS<br><br>(Doc. No. 210) |

This matter is before the court on plaintiffs' request for reconsideration of the assigned magistrate judge's order granting in part and denying in part plaintiffs' motion for a protective order. (Doc. No. 210.) The magistrate judge's order was issued on March 5, 2019. (Doc. No. 209.) Plaintiffs filed the pending motion for reconsideration on March 19, 2019. (Doc. No. 210.) Defendants filed an opposition on March 26, 2019. (Doc. No. 214.) On April 17, 2019, the court set the motion for hearing and permitted plaintiffs to file a reply. (Doc. No. 215.) Plaintiffs filed a reply on April 25, 2019. (Doc. No. 217.)

/////

1

**BACKGROUND**

This lawsuit involves a variety of alleged state and federal labor law violations by defendants, who employ seasonal workers for a wide array of tasks necessary in commercial agricultural operations. Some of the farms on which the agricultural workers are employed are owned by defendants, while others are owned by third-party growers who contract with defendants to provide a labor force. Defendant Fowler Packing is a commercial grower, packer, and shipper of various fruits, while defendant Ag Force is a farm labor contractor. Defendant Fowler Marketing International is responsible for marketing and selling the crops owned by Fowler Packing and harvested by the employees of Ag Force. These three corporate entities are all owned by Grant Parnagian and members of the Parnagian family.

In their FAC, plaintiffs allege twelve separate claims: (1) violations of the Migrant and Seasonal Agricultural Worker Protection Act, 29 U.S.C. § 1801, *et seq.* for failing to pay all wages due or provide necessary tools; (2) failure to compensate for rest breaks in accordance with California Labor Code § 226.7[1] and Wage Order 14; (3) failure to pay all wages due under the employment contract by requiring off-the-clock work and allowing the use of "ghost workers"; (4) failure to pay overtime, as required by state law; (5) failure to pay the minimum wage, in violation of Labor Code § 1194; (6) failure to pay waiting time penalties in violation of Labor Code § 203; (7) failure to provide necessary tools or reimburse for tools in violation of Labor Code § 2802; (8) violations of California Business and Professions Code § 17200 by underpaying workers, failing to provide rest periods, and retaining the benefits of the labor without reasonable compensation; (9) violations of Labor Code § 226 by failing to keep accurate records or provide accurate statements to the employees; (10) failure to record and/or pay for travel time and wait time, in violation of Labor Code § 1194 and 29 U.S.C. § 1801, *et seq.*; (11) failure to reimburse for vehicle expense, in violation of Labor Code § 2802; and (12) failure to provide meal periods and keep accurate records of meal periods, in violation of Wage Order 14 and 29 U.S.C. § 1801, *et seq.*

---

[1] All subsequent references to the "Labor Code" are to the California Labor Code.

Plaintiffs moved for class certification on February 3, 2017. (Doc. No. 145.) In support of their motion, plaintiffs submitted declarations from the two named plaintiffs and forty-four absent class members. In opposition to the motion, defendants submitted 100 declarations from other employees.[2] (Doc. No. 147.) On January 24, 2018, the court granted plaintiffs' motion for class certification in part. (Doc. No. 185.)

On January 23, 2019, defendants served notices of depositions, requests for production of documents, as well as deposition subpoenas, on twenty-five of the forty-four absent class members who had provided declarations in support of plaintiffs' class certification motion. (*See* Doc. No. 209 at 3.) Plaintiffs' counsel objected. On February 4, 2019, the parties held a telephone conference, but were unable to resolve the dispute. On February 6, 2019, plaintiffs filed a motion for a protective order. (Doc. No. 204.) On February 27, 2019, the assigned magistrate judge held a hearing on plaintiffs' motion. (Doc. Nos. 208, 211.)

On March 5, 2019, the magistrate judge issued an order, granting in part and denying in part plaintiffs' motion for a protective order. (Doc. No. 209.) In substance, the magistrate judge's order granted defendants leave to conduct fifteen depositions of the absent class members who had submitted declarations in support of plaintiffs' motion for class certification but did not impose any time or subject matter limitations on those depositions. (*Id.* at 31.) Additionally, the magistrate judge denied plaintiffs' request to limit defendants' ability to seek sanctions if any of the deponents failed to appear for their deposition. (*Id.*)

## LEGAL STANDARD

Federal Rule of Civil Procedure 72(a) provides that non-dispositive pretrial matters may be referred to and decided by a magistrate judge, subject to review by the assigned district judge. *See also* Local Rule 303(c). The district judge shall modify or set aside any part of the magistrate judge's order which is "found to be clearly erroneous or contrary to law." Local Rule 303(f). *See also* 28 U.S.C. § 636(b)(1)(A). Discovery motions are non-dispositive pretrial motions which come within the scope of Rule 72(a) and 28 U.S.C. § 636(b)(1)(A). Thus, the orders of a

---

[2] Defendants did not seek to depose absent class members in opposing plaintiff's motion for class certification.

3

magistrate judge addressing discovery motions are subject to the "clearly erroneous or contrary to law" standard of review. *Rockwell Intern., Inc. v. Pos-A-Traction Indus., Inc.*, 712 F.2d 1324, 1325 (9th Cir. 1983). The magistrate judge's factual determinations are reviewed for clear error, while legal conclusions are reviewed to determine whether they are contrary to law. *United States v. McConney*, 728 F.2d 1195, 1200–01 (9th Cir. 1984), *overruled on other grounds by Estate of Merchant v. CIR*, 947 F.2d 1390 (9th Cir. 1991). "A magistrate judge's decision is 'contrary to law' if it applies an incorrect legal standard, fails to consider an element of [the] applicable standard, or fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Martin v. Loadholt*, No. 1:10-cv-00156-LJO-MJS, 2014 WL 3563312, at *1 (E.D. Cal. July 18, 2014) (internal quotations and citations omitted).

## DISCUSSION

In their pending motion for reconsideration, plaintiffs argue that the magistrate judge misapplied the relevant legal standard for conducting discovery aimed at absent class members. (Doc. No. 210 at 9–26.) Specifically, plaintiffs contend that the magistrate judge's discovery order should be overturned because it employed the erroneous legal standard set forth in *Arredondo v. Delano Farms Co.*, No. 1:09-CV-01247 MJS, 2014 WL 5106401, at *4 (E.D. Cal. Oct. 10, 2014) in determining whether such discovery should be permitted in this case. In addition, plaintiffs argue that even if the court concludes that defendants here are entitled to some limited discovery from absent class members, it should impose limitations on the number, length, and subject matter of any depositions and quash defendants' requests for production of documents. (*Id.* at 26–29.) Below, the court will address each of plaintiffs' arguments in turn.

**A.     Legal Standard Applicable to Discovery Aimed at Absent Class Members**

It has been recognized that "[d]iscovery from absent class members is ordinarily not permitted.*" McPhail v. First Command Fin. Planning, Inc.*, 251 F.R.D. 514, 517 (S.D. Cal. 2008) (citing *On the House Syndication, Inc. v. Fed. Exp. Corp.*, 203 F.R.D. 452, 453 (S.D. Cal. 2001)). "Whether prior to class certification or after, discovery, except in the rarest of cases, should be conducted on a class wide level . . .. [¶] If joinder of all parties is impracticable, propounding discovery like interrogatories, depositions, and requests to produce on an individual

4

basis is even more impracticable." *McPhail*, 251 F.R.D. at 517 (citing *Adkins v. Mid–America Growers, Inc.*, 141 F.R.D. 466, 468 (N.D. Ill. 1992)). "The burden is heavy to justify asking [absent class members] questions by interrogatories, even heavier to justify depositions." *Baldwin & Flynn v. Nat'l Safety Assocs.*, 149 F.R.D. 598, 600 (N.D. Cal. 1993). Despite cases such as those cited above recognizing these general principles, it is also apparent that many courts have come to recognize that under certain circumstances, some discovery directed at absent class members may be appropriate. However, both the parties' briefs and the magistrate judge's discovery order agree that there is an absence of Ninth Circuit authority regarding when it is appropriate to direct discovery at absent class members and that courts across the country have applied slightly different legal standards in addressing that question. *See Arredondo*, 2014 WL 5106401, at *4 ("No Supreme Court or Ninth Circuit case law addresses the propriety of conducting discovery on absent class members."); *Tierno v. Rite Aid Corp.*, No. C–05–2520–TEH, 2008 WL 2705089 (N.D. Cal. July 8, 2008) ("The law on discovery directed to absent class members is flexible. Discovery from absent class members is 'neither prohibited nor sanctioned explicitly' by the Federal Rules.").

One frequently cited standard in addressing this question originated from a decision in which the Seventh Circuit held that a party seeking depositions of absent class members "has the burden of showing necessity and absence of any motive to take undue advantage of the class members." *Clark v. Universal Builders, Inc.*, 501 F.2d 324, 341 (7th Cir. 1974). Other courts have since expanded upon the discussion in *Clark* in developing various multi-factor tests for when discovery directed at absent class members may be appropriate. *See, e.g., McPhail*, 251 F.R.D. at 517 ("While some courts have permitted discovery of absent class members, they have done so only where the proponent of the discovery establishes that (1) the discovery is not designed to take undue advantage of class members or to reduce the size of the class, (2) the discovery is necessary, (3) responding to the discovery requests would not require the assistance of counsel, and (4) the discovery seeks information that is not already known by the proponent.") (citing *Clark*, 501 F.2d at 340–42). Still other courts have employed multi-factor tests that differ slightly from *Clark* and its progeny but incorporate somewhat similar factors. *See, e.g.,*

5

*Arredondo*, 2014 WL 5106401, at *5 ("[D]iscovery from absent class members may be permitted when reasonably necessary, not conducted for an improper purpose, and not unduly burdensome in the context of the case and its issues."); *Tierno*, 2008 WL 2705089, at *6 (discovery of absent class members is permitted "where the information sought is relevant, not readily obtainable from the representative parties or other sources, and the request is not unduly burdensome and made in good faith."); *McCarthy v. Paine Webber Grp.*, Inc., 164 F.R.D. 309, 313 (D. Conn. 1995) (discovery of absent class members is "only permitted where a strong showing is made that the information sought (1) is not sought with the purpose or effect of harassment or altering membership of the class; (2) is directly relevant to common questions and unavailable from the representative parties; and (3) is necessary at trial of issues common to the class.").

Given these variations in the formulation of the applicable legal standard, the court cannot conclude that the magistrate judge erred as a matter of law in employing the factors considered by the magistrate judge in *Arredondo*, when determining whether such discovery should be permitted here. The magistrate judge chose to adopt the standard as articulated in *Arredondo*, rather than an out-of-circuit variation of the standard as discussed in *Clark* and its progeny. In doing so, the magistrate judge acknowledged slight differences between the various articulations of the standard, but also explained that the three *Arredondo* factors essentially subsume the additional factors noted in other formulations of that standard. (*See* Doc. No. 209 at 7–9.)[3] Plaintiffs' arguments contesting the adoption of the standard as articulated in *Arredondo* are properly viewed as arguments challenging whether the discovery order properly considered all the relevant factors in deciding whether the absent class member discovery sought was appropriate in this case.

In the absence of binding circuit authority, the magistrate judge's application of the relevant factors as articulated in *Arredondo* and as informed by the factors recognized in *Clark,*

---

[3] For example, the magistrate judge observed that "the third *Clark* factor, whether responding to the discovery requests would require the assistance of counsel, could be encompassed by and weighed in applying the *Arredondo* factor of whether the discovery would be unduly burdensome in the context of the case, and could also overlap with the *Arredondo* factor of whether the discovery is being sought for an improper purpose." (Id. at 9.)

was not erroneous. Below the court will address whether the discovery order reflected consideration of all the appropriate factors as they apply to the circumstances of this case.

**B.     Factors Considered**

       1.       <u>Necessity of the Discovery</u>

First, the magistrate judge found that defendants' proposed depositions of absent class members were "reasonably necessary to addressing the claims and defenses in this matter, particularly given the fact that the proposed deponents are pulled from the forty-four absent class members who provided declarations in support of Plaintiffs' class certification motion, and thereby injected themselves into the litigation." (Doc. No. 209 at 20.) Plaintiffs disagree with this conclusion, arguing that the proposed depositions are not necessary because the information sought by defendants is readily obtainable from other sources in a less intrusive way. (Doc. No. 210 at 14.)

Courts have held that discovery from absent class members is permitted when it is "not readily obtainable from the representative parties or other sources . . .." *Tierno*, 2008 WL 2705089, at *6 (affirming the magistrate judge's order denying leave to depose absent class members until after a discovery plan was in place and plaintiffs identified testifying class members); *see also Arredondo*, 2014 WL 5106401, at *6 (granting defendants' request to depose absent class members because the magistrate judge determined it was the only feasible way to collect relevant information from a representative sample of past and current seasonal workers); *In re Worlds of Wonder Sec. Litig.*, No. C-87-5491 SC (FSL), 1992 WL 330411, at *6 (N.D. Cal. July 9, 1992) (denying defendants' request to depose absent class members because "[t]he information which they supposedly seek is available elsewhere, from others than the absent class members."). Given the intended efficiencies of class action litigation and the burden that depositions impose on absent class members, the question of whether the information sought by defendants is more easily obtained from other sources is a clearly relevant consideration.[4]

/////

---

[4] This is the case despite the fact that the court in *Arredondo* did not explicitly separately identify it as one of the relevant factors.

7

Defendants argue that the evidence they seek here can only be obtained through the depositions of absent class members. (Doc. No. 213 at 15–16.) According to defendants, such depositions are necessary "to test the factual assertions that these class members made in the sworn declarations" submitted in support of plaintiffs' class certification motion. (*Id.* at 15.) Defendants contend that these depositions will shed light on plaintiffs' liability arguments in support of the certified tool reimbursement subclass, in that defendants will be asking class members why they believed certain tools were necessary to perform their assigned work. (*Id.* at 16.) Regarding the unpaid work subclass, defendants relate that they hope to learn "what information class members told Defendants and what instructions were provided to class members regarding off-the-clock work." (*Id.* at 17.) Finally, defendants argue that they seek to garner deposition testimony that will be useful to understand the "substantial variations [that] exist between the experiences of employees working in different crews . . .." (*Id.*)

The court remains somewhat skeptical of defendants' claimed need for the deposition testimony of absent class members, given that plaintiffs largely intend to prove liability with class-wide evidence. Moreover, it would seem that most of the information defendants seek could be obtained through their own supervisors or other employees, who can provide statements and testimony regarding what tools were necessary for particular work, whether class members performed off-the-clock work, and the variations in the practices of different work crews. Nonetheless, the undersigned must also acknowledge that its order granting class certification was based, at least in part, on the declarations of these absent class members submitted by plaintiffs' counsel. (*See* Doc. No. 185.)

The court is also aware that many courts have permitted defendants to depose absent class members who, either by submitting declarations in support of the motion for class certification or in other ways, have "injected" themselves into class action litigation. *See Brown v. Wal-Mart Store, Inc.*, No. 09CV03339 EJD SVK, 2018 WL 339080, at *1 (N.D. Cal. Jan. 9, 2018) (permitting the depositions of eight absent class members identified as witnesses in plaintiffs' Rule 26 disclosure); *Rojas v. Marko Zaninovich, Inc*, No. 1:09-CV-00705 AWI, 2011 WL 2636071, at *4 (E.D. Cal. July 5, 2011) (permitting defendants to depose four absent class

8

members who submitted declarations in support of the motion for class certification); *Burgess v. Tesoro Ref. & Mktg. Co.*, No. CV105870 VBF PLAx, 2011 WL 13217362, at *1 (C.D. Cal. July 5, 2011) (noting that defendants would be taking depositions of four absent class members who submitted declarations in support of class certification, but denying their request to depose two additional absent class members who did not submit such declarations); *Antoninetti v. Chipotle, Inc.*, No. 06CV2671-BTM WMC, 2011 WL 2003292, at *2 (S.D. Cal. May 23, 2011) (permitting defendants to depose absent class members who submitted declarations in support of the motion for class certification and were identified as witnesses in supplemental disclosures prior to class certification).

Here, the magistrate judge's order permitted defendants to depose only fifteen of the forty-four absent class members who submitted declarations in support of the motion for class certification. (Doc. No. 209 at 30.) Moreover, at the hearing on the pending motion for reconsideration, plaintiffs' counsel acknowledged that they intend to call absent class members as witnesses at trial, though they have not yet identified the specific individuals to be called. Under the circumstances presented here, the court concludes that defendants have made a sufficient showing of necessity in support of the limited discovery they seek from absent class members.

        2.     <u>Improper Purpose</u>

The magistrate judge next analyzed whether defendants had an improper purpose for deposing the absent class members. (Doc. No. 209 at 27.) The magistrate judge concluded that it was not improper for defendants to seek this discovery to gain a better understanding of plaintiffs' trial strategy, nor was it improper for defendants to seek out evidence in support of a potential motion for class decertification. (*Id.* at 27–28.)

Plaintiffs argue that defendants' true purpose in seeking to take the depositions of absent class members is to gain improper information about a potential trial plan, reduce the size of the class, and to take undue advantage of class members, all of which are improper reasons for discovery. (Doc. No. 210 at 19–24.) Plaintiffs first argue that defendants are trying to depose the absent class members to discover plaintiffs' trial plan. (Doc. No. 210 at 20.) Plaintiffs contend that this is not a proper basis for conducting discovery at this stage of the proceedings, especially

9

since the court has twice denied defendants' attempts to compel plaintiffs to submit a trial plan. (*See* Doc. Nos. 77, 185.) It is true that in its order granting class certification, the court advised defendants "that future motions for a trial plan prior to the close of merits-phase discovery will likely result in the award of sanctions, absent a showing that the requested trial plan is required by law." (Doc. No. 185 at 60.) However, in noticing the depositions in question, defendants contend they are merely seeking "information [that] is directly relevant to Plaintiffs' claim, and Defendants' defenses against those claims, as well as whether a trial can be conducted that will permit those claims and defenses to be manageably litigated at a class trial." (Doc. No. 213 at 20.) At this time, the court does not view defendants' seeking of discovery as an attempt to circumvent the court's prior orders regarding a trial plan and, therefore, does not find it to be an improper purpose for undertaking discovery.

The court also does not share plaintiff's concerns that the requested depositions are a way for defendants to improperly reduce the size of the certified class. Of course, courts have blocked discovery of absent class members when "the practical effect of the discovery would be to reduce the size of the class . . . [and] have the effect of requiring an opt-in procedure . . . ." *McPhail*, 251 F.R.D. at 518 (denying defendants' request to send interrogatories to 178,527 absent class members, "particularly given Defendants' reservation of their right to 'seek appropriate relief' (i.e., a dismissal of claims) as to any class members who do not timely respond to the discovery."); *On the House Syndication, Inc.*, 203 F.R.D. at 456 ("In this regard, a defendant who subjects class members to interrogatories requires those members to take some affirmative action to remain in the class, effectively creating an 'opt in' requirement which is inconsistent with the 'opt out' provisions of Rule 23."); *Kline v. First W. Gov't*, No. CIV.A. 83-1076, 1996 WL 122717, at *2 (E.D. Pa. Mar. 11, 1996) ("Another reason for denying discovery of absent class members is that class action defendants could use burdensome discovery requests as a method of unfairly reducing the number of class members."). Here, defendants have stated on the record that they will not move to exclude individuals from the class who fail to appear at their noticed deposition, nor will they attempt to have sanctions imposed in any way against deponents who
/////

fail to appear. (Doc. No. 213 at 21–22.)[5] Further, defendants have agreed to provide absent class members with reasonable compensation for attending the depositions. (*Id.* at 22.) In light of defendants' representations in this regard, the court does not find that defendants have a demonstrated improper purpose for seeking to depose the absent class members.

As noted at the hearing on the pending motion for reconsideration, it appears likely to the court that defendants' primary purpose in deposing absent class members is to identify, if possible, inconsistencies between the affidavits submitted in support of plaintiffs' class certification motion and the deposition testimony of those absent class members and to use any such inconsistencies in moving for decertification. Plaintiffs have not cited to any authority supporting the proposition that discovery designed to uncover evidence in anticipation of a motion for decertification is categorically for an improper purpose. Instead, plaintiffs argue that the timing of this discovery is inappropriate because the court has already granted class certification. (*See* Doc. No. 210 at 21–23.) Plaintiffs also contend that defendants should have sought to depose absent class members who submitted declarations in support of the motion for class certification at the time those declarations were submitted, so that any deposition testimony could be offered in support of their opposition to plaintiff's class certification motion. (*See id.* at 21.) The court finds plaintiffs' arguments in this regard to be unpersuasive.

/////
/////
/////
/////
/////
/////
/////

---

[5] Defendants' representations to this effect were acknowledged in the magistrate judge's order as well: "Plaintiffs' request to limit Defendants' ability to seek sanctions or other penalties for deponents that fail to appear for the depositions is DENIED, as the Court declines to make such a blanket restriction before any particular situation is presented to the Court, however the Court will duly consider the fact that Defendants assured the Court that they do not plan on seeking any such sanctions or penalties if Defendants in fact do pursue such remedies." (Doc. No. 209 at 31.)

The court has found no authority for the proposition that discovery designed to uncover evidence in anticipation of a motion for decertification is improper.[6] Generally, "decertification is appropriate in light of changes in the law, subsequent developments in the litigation, and evidence not available at the time of certification . . . [and] does not provide a defendant with the opportunity to challenge class certification on its own schedule." *Labrador v. Seattle Mortg. Co.*, No. 08-2270 SC, 2010 WL 3768378, at *3 (N.D. Cal. Sept. 22, 2010) (citing *Dukes v. Wal-Mart Stores, Inc.*, 603 F.3d 571, 579 (9th Cir. 2010), *rev'd on other grounds*, 564 U.S. 338 (2011)). Here, however, prior to class certification the court expressed the view that "taking the deposition of [absent class members] before it is known whether they will even execute declarations would be of highly questionable relevance. Moreover, deposition of non-parties prior to class certification is rarely sought, let alone permitted." (Doc. No. 98 at 10.) Therefore, because such evidence was likely not available at the time of class certification, the court does not find that the purpose of the discovery which defendants now seek is improper.[7]

3. <u>Unduly Burdensome</u>

Finally, the magistrate judge analyzed whether depositions of absent class members would be unduly burdensome. (Doc. No. 209 at 24–27.) First, the discovery order noted that because the class has been certified, all deponents would be represented by class counsel at deposition.

---

[6] At the hearing on the pending motion, plaintiffs heavily relied primarily upon the decisions in *Burgess* and *Labrador*. In *Burgess*, 2011 WL 13217362, at *2, the magistrate judge acknowledged that defendants would be taking depositions of four absent class members who submitted declarations in support of class certification but denied their request to depose two additional absent class members who did not submit declarations. In *Labrador*, 2010 WL 3768378, at *3, the court stated that defendants may not move for decertification of a class based on arguments or evidence they could have made at the time of class certification. Neither of these cases demonstrate that categorically, discovery designed to uncover evidence in anticipation of a motion for decertification is improper.

[7] If defendants move to decertify the class, plaintiffs are free to argue at that time that the motion is improper because of the evidence on which it relies. *See Burgess*, 2011 WL 13217362, at *2, n.4 ("[W]hile defendant indicates that it never stated that it intends to use the depositions 'solely for use in connection with a motion to decertify the class, it offers no compelling reason why it did not seek to depose these individuals prior to class certification, or why this information could not have been presented in connection with its original opposition to certification.") (citing *Labrador*, 2010 WL 3768378, at *3, n. 5). If they do so, however, plaintiffs should be prepared to address the significance of the language employed in court's prior order cited by defendants.

(*Id.*)  Further, the magistrate judge observed that any potential chilling effect from the conducting of the depositions would likely be minimal, given that defendants have only requested to depose absent class members who had "already injected themselves into the litigation by submitting declarations . . .." (*Id.* at 25.)

Plaintiffs argue that the magistrate judge did not consider that depositions of absent class members would require the assistance of counsel and may result in chilling the absent class members' willingness to continue participating in this litigation.  (Doc. No. 210 at 24–26.)  The court finds these arguments not to be compelling for the reasons stated by the magistrate judge. Moreover, the identities of these potential deponents have been known to the defendants since the motion for class certification was filed in February of 2017, and those individuals should not have a heightened risk of retaliation, given defendants' representations which have been noted above. Though plaintiffs suggest that defendants "should be restricted to less burdensome methods such as questionnaires that would not require the assistance of counsel required to prepare and sit through depositions with class members . . ." (Doc. No. 210 at 25), the court is of the view that completion of questionnaires of the proposed nature (including translating questions and answers) could well require more time from plaintiffs' counsel than short depositions.  For all of these reasons, the court concludes that defendants' discovery requests are not unduly burdensome.

However, as suggested at the hearing on the pending motion, the court does not believe that a full-day of depositions is necessary to thoroughly question the absent class members about the substance of their declarations, which are relatively short and straightforward.  In allowing depositions of absent class members, other courts have often limited their length.  *See Mas v. Cumulus Media Inc.*, No. C-10-1396 EMC, 2010 WL 4916402, at *4 (N.D. Cal. Nov. 22, 2010) (limiting depositions of absent class members to no longer than three hours); *Moreno v. Autozone, Inc.*, No. C-05-4432 MJJ EMC, 2007 WL 2288165, at *1 (N.D. Cal. Aug. 3, 2007) (permitting defendants to take two-hour depositions of absent class members who submitted declarations in support of class certification in conjunction with their opposition).  Here, the magistrate judge "decline[d] to impose any limitation on the duration of the individual depositions, given the potential need for translators, and because the needs of the potential depositions are unknown

13

before a handful of initial depositions are completed." (Doc. No. 209 at 26.) At the hearing on the pending motion for reconsideration, defendants' counsel agreed that four hours for each deposition would be sufficient, absent any unforeseen issues pertaining to interpreters. Therefore, each of the fifteen depositions of absent class members will be limited to no more than four hours in length.[8]

Finally, plaintiffs have requested that the court strike defendants' request for production of documents from the absent class members. (Doc. No. 217 at 7–9.) The magistrate judge's order did not explicitly address this issue but acknowledged that documents were requested of the absent class members. (*See* Doc. No. 209 at 30–31.) Plaintiffs make two arguments about these document requests: first, they take issue with how defendants served the document requests, arguing that "[t]hese demands are not authorized under Rule 30, as these deponents are not parties, and they are not proper under Rule 45 because Defendants did not serve the demands in compliance with that Rule." (*Id.* at 7.) Second, plaintiffs object that the document requests are unduly burdensome on the absent class members. (*See* Doc. No. 210 at 11, n.3.)

The court finds that defendants' requests are for documents which either they possess or are overbroad. For example, in request 7, defendants seek production of "all documents that pertain and/or relate to any communication between [absent class members] and defendants concerning the allegations in your declaration." (*See id.*) At the hearing on the motion for reconsideration, defense counsel indicated that they expected to receive documents in response to this request such as receipts from the purchase of tools. As the court observed at the hearing, it is unrealistic to expect absent class members to maintain and preserve such detailed records over the duration of the class period involved in this case. In request 8, defendants seek production of "[a]ll documents that PERTAIN and/or RELATE to any complaints made by you to Defendants." (*See* Doc. No. 210 at 11.) This request for production is overbroad on its face and is unduly burdensome when aimed at the absent class members in this case. Therefore, plaintiffs' motion for reconsideration in this respect will be granted, and defendants' request for production of

---

[8] Counsel are directed to contact the assigned magistrate judge telephonically from the deposition, if permission to exceed that time limit is sought based upon a showing of good cause.

14

documents from the absent class members will be quashed or stricken without prejudice to the renewal of such discovery requests, should a basis for them be established at the depositions of absent class members.

**CONCLUSION**

Accordingly,

1. Plaintiffs' request for reconsideration of the magistrate judge's ruling (Doc. No. 210) is granted in part and denied in part;

2. Defendants are limited to four hours for each deposition of the fifteen absent class members;

3. Defendants' request for production of documents from absent class members is quashed and/or stricken without prejudice to renewal if supported by testimony obtained at deposition; and

4. This matter is referred back to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated: **June 27, 2019**

UNITED STATES DISTRICT JUDGE