# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEATRIZ ALDAPA, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>FOWLER PACKING COMPANY INC., et al.,<br><br>　　　　　Defendants. | Case No. 1:15-cv-00420-JAM-SAB<br><br>ORDER FOLLOWING INFORMAL DISCOVERY DISPUTE CONFERENCE<br><br>(ECF No. 225) |

On March 5, 2019, the undersigned issued an order granting in part and denying in part Plaintiff's motion for a protective order. (ECF No. 209.) The order granted Defendants leave to conduct a total of fifteen depositions of the absent class members who submitted declarations in support of the motion for class certification. (Id. at 30.) Plaintiffs filed a motion for reconsideration of the order which was granted in part and denied in part by District Judge Dale A. Drozd on June 27, 2019. (ECF No. 220.) The order limited the depositions to four hours for each deposition of the absent class members. (Id. at 220.)

On November 21, 2019, the parties filed an informal discovery dispute letter brief pursuant to the Court's informal discovery dispute procedures. (ECF No. 225.) On this same date, the parties filed a stipulation to amend the discovery deadlines in this action to accommodate the depositions. A telephonic conference was held on November 22, 2019

1

regarding the discovery dispute.  Counsel Mario Martinez and Edgar Aguilasocho appeared for the Class and counsel Ian Weiland, Charles Hamamjian, Bradley Hamburger, and Tiffany Phan appeared for Defendants Fowler Packing Company Inc., AG Force LLC, and Fowler Marketing International LLC.

The parties have been working together to obtain the depositions of the absent class members and to date eleven depositions have occurred.  (ECF No. 225 at 2, 3.)  The current dispute revolves around the four remaining depositions.  Defendants provided Plaintiff with a list of the fifteen deponents they wished to depose on July 2, 2019.  (Id. at 1.)  Plaintiffs requested ten additional names because the requested deponents were not all available.  (Id.)  Defendants have provided an additional twenty names of deponents.  (Id.)  Of these names eleven depositions have occurred and one deponent failed to appear for his deposition.  Defendants have now provided the names of five current employees and seek to have four depositions set.

Plaintiffs take the position that they have made every effort to comply with the Court's order and they are only required to use their best efforts to get the absent class members to appear and have done so.  Plaintiffs state that with additional time they may be able to locate additional deponents to secure at least a few more depositions.  Plaintiffs contend that Defendants want a guarantee that the four remaining depositions will occur but that they are not in a position to guarantee anyone's presence at a deposition.  Defendants have requested information as to why the current employees have not appeared for depositions, but Plaintiffs contend that the information is entitled to attorney-client privilege.  Plaintiffs state that Defendants should not be allowed to subpoena absent class members because in counsel's experience this often serves to cause fear and apprehension among the class members.  Plaintiffs contend that they will continue to seek the absent class members they have not spoken with and will attempt to locate absent class members who are willing to sit for a deposition.

Defendants contend that they have attempted to be as accommodating as possible but they have a right to collect evidence relevant to their defenses.  While Plaintiffs assert that absent class members are not available because seasonal workers have left to work other harvests, Defendants have offered to travel outside of California to depose these individuals.  Defendants

have offered paid time off and compensation for time spent testifying to current employees. Defendants have only requested that deponents work for a variety of one of the 100 plus crews and not be from the same crews that have already had a crew member deposed. Further, Defendants assert that they have honored their commitment not to have any deponent who fails to appear sanctioned. Defendants have given Plaintiffs the contact information for five current employees and request that the four remaining depositions be scheduled so that they can be assured that the depositions will occur.

Pursuant to the orders that have been issued in this action, Defendants may take the deposition of fifteen of the absent class members who injected themselves into the litigation by submitting declarations in support of the motion for class certification. (See ECF Nos. 209, 220.) Based on the joint statement, Defendants have been amenable to allowing Plaintiffs to find class members who agree to sit for depositions. However, only eleven of the fifteen depositions have occurred since the motion for reconsideration was decided almost five months ago on June 27, 2019.

Plaintiffs oppose the use of subpoenas to depose any absent class member arguing that such tactics cause absent class members to withdraw from participation in the law suit. Plaintiffs raised a similar argument in seeking a protective order to prevent Defendants from deposing the absent class members. The Court found that "[a]ny potential chilling effect would likely have prevented these employees from submitting the declarations in the first place." (ECF No. 209 at 25.) Further, on reconsideration, Judge Drozd addressed this concern and did "not share plaintiff's concerns that the requested depositions are a way for defendants to improperly reduce the size of the certified class." (ECF No. 220 at 10.) The Court is not persuaded by Plaintiffs' argument that allowing the defendants to depose four of the individuals who have inserted themselves into the litigation by submitting declarations would cause other class members to withdraw from participating in the class. While courts recognize that "under certain circumstances depositions of absent class members could have a chilling effect on their willingness to be part of the class[,]" Antoninetti v. Chipotle, Inc., No. 06CV2671-BTM WMC, 2011 WL 2003292, at *2 (S.D. Cal. May 23, 2011), the Court finds that this concern has little

1 impact here.

2     Plaintiffs also argue that setting the depositions would only waste the time and money of
3 the parties if the deponents refuse to appear. However, as discussed herein, Defendants are
4 entitled to take the additional four depositions pursuant to the Court order. While the Defendants
5 have agreed that no action will be taken against the class members based on their failure to
6 appear, there are appropriate sanctions that could be imposed. See Rojas v. Marko Zaninovich,
7 Inc, No. 1:09-CV-00705 AWI, 2011 WL 2636071, at *5 (E.D. Cal. July 5, 2011) ("The Court
8 expects that Plaintiff will withdraw the declaration of any declarant who willfully refuses to
9 appear for deposition. As to those not withdrawn, the Court will consider striking these
10 declarations unless good cause not to strike them is shown.").

11     Specifically, the individuals that Defendants seek to depose voluntarily submitted
12 declarations in support of the motion for class certification which indicates that they were willing
13 to become a witness in this action. Further, Defendants are willing to travel to depose the
14 individuals that are no longer working for Defendants, so Plaintiffs have the ability to choose
15 individuals to sit for the deposition who are no longer employed by Defendants. Finally,
16 Defendants have stated they will take no action against employees for participating in this action
17 and Plaintiffs have submitted no evidence or argument that any employee has suffered any
18 adverse consequences from submitting their declarations or being deposed in this action.

19     The court found no improper purpose in Defendants' request to seek depositions of the
20 absent class members who submitted declarations in support of the motion for class certification.
21 (ECF No. 209 at 29-30; ECF No. 220 at 11.) In this instance, the defendants are seeking to
22 schedule the depositions only as to four additional absent class members who voluntarily
23 inserted themselves into the lawsuit by submitting declarations in support of the motion for class
24 certification.

25     The Court has found that the "depositions in question here are reasonably necessary to
26 addressing the claims and defenses in this matter, particularly given the fact that the proposed
27 deponents are pulled from the forty-four absent class members who provided declarations in
28 support of Plaintiffs' class certification motion, and thereby injected themselves into the

litigation." (ECF No. 209 at 20; see also ECF No. 220 at 9 ("Under the circumstances presented here, the court concludes that defendants have made a sufficient showing of necessity in support of the limited discovery they seek from absent class members.").) Therefore, Defendants are entitled to take fifteen depositions pursuant to the orders. (ECF No. 209 at 30; ECF No. 220 at 15.)

Pursuant to Rule 30 of the Federal Rules of Civil Procedure, "[a] party may, by oral questions, depose any person, including a party, without leave of court except as provided in Rule 30(a)(2). The deponent's attendance may be compelled by subpoena under Rule 45." Fed. R. Civ. P. 30(a)(1). None of the conditions identified in Rule 30(a)(2) are present here, so leave of the Court to take the depositions is not required. If Plaintiffs are unable to find class members who are willing to sit for depositions, Rule 45 of the Federal Rules of Civil Procedure provides that a party may use a subpoena to command the attendance for a deposition. Fed. R. Civ. P. 45(a)(1)(B); see also Stafford v. Brink's, Inc., No. CV 14-1352-MWF (PLA), 2016 WL 7647659, at *1 n.1 (C.D. Cal. Mar. 21, 2016) (plaintiff can subpoena absent class members pursuant to Rule 30(a)(1) of the Federal Rules of Civil Procedure"); In re Cathode Ray Tube (CRT) Antitrust Litig., 281 F.R.D. 531, 532 (N.D. Cal. 2012) (to extent objector is considered party he can be deposed under Rule 30 and to extent he is non-party he can be deposed under Rule 45). Therefore, Defendants may command the presence of the absent class member by use of a subpoena for any remaining depositions for a total of fifteen.

IT IS SO ORDERED.

Dated: **November 22, 2019**

UNITED STATES MAGISTRATE JUDGE