# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEATRIZ ALDAPA, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>FOWLER PACKING COMPANY INC., et al.,<br><br>　　　　Defendants. | Case No. 1:15-cv-00420-DAD-SAB<br><br>ORDER FOLLOWING INFORMAL DISCOVERY DISPUTE CONFERENCE<br><br>(ECF Nos. 231, 232, 233) |

Currently before the Court is a discovery dispute between the parties that was the subject of an informal hearing held on February 11, 2020.

## I.

## BACKGROUND

On March 5, 2019, the undersigned issued an order granting in part and denying in part Plaintiffs' motion for a protective order. (ECF No. 209.) The order granted Defendants leave to conduct a total of fifteen depositions of the absent class members who submitted declarations in support of the motion for class certification. (Id. at 30.) Plaintiffs filed a motion for reconsideration of the order which was granted in part and denied in part by District Judge Dale A. Drozd on June 27, 2019. (ECF No. 220.) The order on reconsideration limited the depositions to four hours for each deposition of the absent class members. (Id. at 220.)

1

The parties proceeded to attempt to complete the depositions but were only able to complete eleven of the fifteen depositions. (Informal Discovery Dispute Joint Letter Brief ("Br.") 1, ECF No. 232.) In July of 2019, Defendants emailed a list of fifteen (15) proposed deponents, requesting completion by the end of August. (Id.) On July 30, 2019, Plaintiffs requested ten (10) additional proposed deponents because of several unavailable deponents. (Id.) Defendants provided an additional twenty (20) names in July and August of 2019. (Id.) Plaintiffs were ultimately able to schedule ten (10) depositions for the week of August 12, 2019, but only nine (9) appeared. (Id.) Thereafter, Defendants asked to schedule the remaining six (6) depositions before the September 26, 2019 discovery cutoff. (Id.) On August 29, 2019, Plaintiffs informed Defendants they were having difficulty scheduling the depositions and suggested stipulating to extend the discovery deadline, and Defendants agreed. (Id.) On September 13, 2019, the Court amended the scheduling order to accommodate the depositions and extended the non-expert discovery deadline until December 26, 2019. (ECF No. 223.)

Plaintiffs were only able to schedule two depositions in October of 2019, and on October 23, 2019, Defendants provided contact information for five declarants who were current employees and requested to schedule their depositions. (Br. 2.) In meeting and conferring on November 15, 2019, Plaintiffs explained they did not have four of the individuals available because a number of former employees had left to work in other states for harvests. (Id.) Plaintiffs also stated they had leads for people that Defendants may be able to depose in February or March of 2020, when they were expected to return to California. (Id.) Defendants offered to travel outside of California to depose these individuals. (Id.)

The parties reached an impasse and requested an informal discovery dispute conference before the undersigned which was held on November 22, 2019. (ECF No. 228.) Following the conference, on November 25, 2019, the undersigned issued an order finding that the Defendants were entitled to complete the remaining four depositions of absent class members who had already submitted declarations in support of the motion for class certification. (ECF No. 227 at 4-5.) The undersigned found that if Plaintiffs were unable to find class members who were willing to sit for depositions, Rule 45 of the Federal Rules of Civil Procedure provides that a

party may use a subpoena to command the attendance for a deposition, and therefore, Defendants may command the presence of the absent class member by use of a subpoena for any remaining depositions for a total of fifteen. (ECF No. 227 at 5.) The Court again extended the deadline for completion of non-expert discovery until March 26, 2020. (ECF No. 229.)

Following the previous informal discovery conference and the Court's order entered on November 25, 2019, no more depositions have been completed. Thus, the number of completed depositions remains at eleven, and Defendants are still seeking four more depositions. (Br. 1.) The parties have again requested an informal discovery dispute conference, which the Court set to be held on February 11, 2020. (ECF No. 231.) On February 10, 2020, the parties submitted a joint informal discovery dispute letter brief setting out their respective positions concerning the current discovery dispute. (ECF No. 232.) A telephonic conference was held on February 11, 2020, regarding the discovery dispute. (ECF No. 233.) Counsel Mario Martinez appeared for Plaintiffs, and counsel Ian Weiland, Charles Hamamjian, Bradley Hamburger, and Tiffany Phan appeared for Defendants. (Id.)

## II.

## DISCUSSION

### A.  Defendants' Position

Defendants emphasize that after the previous informal conference, this Court's order stated that Defendants could serve subpoenas to complete the remaining depositions, and also noted that the Court could strike declarations for failing to appear for a deposition. (Br. 2, citing ECF No. 227 at 4-5.) Defendants served the deposition subpoenas to Plaintiffs' counsel for the five current employees identified on the October 23, 2019 list. (Id.) On January 14, 2020, Plaintiffs confirmed the schedule for the noticed January 16, 2020 depositions, but stated they were "not confident that all or any of them will show." (Id.) None of the subpoenaed deponents appeared for their depositions in January of 2020. (Id.)

Defendants argue they have been accommodating as possible but have only been able to complete eleven depositions of the forty-four declarants after eight months, despite this Court finding the depositions to be reasonably necessary to addressing the claims and defenses in this

matter. (Id.) Now, Defendants request the Court to strike the thirty-three (33) declarations for the individuals that did not appear for deposition, or at a minimum strike the declarations of those who were served with a subpoena and failed to appear for a deposition. (Id.)

Additionally, Defendants request the Court grant Defendants permission to develop a method for deposing non-declarant class members from a variety of crews, given the Court's previous finding that the claims, allegations, and defenses are diverse and dependent on the experiences of a spectrum of employees. (Br. 2.)[1] Defendants argue that the deponents thus far have only been from a small number of crews that Defendants contend are unrepresentative of the typical crew, and argue they require additional depositions to understand the circumstances of other crews as experienced by the class members. (Br. 2-3.) Defendants argue this information cannot be obtained through other means and is warranted because they have only been able to obtain deposition testimony related to a limited number of crews. (Br. 3.)

### B. Plaintiffs' Position

Plaintiffs first argue the requested relief is improper due to a failure to meet and confer regarding the specific relief requested. Prior to receiving the draft joint statement the morning of February 10, 2020, hours before due, Defendants had never mentioned striking class member declarations from workers that did not appear for depositions, nor had they mentioned deposing class members who had not submitted declarations in connection with the dispute. (Br. 3.)

Second, Plaintiffs argue that even if Defense counsel had conferred regarding these

---

[1] The Court's full statement which Defendants quote in part is as follows: "For these reasons, this case is also distinguishable from McPhail, heavily relied upon by Plaintiffs, where the court did not allow written interrogatories and requests for admission to be directed at all 178,527 members of the class. 251 F.R.D. at 517-18. The McPhail court found such expansive discovery not necessary because defendants could rebut the element of reliance by the class members by presenting testimony at trial from sales personnel, managers, and officers, who could testify that there were not policies that encouraged misrepresentations in sales pitches, or by presenting and demonstrating that sales scripts did not contain material misrepresentations. Id. at 518. This is similar to Negrete in this regard, where the element of reliance by the class depended on whether defendant Allianz had disseminated uniform and misleading statements and whether the products were intrinsically less valuable than other investments, and the court had found such element did not turn on 'the degree to which individual class members relied upon the alleged misrepresentations and omissions of Allianz's salespersons.' 2008 U.S. Dist. LEXIS 118563 at *10-12. Here, unlike McPhail and Negrete, the claims, allegations, and defenses to such are more diverse and dependent upon the experiences of a spectrum of employees that worked for different crew-bosses, in different locations at different time periods, and for different crop products, which Defendants hope to survey given these particular proposed deponents have submitted declarations concerning these claims." (ECF No. 209 at 21.)
  The Court's statement was made in granting limited discovery directed at absent class members who had injected themselves into the litigation by submitting declarations in support of class certification.

4

remedies, the request for random class members depositions is improper because it would go beyond the previous orders of this Court which only allowed depositions of fifteen class members who had "injected" themselves into the litigation by submitting declarations. (Br. 3; ECF No. 220 at 7-8.)

Third, Plaintiffs argue that Defendants' request to strike declarations conflicts with Defendants' representations throughout these proceedings that they would not seek sanctions against any class member that failed to appear for depositions. (Br. 4.) Plaintiffs emphasize that Defendants stated on the record "that they will not move to exclude the individuals from the class who fail to appear at their noticed depositions, nor will they attempt to have sanctions imposed in any way against deponents who fail to appear." (Br. 4, quoting ECF No. 220 at 11.) Plaintiffs argue the request to strike declarations not only from the five people who were served subpoenas, but for all thirty-three (33) individuals who have not been deposed (many of whom have not even been located), is inconsistent with these representations and the Court's orders which took those representations into account when ordering the fifteen (15) depositions. (Br. 4.)

Plaintiffs state they are willing to cooperate with Defendants, but the requested relief is far beyond the Court's orders and any meet and confer efforts. (Br. 3.)

**C.  The Court Shall Order Certain Class Members to Appear for Depositions who have Failed to Appear**

As discussed at the teleconference hearing, the Court is not inclined to strike any declarations based on the limited briefing and the posture of the facts presently before it. The Court found it most appropriate to have the parties submit the names of the individual class members that have failed to appear for depositions despite being served with subpoenas, and the Court would then order the individuals to appear for depositions. To this end, during the teleconference, the Court ordered the parties to submit the proposed names, dates, and locations for the depositions of the absent class members to occur, which the parties have done. Accordingly, the Court shall, by the entering of this order, require those individuals to appear for depositions at the time and place proposed by the parties.

5

1    The Court will not consider the merits of striking any declarations until the potential
2    deponents that have been ordered by this Court to appear for depositions fail to do so, and the
3    Defendants bring a formal motion for such relief based on the failure to appear. While not
4    weighing the merits or opining as to what direction the undersigned may take if the deponents
5    again fail to appear for the depositions, given the concerns addressed by the parties in their joint
6    letter brief, the Court will now highlight some of the relevant prior statements and holdings of
7    this Court concerning the issue of potential sanctions or other potential relief to address the
8    failure of absent class members to appear for depositions.

9    Pursuant to the orders that have been issued in this action, Defendants may take the
10   deposition of fifteen of the absent class members who injected themselves into the litigation by
11   submitting declarations in support of the motion for class certification. (ECF Nos. 209, 220.)[2]
12   As Plaintiffs highlight, it is true that in the previous order issued by the undersigned following
13   the last informal discovery dispute conference, the Court stated: "While the Defendants have
14   agreed that no action will be taken against the class members based on their failure to appear,
15   there are appropriate sanctions that could be imposed." (ECF No. 227 at 4.)[3]

16   In issuing its March 5, 2019 order, the undersigned considered Plaintiffs' "request that if

---

[2] As should be apparent by this order, the Court is also not inclined to consider Defendants' request to allow for deposing absent class members outside of those who submitted declarations in support of the motion for class certification, without a formal motion and further briefing on the issue. The Court's previous orders clearly limited the depositions to those who had injected themselves into the litigation through such declarations.

[3] The case cited in the Court's previous order was Rojas v. Marko Zaninovich, Inc, No. 1:09-CV-00705 AWI, 2011 WL 2636071, at *5 (E.D. Cal. July 5, 2011), which presented issues very similar to the ones in dispute currently here. Rojas involved a class action where plaintiffs were unnamed former and current farm workers for the defendant farm owners. Rojas, 2011 WL 2636071, at *1. In support of the motion for class certification, plaintiffs submitted fifty-five declarations, including forty-nine (49) from putative class members. Id. The court granted defendants' initial request to depose five of the absent class members who submitted declarations, and defendants thereafter subpoenaed certain declarants. Id. Two declarants were unavailable or unwilling to be deposed and plaintiffs willingly withdrew the declarations of these two declarants. Id. Eventually, defendants filed a motion to compel the deposition of additional putative class members. Id. at *2. The court granted the motion to compel the deposition of additional class members because the initial depositions revealed inaccuracies in other declarations, and the additional depositions were relevant and not for an improper purpose. Id. The court ordered plaintiffs to use good faith efforts to produce the additional four deponents, stated the court "expects that Plaintiff will withdraw the declaration of any declarant who willfully refuses to appear for deposition," and stated as "to those not withdrawn, the Court will consider striking these declarations unless good cause not to strike them is shown." Id. at *5.
    The Court suggests that Plaintiffs consider the direction given by the court in Rojas which stated that it expected the plaintiffs to voluntarily withdraw any declaration from a class member that willingly refused to appear for a deposition.

the deponents fail to appear, the Court should not allow penalties such as sanctions or the striking of declarations from being imposed on Plaintiffs." (ECF No. 209 at 3.) In the March 5, 2019 order, in finding no improper purpose behind the depositions sought by Defendants, the undersigned noted that:

> Defendants assured the Court at the hearing that Defendants are not planning on sanctioning or seeking other punishments for absent class members who do not appear for depositions, and if a substantial number do not show, they may alternatively have to seek deposing different members from the list of members who submitted declarations in support of the motion for certification. This is similar to Arredondo, where the court found no evidence supporting Plaintiffs' allegation that Defendants planned to use the depositions to remove absent class members from the litigation for failing to appear at their noticed depositions, and if such improper purposes began to surface, plaintiffs could then bring such concern before the court. 2014 U.S. Dist. LEXIS 145562, at 24-26. If Plaintiffs fail to appear for a large number of depositions here, or Defendants do in fact seek sanctions or other remedies, the Court can address those issues when they come before the Court.

(ECF No. 209 at 29-30.) The undersigned then specifically held that: "Plaintiffs' request to limit Defendants' ability to seek sanction or other penalties for deponents that fail to appear for the depositions is DENIED, as the Court declines to make such a blanket restriction before any particular situation is presented to the Court, however the Court will duly consider the fact that Defendants assured the Court that they do not plan on seeking any such sanctions or penalties if Defendants in fact do pursue such remedies." (ECF No. 209 at 31.)

District Judge Drozd's order on reconsideration, noted that "defendants have stated on the record that they will not move to exclude individuals from the class who fail to appear at their noticed deposition, nor will they attempt to have sanctions imposed in any way against deponents who fail to appear." (ECF No. 220 at 10-11.) Judge Drozd then specifically referenced the undersigned's acknowledgment of Defendants' representations and reproduced verbatim the undersigned's holding denying Plaintiffs' request to limit Defendants' ability to seek sanctions. (ECF No. 220 at 11, n. 5.) Judge Drozd then stated "[i]n light of defendants' representations in this regard, the court does not find that defendants have a demonstrated improper purpose for seeking to depose the absent class members." (ECF No. 220 at 11.)

Thus, while the Court considered the Defendants' proffer that they would not seek sanctions against class members who failed to appear for depositions or seek to exclude the

individuals from the class in determining whether the discovery was sought for an improper purpose, the undersigned expressly declined to grant Plaintiffs' request to preemptively foreclose such relief until the precise situation was ripe and presented to the Court. Further, as Defendants argued at the teleconference, it is not clear that the striking of declarations is the type of sanction, if it is to be considered a sanction, that the Court and the Defendants were envisioning as unfairly targeting the absent class members. Rather, the Court was concerned with potential monetary sanctions that may have been sought against the individual class members such as to cover the costs of the deposition, or the seeking of removing the absent class members altogether from the class resulting in the member being excluded from the a potential settlement or judgment, rather than simply striking the declarations and preventing the declarations from being used for other purposes where the declarant fails to appear for a deposition. The Court was concerned about any incentive for anyone to appear for a deposition and frankly the rule of law. Again, the Court will reserve decision until the matter is raised and ripe for this Court's consideration.

Now turning to the crux of this order, the Court shall order the six proposed depositions to occur as submitted by the parties. Defendants are only entitled to a total of four more depositions, and thus once four are completed, any remaining depositions shall be cancelled.

## III.

## ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The following individuals appear for depositions at the time and place described below:

    a. Mariano Carranza on March 4, 2020 at 8:00 a.m. at U.S. Legal Support, 5200 Palm Ave., Suite 110, Fresno, CA 93704;

    b. Claudia Villafuerte on March 4, 2020 at 8:00 a.m. at U.S. Legal Support, 5200 N Palm Ave., Suite 110, Fresno, CA 93704;

    c. Guadalupe Saldana on March 4, 2020 at 1:00 p.m. at U.S. Legal Support, 5200 N Palm Ave., Suite 110, Fresno, CA 93704;

    d. Maria Isabel Esquivel on March 4, 2020 at 1:00 p.m. at U.S. Legal

| | |
|---|---|
| 1 | Support, 5200 N Palm Ave., Suite 110, Fresno, CA 93704; |
| 2 | e. Miguel Angel Orosco on March 5, 2020 at 8:00 a.m. at Sagaser, Watkins & Wieland, 5260 N. Palm Ave. Ste. 400 Fresno, CA 93704; |
| 4 | f. Silva Machuca on March 5, 2020 at 8:00 a.m. at Sagaser, Watkins & Wieland, 5260 N. Palm Ave. Ste. 400 Fresno, CA 93704; and |
| 6 | 2. Once four of the above depositions are completed any remaining depositions are ordered cancelled. |

IT IS SO ORDERED.

Dated: **February 14, 2020**

UNITED STATES MAGISTRATE JUDGE