# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEATRIZ ALDAPA, et al., | Case No. 1:15-cv-00420-DAD-SAB |
| Plaintiffs, | ORDER GRANTING IN PART STIPULATED REQUEST TO AMEND PHASE TWO SCHEDULING ORDER |
| v. | |
| FOWLER PACKING COMPANY INC., et al., | (ECF No. 239) |
| Defendants. | |

On March 1, 2018, a Phase Two Scheduling Order issued in this action. (ECF No. 193.) At the stipulation of the parties, the Phase Two Scheduling Order was amended on September 17, 2018; February 12, 2019; June 28, 2019; September 13, 2019; November 25, 2019; and most recently, on March 19, 2020. (ECF Nos. 200, 206, 221, 223, 229, 238.) On July 22, 2020, the parties submitted a stipulation to further amend the Phase Two Scheduling Order. (ECF No. 239.) The Court finds good cause to amend the scheduling order due to the parties' ongoing issues completing discovery due to the ongoing COVID-19 public health situation. However, based on the parties' proffered reasons for the extension, the Court finds a ninety (90) day extension to be more appropriate rather than the one hundred and thirty (130) day extension requested.

The stipulation explains that on March 17, 2020, the parties requested an extension of the

discovery deadlines to complete three outstanding absent class member depositions, and address "other discovery concerns." (ECF No. 239 at 3.) The parties generally aver that since then, the COVID-19 pandemic has delayed the "ability to conduct discovery, including depositions." (Id.) Specifically, following the Court's granting of the requested extension on March 19, 2020, Plaintiffs have secured the attendance of two absent class members at depositions, however "have faced difficulty in securing the attendance of the final absent class member for deposition." (Id.) The parties explain that Plaintiffs' ability to contact absent class members has been impacted by the COVID-19 pandemic as in-person visits were the most effective method of contacting the absent class members; the "parties are currently devising a methodology to randomly select one absent class member to" complete the final deposition; and "Plaintiffs believe it may take some time to locate a class member for the final deposition." (Id.) Based on these facts, the Court shall extend the current deadlines approximately 90 days rather than the requested 130. Further, given the Standing Order in Light of Judicial Emergency in the Eastern District of California issued February 4, 2020 (ECF No. 230), the impacted nature of the Court, and the complex nature of this action, the pre-trial conference date and trial date shall be extended significantly further than requested by the parties to allow for the District Judge to properly consider dispositive motions.

Accordingly, IT IS HEREBY ORDERED that the March 1, 2018 Phase Two Scheduling Order as amended on September 17, 2018; February 12, 2019; June 28, 2019; September 13, 2019; November 25, 2019; and March 19, 2020, is further AMENDED as follows:

1. Non-Expert Discovery Deadline: October 22, 2020;

2. Expert Disclosure Deadline: November 25, 2020[1];

3. Supplemental Expert Disclosure Deadline: December 23, 2020[2];

4. Expert Discovery Deadline: January 24, 2021;

5. Settlement Conference: March 16, 2021, at 9:30 a.m. before Judge Barbara A.

---

[1] The Court notes that the Thanksgiving holiday falls on November 26, 2020.

[2] 90 days from the current deadline is December 25, 2020, and the Court adjusted this date to a slightly earlier date given the holiday.

McAuliffe in Courtroom 8[3];

6. Dispositive Motion Filing Deadline: May 20, 2021;

7. Pre-Trial Conference: January 10, 2022, at 1:30 p.m., in Courtroom 5 before District Judge Dale A. Drozd;

8. Trial: April 5, 2022, at 1:00 p.m., in Courtroom 5 before District Judge Dale A. Drozd; and

9. All other aspects of the March 1, 2018 Phase Two Scheduling Order shall remain in effect.

IT IS SO ORDERED.

Dated: **July 24, 2020**

UNITED STATES MAGISTRATE JUDGE

---

[3] The parties filing and proposed order reference April 22, **2020**, as the date for the settlement conference. (ECF No. 239.) The Court presumes the parties meant to request a settlement conference in April of 2021, to take place after the close of expert discovery, and two months prior to the dispositive motion filing deadline, rather than on a date approximately 130 days from the current date of August 13, 2020, which would have placed the settlement conference sometime in December of 2020. Given the Court declines to extend the deadlines the full 130 days requested, the Court has set a settlement conference approximately 40 days prior to the requested April 2021 date, to take place between the close of expert discovery and dispositive motion filing deadline.