# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEATRIZ ALDAPA, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>FOWLER PACKING COMPANY INC., et al.,<br><br>    Defendants. | Case No. 1:15-cv-00420-DAD-SAB<br><br>ORDER GRANTING IN PART DEFENDANTS' MOTION TO EXCLUDE ABSENT CLASS MEMBERS DECLARATIONS<br><br>(ECF Nos. 247, 252, 253) |

Currently before the Court is Fowler Packing Company, Inc.; AG Force LLC; and Fowler Marketing International LLC's ("Defendants") motion to exclude absent class members declarations, filed on April 30, 2021. (ECF No. 247.)

The Court heard oral argument on the motion on June 9, 2021. (ECF No. 254.) Counsel Mario Martinez and Charlotte Mikat-Stevens appeared on behalf of the class ("Plaintiffs"), and counsel Bradley Hamburger and Howard Sagaser appeared for Defendants. (Id.) Having considered the moving, opposition and reply papers, the declarations and exhibits attached thereto, arguments presented at the June 9, 2021 hearing, as well as the Court's file, the Court issues the following order.

/ / /

/ / /

# I.

## RELEVANT BACKGROUND

Defendants are engaged in the business of cultivating, harvesting and packing fruit, mostly tree fruits – generally peaches, nectarines, plums, and pomegranates – as well as table grapes on land located primarily in or near Fresno County, California. (First Amended Compl. ("FAC"), ¶ 4, ECF No. 129.) The plaintiffs in this action are seasonal agricultural workers who have been employed by Defendants to work in their fields. (Id.)

On March 17, 2015, Beatriz Aldapa and Elmer Avalos ("Plaintiffs") filed this action on behalf of themselves and all others similarly situated against Defendants pursuant to the Migrant and Seasonal Agricultural Worker Protection Act, 29 U.S.C. § 1801, et seq. (ECF No. 1.)

On January 24, 2018, Plaintiffs' motion for class certification was granted in part and the following classes were certified:

> a.  Piece Rate Rest Period Subclass
> All individuals who were employed by Defendants as a non-exempt "field worker" or agricultural worker from March 17, 2011 to present, and were compensated on a piece rate basis.
>
> b.  Unpaid Travel Time Subclass
> All individuals who were employed by Defendants as a non-exempt "field worker" or agricultural worker from March 17, 2011 to present, and worked at two or more fields in one day.
>
> c.  Vehicle Expense Subclass
> All individuals who were employed by Defendants as a non-exempt "field worker" or agricultural worker from March 17, 2011 to present, worked at two or more fields in one day, and drove their own cars between fields.
>
> d.  Meal Period Subclass
> All individuals who were employed by Defendants as a non-exempt "field worker" or agricultural worker from March 17, 2011 to present, for whom no meal period was recorded on at least one day in which the employee worked more than five hours.
>
> e.  Tools Subclass
> All individuals who were employed by Defendants as a non-exempt "field worker" or agricultural worker from March 17, 2011 to present who purchased gloves, files, oil, safety glasses, shears, clippers, scissors, sheaths, or replacement parts for their work for Defendants.
>
> f.  Unpaid Work Subclass
> All individuals who were employed by Defendants as a non-exempt "field worker" or agricultural worker from March 17, 2011 to present who were required to arrive before their shift or perform duties after their shift, or wait for

fruit to dry before beginning work.

> g.    Inaccurate Wage Statement Subclass
> All individuals who were employed at any of the Defendants between March 17, 2012 and present as non-exempt field or agricultural workers for the Defendants.

(ECF No. 185 at 60-61.)

During the pendency of this action, numerous discovery disputes have been addressed by the Court. (ECF Nos. 25, 33, 41, 62, 92, 94, 98, 209, 220, 227, 234.) The instant motion arises out of the prior discovery disputes and the relevant orders are set forth below.

On March 5, 2019, the undersigned issued an order granting in part and denying in part Plaintiffs' motion for a protective order. (ECF No. 209.) The order granted Defendants leave to conduct a total of fifteen depositions of the absent class members who submitted declarations in support of the motion for class certification. (Id. at 30.) Plaintiffs filed a motion for reconsideration of the order which was granted in part and denied in part by District Judge Dale A. Drozd on June 27, 2019. (ECF No. 220.) The order limited the depositions to four hours for each deposition of the absent class members. (Id. at 220.)

On November 22, 2019, an informal discovery dispute conference was conducted. (ECF No. 228.) Following the March 5, 2019 order, the parties had worked together to obtain depositions of the absent class members. (ECF No. 227 at 2.) Defendants had provided Plaintiffs with a list of the fifteen individuals that they sought to depose. (Id.) The deponents were not all available and Defendant submitted the names of twenty additional individuals. (Id.) Eleven depositions were obtained and one individual failed to appear for the deposition. (Id.) Defendants submitted the names of five current employees and were seeking to have four depositions set. (Id.) An order issued granting Defendants request for the use of subpoenas to command the presence of absent class members for the remaining four depositions if Plaintiffs were unable to find class members who were willing to sit for depositions. (Id. at 5.)

An informal discovery dispute conference was held on February 11, 2020. (ECF No. 233.) The issue remained that only eleven depositions had been held. (ECF No. 234 at 3.) Defendants had set depositions for January 16, 2020, but none of the subpoenaed deponents appeared for their deposition. (Id.) Defendants sought to strike the thirty three declarations for

the individuals that did not appear for depositions or, at a minimum, strike the declarations of those individuals who failed to appear for depositions. (Id.) The Court reserved decision on striking the declarations until the matter was raised and ripe for consideration ( Id. at 8.) The Court ordered six proposed depositions that were submitted by the parties. (Id.) Once four depositions were completed, any remaining depositions were to be cancelled. (Id.)

On April 30, 2021, Defendants filed a motion to strike the absent class members declarations. (ECF No. 247.) Plaintiffs filed an opposition to the motion on May 26, 2021. (ECF No. 252.) Defendants filed a reply on June 2, 2021. (ECF No. 253.)

## II.

## LEGAL STANDARD

Rule 26 of the Federal Rules of Civil Procedure allows a party to obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.

Depositions are governed by Federal Rule of Civil Procedure 30, which states, in pertinent part, '[a] party may, by oral questions, depose any person, including a party, without leave of court except as provided in Rule 30(a)(2). The deponent's attendance may be compelled by subpoena under Rule 45."

Rule 37 of the Federal Rules of Civil Procedure provides for a remedy where a party fails to obey an order to provide or permit discovery. The Court may issue further just orders including, in relevant part, "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence[.]" Fed. R.

Civ. P. 37(b)(2)(A)(ii).

## III.

## DISCUSSION

Defendants move to exclude the thirty declarations submitted in support of the motion to certify the class due to the individuals failure to appear for deposition. Defendants state that the Court ordered that fifteen depositions of the individuals be taken and only fourteen of the forty-four individuals who submitted declarations appeared for deposition. Defendants contend that the depositions that were taken revealed significant discrepancies between the declarations statements and the deposition testimony implicating the credibility of the declarants. Defendants argue that they would suffer substantial prejudice if Plaintiffs are allowed to rely on this untested testimony in this case, especially since this testimony was relied on in deciding the motion for certification of the class. Further, Defendants assert that they are not seeking sanctions against the class members themselves, but to exclude the untested evidence from being used in this action.

Plaintiffs counter that Defendants obtained everything they were entitled to because fifteen depositions were conducted. Plaintiffs contend that the sanction Defendants seek is excessive because Defendants were only entitled to one more deposition of a class member who had submitted a declaration. Plaintiffs argue that Defendants mischaracterize the discrepancies in the testimony and Defendants have not shown that it is likely any further similar discrepancies would be uncovered. Plaintiffs also assert that Defendants have not sought additional depositions despite the Court indicating that it might grant further depositions if the deposition testimony indicated a need. Plaintiffs state that Defendants are seeking sanctions despite having assured the Court that they would not seek sanctions against the class members who did not appear for depositions. Finally, Plaintiffs argue that the declarations are the only way for the class members to be safely heard by the Court.

Defendants reply that they were entitled to depose fifteen of the individuals who asserted themselves into the litigation by submitting declarations but were unable to do so because Plaintiffs could not find fifteen of the individuals to sit for depositions. Defendants argue that it

would be futile for them to seek additional depositions of these individuals because they were only able to obtain depositions from fourteen of them due to the individuals' failure or refusal to appear for deposition. Defendants assert that they would be unfairly prejudiced by allowing Plaintiffs to continue to rely on these untested declarations. While Plaintiffs argue that the class members are not parties to the litigation, Defendants argue that the absent class members are parties to the litigation. Further, Defendants contend that Plaintiffs' argument that the inconsistencies identified are trivial is incorrect. Defendants reassert that they are not seeking sanctions against the class members for their failure to appear for deposition, but are seeking to exclude the class from relying on this untested evidence in this action.[1]

### A. Whether Defendants Obtained Depositions Allowed by March 5, 2019 Order

Defendants contend that they were entitled to conduct the depositions of fifteen of the individuals that submitted declarations in support of the motion for class certification and were unable to do so due to Plaintiffs' inability to produce fifteen of the individuals for deposition. Defendants seek to preclude Plaintiffs from using the thirty declarations of the individuals who refused to show for deposition. Plaintiffs argue that Defendants were able to obtain fifteen depositions which is all the Court ordered so good cause does not exist to strike the declarations. Defendants reply that although fifteen depositions were conducted, only fourteen of them were those ordered by the Court because Plaintiffs could not produce a fifteenth individual from the forty four who submitted declarations.

The March 5, 2019 order addressed Plaintiffs request for a protective order. Plaintiff was seeking to quash twenty-five depositions of the absent class members. (ECF No. 204.) Plaintiffs had submitted forty four declarations from absent class members in support of their motion for class certification and Defendants were seeking to depose twenty five of the individuals. (ECF No. 209 at 3.[2]) On January 23, 2019, Defendants had served deposition subpoenas on twenty-five of the forty four absent class members who had submitted declarations. (Id.) Plaintiffs

---

[1] The Court has read and considered all the arguments presented by the parties but shall only address those arguments that it finds necessary to decide the current motion.

[2] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

contended that the deposition of absent class members was not permitted and sought to quash the subpoenas.  (Id. at 4.)

In deciding the request to quash, the Court found that "[t]o prevent Defendants from pursuing limited and reasonable discovery directed at witnesses that not only Plaintiffs concede may be called at trial, but have already interjected their declarations into the matter in the motion for certification, would appear to violate Defendants' right to due process and ability to properly prepare themselves and defend against the various claims brought by Plaintiffs in this matter."  (ECF No. 209 at 23.)  The Court found that Defendants had sufficiently demonstrated the necessity for the proposed depositions under the relevant case law.  (Id. at 23-24.)

Plaintiffs conceded at the hearing on the motion that because the class has been certified, the potential deponents are represented by class counsel.  (Id. at 25.)  Recognizing the chilling effect that depositions of absent class members can have, the Court found that the potential deponents had already injected themselves into the litigation by submitting declarations in support of the motion for class certification and requiring them to appear for a deposition on their sworn statements did not appear to present an undue burden on the individuals.  (Id.)  Any chilling effect would likely have prevented the individuals from submitting the declarations in the first place.  (Id.)  The Court granted Defendants fifteen depositions of the absent class members who had submitted declarations and stated that it may entertain a request for additional depositions if Defendants found it was necessary after the first fifteen were conducted.  (Id. at 26.)

Further, the Court found no improper purpose in the discovery sought by Defendants.  (Id. at 28.)  The Court denied Plaintiffs' request that Defendants not be allowed to use the deposition testimony in support of any motion for decertification of the class.  (Id.)  "[D]ecertification of class actions that ultimately prove incompatible with class adjudication is an accepted, and necessary, part of class action litigation.  The Federal Rules of Civil Procedure allow for decertification of the class at any point in the litigation, and nothing in the rules restricts Defendants ability to conduct discovery directed at absent class members."  (Id. at 28-29.)

At the hearing on the motion, Defendants assured the Court that they "were not planning on sanctioning or seeking other punishments for absent class members who do not appear for depositions, and if a substantial number do not show, they may alternatively have to seek deposing different members from the list of members who submitted declarations in support of the motion for certification." (Id. at 29-30.) The Court noted that if Defendants did seek sanctions or other remedies, they could be addressed when the issue came before the Court. (Id. at 30.) Defendants were "granted leave to conduct a total of fifteen depositions of the absent class members who submitted declarations in support of the motion for class certification." (Id.)

On June 27, 2019, District Judge Drozd issued an order on Plaintiffs' motion for reconsideration. (ECF No. 220.) Defendants argued that the depositions at issue were necessary to test the factual assertions made by the deponents in their sworn declarations submitted in support of the motion for class certification. (Id. at 8.) While somewhat skeptical, Judge Drozd recognized that many courts have permitted defendants to depose absent class members who injected themselves into the litigation by submitting declarations in support of a motion for class certification. (Id.) Plaintiffs' counsel acknowledged that they intend to call absent class members at trial although they have not yet identified those class members. (Id. at 9.) The Court found that Defendants had made a sufficient showing of necessity to seek the limited discovery from absent class members. (Id.)

An informal discovery dispute conference was held on November 22, 2019. (ECF No. 228.) The parties had worked together to obtain the depositions of the absent class members and eleven depositions had occurred. (ECF No. 227 at 2.) One deponent had failed to appear for a scheduled deposition. (Id.) Defendants were seeking to have the remaining four depositions by subpoena. (Id.) Defendants had offered to travel outside of California to depose the absent class members and to pay for time off and compensation for time spent testifying for current employees. (Id. at 2-3.) Plaintiffs took the position that they had made their best effort to get the absent class members to appear and that Defendants should not be allowed to subpoena the absent class members since it could cause absent class members to withdraw from participating in the lawsuit. (Id. at 3.) The Court noted that this same argument had been raised and rejected

1  in the motion for a protective order.  (Id.)  This concern had little impact.  (Id. at 3-4.)

2     Plaintiffs argued that setting the depositions would only waste the time and money of the

3  parties if the deponents refused to appear, but the Court recognized that while Defendants had

4  agreed that no action would be taken against the absent class members based on their failure to

5  appear, there were appropriate sanctions that could issue.  (Id. at 4.)  Defendants were allowed to

6  command the presence of the absent class members by use of subpoena for any remaining

7  depositions for a total of fifteen.  (Id. at 5.)

8     An informal discovery dispute conference was held on February 11, 2021.  (ECF No.

9  233.)  Plaintiffs had not been able to get any additional absent class members to sit for

10  deposition.  (ECF No. 234 at 3.)  Only eleven depositions had been completed and Defendant

11  was seeking four more depositions.  (Id.)  Deposition subpoenas were served for five current

12  employees, but none of them appeared for deposition.  (Id.)  Defendants requested that the thirty-

13  three depositions of the absent class members be stricken or that at a minimum the declarations

14  of those served with a subpoena that failed to appear be stricken.  (Id. at 4.)

15     Plaintiffs argued that Defendants had not previously mentioned striking class member

16  declarations for their failure to appear nor had they mentioned deposing class members who had

17  not submitted declarations.  (Id.)  Plaintiffs contended that the request to strike random

18  declarations was improper because it would go beyond the previous order which only allowed

19  the deposition of fifteen class members who had injected themselves into the litigation by

20  submitting declarations.  (Id. at 5.)  Plaintiffs also argued that the request to strike the

21  declarations conflicted with Defendants' representations made throughout the proceedings that

22  they would not seek sanctions against any class member that failed to appear for depositions.

23  (Id.)

24     The Court declined to strike any class member declarations based on the limited briefing

25  and posture of the facts presented.  (Id.)  The parties were ordered to submit names, dates, and

26  locations for the depositions of the absent class members to occur.  (Id.)  The Court would not

27  consider the merits of the request to strike the declarations until the potential deponents had been

28  ordered to appear for deposition and failed to do so.  (Id. at 6.)  The Court highlighted the

relevant prior statements and holdings of the Court concerning the issue of potential sanctions

and relief to address the failure of absent class members to appear. (Id.)

> Pursuant to the orders that have been issued in this action, Defendants may take the deposition of fifteen of the absent class members who injected themselves into the litigation by submitting declarations in support of the motion for class certification. (ECF Nos. 209, 220.) As Plaintiffs highlight, it is true that in the previous order issued by the undersigned following the last informal discovery dispute conference, the Court stated: "While the Defendants have agreed that no action will be taken against the class members based on their failure to appear, there are appropriate sanctions that could be imposed." (ECF No. 227 at 4.)
>
> In issuing its March 5, 2019 order, the undersigned considered Plaintiffs' "request that if the deponents fail to appear, the Court should not allow penalties such as sanctions or the striking of declarations from being imposed on Plaintiffs." (ECF No. 209 at 3.) In the March 5, 2019 order, in finding no improper purpose behind the depositions sought by Defendants, the undersigned noted that:
>
>> Defendants assured the Court at the hearing that Defendants are not planning on sanctioning or seeking other punishments for absent class members who do not appear for depositions, and if a substantial number do not show, they may alternatively have to seek deposing different members from the list of members who submitted declarations in support of the motion for certification. This is similar to Arredondo, where the court found no evidence supporting Plaintiffs' allegation that Defendants planned to use the depositions to remove absent class members from the litigation for failing to appear at their noticed depositions, and if such improper purposes began to surface, plaintiffs could then bring such concern before the court. 2014 U.S. Dist. LEXIS 145562, at 24-26. If Plaintiffs fail to appear for a large number of depositions here, or Defendants do in fact seek sanctions or other remedies, the Court can address those issues when they come before the Court.
>
> (ECF No. 209 at 29-30.) The undersigned then specifically held that: "Plaintiffs' request to limit Defendants' ability to seek sanction or other penalties for deponents that fail to appear for the depositions is DENIED, as the Court declines to make such a blanket restriction before any particular situation is presented to the Court, however the Court will duly consider the fact that Defendants assured the Court that they do not plan on seeking any such sanctions or penalties if Defendants in fact do pursue such remedies." (ECF No. 209 at 31.)
>
> District Judge Drozd's order on reconsideration, noted that "defendants have stated on the record that they will not move to exclude individuals from the class who fail to appear at their noticed deposition, nor will they attempt to have sanctions imposed in any way against deponents who fail to appear." (ECF No. 220 at 10-11.) Judge Drozd then specifically referenced the undersigned's acknowledgment of Defendants' representations and reproduced verbatim the undersigned's holding denying Plaintiffs' request to limit Defendants' ability to seek sanctions. (ECF No. 220 at 11, n. 5.) Judge Drozd then stated "[i]n light of defendants' representations in this regard, the court does not find that defendants have a demonstrated improper purpose for seeking to depose the absent class members." (ECF No. 220 at 11.)

///

Thus, while the Court considered the Defendants' proffer that they would not seek sanctions against class members who failed to appear for depositions or seek to exclude the individuals from the class in determining whether the discovery was sought for an improper purpose, the undersigned expressly declined to grant Plaintiffs' request to preemptively foreclose such relief until the precise situation was ripe and presented to the Court. Further, as Defendants argued at the teleconference, it is not clear that the striking of declarations is the type of sanction, if it is to be considered a sanction, that the Court and the Defendants were envisioning as unfairly targeting the absent class members. Rather, the Court was concerned with potential monetary sanctions that may have been sought against the individual class members such as to cover the costs of the deposition, or the seeking of removing the absent class members altogether from the class resulting in the member being excluded from [] a potential settlement or judgment, rather than simply striking the declarations and preventing the declarations from being used for other purposes where the declarant fails to appear for a deposition. The Court was concerned about any incentive for anyone to appear for a deposition and frankly the rule of law. Again, the Court will reserve decision until the matter is raised and ripe for this Court's consideration.

(ECF No. 234 at 6-9.)

The order specifically noted that the prior orders allowed Defendants to depose only those absent class members who had submitted declarations in support of the motion for class certification (id. 6 n.2), and suggested that Plaintiffs consider withdrawing any declarations from a class member who was unwilling to appear for deposition, (id. n.3).

Relying on Fonseca v. Sysco Food Servs. of Arizona, Inc., 374 F.3d 840 (9th Cir. 2004), Plaintiffs contend that good cause is required to be demonstrated to obtain the relief requested. Plaintiffs argue that good cause does not exist here to exclude the declarations because Defendants have obtained their full allotment of witnesses as they have deposed fifteen absent class members. Defendants reply that Fonseca did not set forth a good cause standard for striking declarations and they did not receive fifteen declarant depositions, but only fourteen such depositions, being told repeatedly by Plaintiffs that attempting to obtain the final declarant deposition would be futile because the 30 other declarants could not be located or would not appear.

In Fonseca, the trial court excluded a witness declaration because the pro se plaintiff did not disclose a witness until one month after the disclosure deadline. 374 F.3d at 846. The appellate court reversed the exclusion finding it was both substantially justified and harmless. Id.

> The district court did not consider whether the late disclosure was harmless or justified, because Fonseca, a pro se plaintiff, did not file a motion to show good cause for the late disclosure. However, the district court had instructed Fonseca regarding the good cause motion in a confusing manner: "If you wish to file a motion to show good cause ... [this] new witness[ ] will not be permitted to be called at trial." (emphasis added). Fonseca did not file a good cause motion, but argued in response to Sysco's to strike the evidence that the late disclosure was substantially justified and harmless.
>
> "District courts must take care to insure that pro se litigants are provided with proper notice regarding the complex procedural issues involved in summary judgment proceedings." Garaux v. Pulley, 739 F.2d 437, 439 (9th Cir. 1984). The district court did not give Fonseca proper notice that the Mendoza declaration would be excluded unless Fonseca filed a good cause motion. In addition, Fonseca's late disclosure was substantially justified because it was made shortly after he learned of the discrimination against Mendoza, as well as harmless, because Sysco had a copy of the Mendoza declaration months before Fonseca's disclosure. It was error to exclude the Mendoza declaration.

Fonseca, 374 F.3d at 846.

The good cause requirement addressed by the Fonseca court arose under Rule 16 of the Federal Rules of Civil Procedure, not Rule 37. The pro se plaintiff had failed to disclose the witness within the deadlines as required by the scheduling order. Fonseca, 374 F.3d at 846. Rule 16 provides that a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The trial court notified the plaintiff that he had not disclosed the witness within the scheduling deadline and could file a motion to show good cause or the witness would be excluded from trial. Fonseca, 374 F.3d at 846. The appellate court held that the court's order did notify the plaintiff that the declaration would be excluded if the plaintiff did not file a good cause motion. Id. The appellate court went on to find that the late disclosure was substantially justified and harmless. Id. However, Fonseca cannot reasonably be found to impose a good cause requirement on Rule 37.

There is no requirement under Rule 37 for a party seeking a sanction to show good cause for the relief sought. See e.g. Zone Sports Ctr., LLC v. Rodriguez, No. 1:11-CV-00622-SKO, 2016 WL 224093, at *3 (E.D. Cal. Jan. 19, 2016) ("If the court determines there is no good cause for amendment to the schedule, there is no reason to consider whether Zone is entitled to relief from the Rule 37(c) exclusion sanction."); Cervantes v. Zimmerman, No. 17-CV-1230-BAS-NLS, 2019 WL 1129154, at *12 (S.D. Cal. Mar. 12, 2019) (quoting Fid. Nat'l Fin., Inc. v. Nat'l

Union Fire Ins. Co., 308 F.R.D. 649, 652 (S.D. Cal. 2015)) ("Rule 16(b) directs a District Court to evaluate (1) the moving party's diligence, and (2) prejudice, Rule 37(c) directs a District Court to assess (1) whether the moving party has shown 'substantial justification,' and (2) harm."); Mkhitaryan v. U.S. Bank, N.A., No. 2:11-CV-01055-JCM, 2012 WL 6004521, at *2 n.1 (D. Nev. Nov. 29, 2012) (rejecting argument there was no good cause for relief under Rule 37(b) as the provision did not exist).

Here, the prior orders were clear that Defendants were entitled to depose fifteen of the absent class members who injected themselves into the litigation by submitting declarations in support of the motion for class certification. (See ECF 209 at 30 ("Defendants shall be granted leave to conduct a total of fifteen depositions of the absent class members who submitted declarations in support of the motion for class certification"); ECF 220 at 9 ("Here, the magistrate judge's order permitted defendants to depose only fifteen of the forty-four absent class members who submitted declarations in support of the motion for class certification."); ECF No. 227 at 3 ("Pursuant to the orders that have been issued in this action, Defendants may take the deposition of fifteen of the absent class members who injected themselves into the litigation by submitting declarations in support of the motion for class certification."); ECF No. 234 at 5 (Plaintiffs opposed the request for random class member declarations because the order only provided for depositions of fifteen class members who had injected themselves into the litigation by submitting declarations).

Plaintiffs continued to argue at the June 9, 2021 hearing that Defendants have obtained their full allotment of depositions because fifteen depositions were conducted. The Court finds that Defendants have not obtained their full allotment of witness as they are entitled to depose fifteen of the individuals who injected themselves into the litigation by submitting declarations in support of the motion for class certification. Plaintiffs conceded at the hearing that they were only able to find fourteen of the individuals who submitted declarations to appear for deposition. Defendants have only been able to depose fourteen of the absent class members because Plaintiffs have been unable to obtain additional individuals willing to sit for a depositions and the absent class members did not attend as required by the subpoenas issued.

1    Accordingly, Defendants were entitled to depose one additional individual who submitted

2    a declaration in support of the motion for class certification.  Defendants sought to depose the

3    class members to test the declarations that were submitted in support of the class certification

4    motion and deposing an absent class member who did not submit a declaration does not serve the

5    same purpose.

6    Nor is the Court persuaded by Plaintiffs argument that by proposing that the fifteenth

7    deposition of an absent class member be conducted Defendant waived their right to seek

8    sanctions for the failure of a fifteenth deposition by a class member that submitted a declaration

9    in support of the motion for class certification.  Defendants have consistently sought to have

10   depositions of the absent class members who submitted a declaration and previously requested

11   that the Court preclude the use of the declarations of the class members who did not appear for

12   deposition.  The Court finds that Defendants have not waived the right to request an evidentiary

13   sanction for the failure to the absent class members to sit for declarations.

14   Finally, Plaintiffs contend that Defendants have not sought additional depositions of the

15   absent class members.  However, Plaintiffs were unable to secure the attendance of any of the

16   additional thirty class members who injected themselves into the litigation.  Even those five

17   absent class members who were subject to a subpoena refused to appear for deposition.  Since

18   Plaintiffs were unable to find more than fourteen absent class members to sit for depositions, the

19   Court agrees with Defendants that it would be futile for them to seek additional depositions of

20   these individuals.

21       **B.      Whether Sanctions are Appropriate Under Rule 37 for Plaintiffs' Failure to
                   Produce Absent Class Members for Deposition**
22

23   Plaintiffs argue that the failure to appear was not willful but was due to difficulty in

24   locating the absent class members, their distrust of the legal proceedings, or fear of retaliation

25   due to legitimate immigration concerns.

26   Rule 37 does not require the failure to appear at a deposition to be in bad faith for the

27   imposition of sanctions.  <u>Telluride Mgmt. Sols., Inc. v. Telluride Inv. Grp.</u>, 55 F.3d 463, 466 (9th

28   Cir. 1995), abrogated on other grounds by <u>Cunningham v. Hamilton Cty., Ohio</u>, 527 U.S. 198

(1999)).  The Ninth Circuit has noted that the willfulness requirement has only been applied in reviewing dismissal of the action as a sanction.  Telluride Mgmt. Sols., Inc., 55 F.3d at 466 n.2 (citing Hyde & Drath v. Baker, 24 F.3d 1162, 1167 (9th Cir. 1994), as amended (July 25, 1994); Henry v. Gill Indus., Inc., 983 F.2d 943, 948 (9th Cir. 1993).  "Disobedient conduct not shown to be outside the control of the litigant is sufficient to demonstrate willfulness, bad faith, or fault."  Telluride Mgmt. Sols., Inc., 55 F.3d at 466 n.2 (quoting Fjelstad v. American Honda Motor Co., 762 F.2d 1334, 1341 (9th Cir. 1985).

Here, the Court has ordered on multiple occasions that the depositions of fifteen of the absent class members who submitted declarations in support of the motion for class certification were to be taken.  A good faith dispute regarding the discovery question might constitute substantial justification for the failure to appear at deposition.  Hyde & Drath, 24 F.3d at 1171.  However, there can be no good faith dispute regarding whether the absent class members were required to appear for deposition.  Plaintiff has set forth these same arguments regarding the class members distrust of the litigation and fear of retaliation, but these arguments have been rejected for these class members who have injected themselves into the litigation by submitting declarations.  Further, "[d]isagreement with the court is not an excuse for failing to comply with court orders."  Telluride Mgmt. Sols., Inc., 55 F.3d at 466 (quoting Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1411 (9th Cir. 1990)).  "Rule 37 authorizes the court to impose sanctions on a party only when it 'fails to obey an order to provide or permit discovery.' "  Hyde & Drath, 24 F.3d at 1170 (quoting Fed. R. Civ. P. 37(b)(2)).

The Court finds that sanctions would be appropriate for a party's failure to comply with the orders allowing the depositions of fifteen of the absent class members who injected themselves into the litigation by submitting declarations in support of the motion for class certification.  Therefore, the Court shall next consider whether the absent class members can be sanctioned under Rule 37 as a party to this action.

Defendants argue that sanctions can be imposed under Rule 37 because the absent class members are parties to this litigation since the class has been certified.  While Plaintiffs have asserted that the absent class members are represented by class counsel this is not the same as

conceding that the absent class members are parties in this litigation. At the June 9, 2021 hearing, Defendants conceded that whether the absent class members are parties to the litigation is a difficult question.

"In some contexts absent class members are treated as parties, see In re Cement Antitrust Litigation, 688 F.2d 1297, 1307–10 (9th Cir. 1982) (judicial recusal statute), while in other contexts they are not, see Snyder v. Harris, 394 U.S. 332, 340, 89 S.Ct. 1053, 22 L.Ed.2d 319 (1969) (diversity jurisdiction statute)." Koby v. ARS Nat'l Servs., Inc., 846 F.3d 1071, 1076 (9th Cir. 2017).

Yet, some courts have determined that absent class members are not parties to the litigation for the purposes of seeking discovery. On the House Syndication, Inc. v. Fed. Exp. Corp., 203 F.R.D. 452, 455 (S.D. Cal. 2001); see also Wainwright v. Kraftco Corp., 54 F.R.D. 532, 534 (N.D. Ga. 1972) ("Nothing in Rule 23 suggests that class members are deemed 'parties'. . . . Indeed, if class members were automatically deemed parties, all class actions would be converted into massive joinders. Such a result would emasculate Rule 23."); In re Worlds of Wonder Sec. Litig., No. C-87-5491 SC (FSL), 1992 WL 330411, at *2 (N.D. Cal. July 9, 1992) ("Absent class members are not parties. . . ."). Defendants have submitted no authority to support an argument that the absent class members are considered parties in this litigation for the purposes of conducting discovery. For the purpose of the current motion, the Court finds that the absent class members are not parties.

Defendants seek to sanction the class by striking the declarations of all thirty of the absent class members that submitted declarations in support of the motion for class certification. However, they have submitted no authority that would support such a sanction under Rule 37 where it is nonparties that have failed to appear for deposition. The Court finds that Rule 37 does not provide the authority to sanction the absent class members for their failure to appear for deposition.

**C.    Whether Sanctions Should be Imposed under Rule 45 for Failure to Comply**

At the June 9, 2021 hearing, Rule 45 was addressed as the authority to address the failure to comply with the order for the absent class members to appear for deposition. Rule 45 of the

Federal Rules of Civil Procedure allows a party to command a nonparty to appear for a deposition. Fed. R. Civ. P. 45(a)(1)(iii). The only authority in the Federal Rules of Civil Procedure for the imposition of sanctions against a nonparty for failure to comply with a subpoena duces tecum is Rule 45. Pennwalt Corp. v. Durand-Wayland, Inc., 708 F.2d 492, 494 (9th Cir. 1983). Rule 45 provides "the issuing court--may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g). "In civil litigation, it would be rare for a court to use contempt sanctions without first ordering compliance with a subpoena, and the order might not require all the compliance sought by the subpoena. Often contempt proceedings will be initiated by an order to show cause, and an order to comply or be held in contempt may modify the subpoena's command. Disobedience of such an order may be treated as contempt." Advisory Committee Notes, 2013 Amendment, Fed. R. Civ. P. 45(g).

The Court ordered Mariano Carranza, Claudia Villafuerte, Guadalupe Saldana, Maria Isabel Esquivel, Miguel Angel Orosco, and Silva Machuca to appear for deposition. (ECF No. 234 at 8-9.) Mariano Carranza, Claudia Villafuerte, Guadalupe Saldana, Maria Isabel Esquivel, and Miguel Angel Orosco failed to comply with the Court's order to appear for deposition. Defendants are seeking an evidentiary sanction by precluding the class from using the declarations of the absent class members who refused to appear for deposition in this action. When enforcing a subpoena, courts have discretion over the type and degree of the sanction imposed. Mount Hope Church v. Bash Back!, 705 F.3d 418, 425 (9th Cir. 2012).

Here, there is no dispute that Mariano Carranza, Claudia Villafuerte, Guadalupe Saldana, Maria Isabel Esquivel, and Miguel Angel Orosco were ordered by the Court to appear for deposition on either March 4 or March 5, 2020. (See ECF No. 234.) They did not appear on the specified date to be deposed in this action. Since these individuals were specifically ordered to appear at a specific date and time and failed to comply with the Court's order, there is a basis for sanctions for contempt under Rule 45. The Court finds that Mariano Carranza, Claudia Villafuerte, Guadalupe Saldana, Maria Isabel Esquivel, and Miguel Angel Orosco are in contempt due to their failure to appear for deposition in compliance with the February 14, 2020

order requiring them to appear for deposition on March 4 or March 5, 2020. (<u>Id.</u>)

D.     **Appropriate Sanction for Absent Class Members Failure to Appear**

Defendants seek exclusion of all thirty declarations of the absent class members who submitted declarations and failed to appear for deposition. The Court agrees with Plaintiffs that this sanction would be in excess of that allowed as the majority of these individuals were not able to be located and the Court never ordered them to appear for deposition. However, as to those specific individuals that were ordered to appear and failed to do so, an exclusion sanction would not be excessive. These individuals had notice that they were required to appear for the deposition and willfully failed to do so.

A properly issued subpoena is itself a court order and a party's noncompliance may warrant contempt sanctions. <u>Pennwalt Corp.</u>, 708 F.2d at 494 n.5; <u>U.S. S.E.C. v. Hyatt</u>, 621 F.3d 687, 693 (7th Cir. 2010). Rule 45(g) provides that the court "may hold in contempt a person, who having been served, fails without adequate excuse to obey the subpoena or an order related to it." Where a party is seeking to have a contempt sanction imposed against a nonparty, the nonparty has the right a meaningful opportunity to be heard. <u>Hyatt</u>, 621 F.3d at 697-97; <u>Fisher v. Marubeni Cotton Corp.</u>, 526 F.2d 1338, 1342 (8th Cir. 1975). "The party moving for contempt has the burden to establish by clear and convincing evidence that the contemnor has violated a clear and specific court order." <u>Forsythe v. Brown</u>, 281 F.R.D. 577, 587 (D. Nev. 2012) report and recommendation adopted, No. 3:10-CV-00716-RCJ, 2012 WL 1833393 (D. Nev. May 18, 2012).

"Once the moving party shows by clear and convincing evidence that the contemnor has violated a clear and specific court order, the burden shifts to the contemnor to show that he or she took every reasonable step to comply and to explain why compliance was not possible." <u>Forsythe</u>, 281 F.R.D. at 587. The district court has wide latitude in determining if there has been contemptuous defiance of one of the court's orders. <u>Stone v. City and County of San Francisco</u>, 968 F.2d 850, 856 (9th Cir. 1992).

Defendant has shown by clear and convincing evidence that Mariano Carranza, Claudia Villafuerte, Guadalupe Saldana, Maria Isabel Esquivel, and Miguel Angel Orosco were ordered

by the Court to appear for deposition and willfully defied the court's order. Plaintiffs arguments regarding the reasons these individuals failed to appear do not amount to extraordinary circumstances that made appearance at the deposition impossible.

As expressed at the June 9, 2021 hearing, the Court finds that the disobedience of the order to appear for deposition extremely troubling. Plaintiffs submitted these declarations in support of the motion for class certification and Defendants' request to depose a portion of the individuals to test the declarations was granted. Having relied on these declarations to support the motion for class certification, it is unfair to allow Plaintiffs to continue to rely on these declarations when the individuals refused to appear to be deposed on the statements contained within. There is no doubt that Plaintiffs would not accept the situation if the situation were reversed and Defendants were refusing to produce such individuals for deposition.

Further, as Defendants argue it is unfairly prejudicial to Defendants to allow Plaintiffs to continue to rely on these declarations when the individuals have been ordered to appear and are refusing to be deposed on the statements made in support of the motion for class certification. See Hyde & Drath, 24 F.3d at 1166 (finding prejudice where party had been unable to depose more than one of the representatives of the opposing party); Wanderer v. Johnston, 910 F.2d 652, 656 (9th Cir. 1990) (finding the prejudice palpable where party repeatedly refused to appear for deposition and produce documents); Estrada v. Speno & Cohen, 244 F.3d 1050, 1060 (9th Cir. 2001), as amended on denial of reh'g and reh'g en banc (May 24, 2001) (finding prejudice due to failure to appear for deposition without justification).

Mariano Carranza, Claudia Villafuerte, Guadalupe Saldana, Maria Isabel Esquivel, and Miguel Angel Orosco submitted declarations in support of the motion for class certification which were considered and relied on in granting Plaintiffs' motion for class certification. The Court ordered these individuals to appear for deposition, and Defendants have been unable to test the statements in their declarations due to their refusal to appear for deposition. Further, Defendants contend that the depositions that did occur identified specific inconsistencies in the declarations that were submitted in support of the motion for certification of the class.

Plaintiffs argue that Defendants would not have the right to depose these five individuals

because they were only entitled to one additional declaration. Defendants have presented evidence that of the fourteen individuals that were deposed there were discrepancies between their declarations and their deposition testimony that call into question the credibility of their declarations.

For example, Crisoforo Vargas Gonzalez explicitly admitted that part of his declaration testimony was inaccurate. (Mot. 11; Hamburger Decl., Ex. 2 at 59:20‒60:3.) Similarly, Andrea De Leon admitted that her declaration contained inaccurate statements such as that she worked with apricots and that she verified her time by her cell phone but did not carry a cell phone at work. (Mot. 14; Hamburger Decl., Ex. 9, ¶¶ 1, 9, 10; Hamburger Decl., Ex. 10 at 64:18–19, 77:16–78:3; 81:16–24.) Silvia Machuca's declaration stated that "the foreperson would conduct a 'school' or instruction session before the start of the shift[.]" (Mot. 12; Hamburger Decl., Ex. 3 ¶ 2.) However, in her deposition, Ms. Machuca denied attending "school or training" before the start of her shift. (Hamburger Decl., Ex. 4 at 67:13-15.) Further, Ms. Machuca's declaration stated that she never received milage for driving her own car between the fields in the middle of the workday. (Hamburger Decl., Ex. 3 ¶ 8.) But in her deposition, she stated that she never drove her own car to work. (Hamburger Decl., Ex. 4 at 9-10.)

Defendants also identified inconsistencies in the declaration and deposition testimony of Alfonso Alvarez and Ignacio Gutierrez. (Mot. 13-14.) While Plaintiff argues that Defendants mischaracterized various statements and failed to provide a full picture of the testimony, the Court agrees with Defendants that Plaintiffs have only addressed a few of the discrepancies and those addressed above, such as the discrepancy between not being paid mileage for use of a personal vehicle and never driving a personal vehicle and the admission that the statements were inaccurate are not trivial but call into question the credibility of the statements contained within the declarations that are material to class certification. In considering these declarations in any further proceedings, the Court can consider these inconsistencies in determining the weight to be provided to the declarations based on the discrepancies identified by Defendants.

Plaintiffs rely on Evans v. IAC/Interactive Corp., 244 F.R.D. 568 (C.D. Cal. 2007) to argue that the declarations should not be stricken. In Evans, the defendants sought to strike

declarations that contained numerous and substantial discrepancies with deposition testimony. Id. at 571. The court declined to strike the declarations stating that where they were expressly contradicted by deposition testimony without explanation the deposition testimony would apply. Id. However, Evans is inapposite, to the situation presented here. Defendants are not seeking to strike the declarations of those individuals that did appear and gave testimony inconsistent with their declarations. The declarations sought to be excluded are of those individuals who refused to appear to be deposed on their declaration testimony.

Plaintiffs also argue that the defendants only identified discrepancies in five of the fourteen declarations of the declarants that were deposed. In total, the defendants have identified specific discrepancies between the deposition testimony and declarations in over thirty percent of the individuals deposed. Having identified discrepancies in thirty percent of the declarations, the Court finds no merit to Plaintiffs' argument that further depositions would not disclose any similar inaccuracies.

Plaintiffs also argue that Defendants had the opportunity to depose the individuals early in the case, but present no evidence that Defendants had knowledge of which of the 14,000 absent class members[3] Plaintiffs would be relying on in support of the motion for class certification. Therefore, it is unclear how Defendants could have identified the specific absent class members that would be submitting declarations in support of the motion for class certification to obtain their depositions while class certification discovery was open.

Plaintiffs argue that no sanctions can be imposed due to the willful failure to comply with the Court's February 2020 order. However, the circumstances here do allow the Court to fashion an appropriate remedy to address Defendants' concerns regarding the accuracy of the declarations submitted and the willful defiance of this Court's order for the specific individuals to appear for deposition that would not contradict the prior assertions that no sanctions would be sought against the absent class members themselves for their failure to appear. At the June 9, 2021 hearing, Defendants asserted that they wish to depose all of the individuals who submitted

---

[3] The order certifying the classes found that there are at least 14,000 individuals in most of the subclasses. (ECF No. 185 at 22.)

declarations in support of the motion for class certification. Based on the briefing provided and review of the deposition testimony demonstrating discrepancies between the declarations submitted and the deposition testimony, the Court shall allow an additional five depositions[4] so that Defendants can depose the specific individuals that were ordered to appear for deposition and failed to do so. Having ordered the depositions of the individuals that failed to appear in compliance with the Court's order, no further motion for additional declarations of these absent class members who submitted declarations in support of the motion to certify the class will be considered.

The Court's contempt powers are divided into two categories: civil contempt or criminal contempt. Shell Offshore Inc. v. Greenpeace, Inc., 815 F.3d 623, 629 (9th Cir. 2016). "The same conduct may result in citations for both civil and criminal contempt." Shell Offshore Inc., 815 F.3d at 629 (quoting United States v. Rylander, 714 F.2d 996, 1001 (9th Cir. 1983)). To distinguish between criminal and civil contempt, the court looks to the sanction's "character and purpose." Shell Offshore Inc., 815 F.3d at 629 (quoting Int'l Union, UMWA v. Bagwell, 512 U.S. 821, 827 (1994)). Civil contempt is coercive or compensatory while criminal contempt is intended to be punitive. Shell Offshore Inc., 815 F.3d at 629. In civil contempt, the contemnor can purge the contempt by complying with the order. Id.

In addressing the contempt at issue here, the Court shall impose a civil contempt sanction to compel the declarants to appear in compliance with the Court's order that they submit to a deposition. Civil contempt is characterized by the desire to compel compliance with a court order or to compensate a party for the injuries incurred due to noncompliance with an order. Falstaff Brewing Corp. v. Miller Brewing Co., 702 F.2d 770, 778 (9th Cir. 1983); Ahearn ex rel. N.L.R.B. v. Int'l Longshore & Warehouse Union, Locals 21 & 4, 721 F.3d 1122, 1128 (9th Cir. 2013) ("[C]ivil contempt proceedings serve two purposes: (1) coercing compliance with a court order; and (2) compensating the prevailing party.") To determine whether a contempt sanction is civil or criminal the court examines "the character of the relief itself." Ahearn, 721 F.3d at 1129

---

[4] Considering that the fifteenth deposition was of an absent class member that did not submit a declaration in support of the motion for class certification, this is actually only an additional four depositions of the class members who submitted such declarations.

22

1  (quoting Int'l Union, United Mine Workers of Am. v. Bagwell, 512 U.S. 821, 828 (1994)).

2  Defendants sought and received an order compelling Mariano Carranza, Claudia

3  Villafuerte, Guadalupe Saldana, Maria Isabel Esquivel, and Miguel Angel Orosco to appear for

4  deposition.  "Generally, the minimum sanction necessary to obtain compliance is to be

5  imposed[,]" Whittaker Corp. v. Execuair Corp., 953 F.2d 510, 517 (9th Cir. 1992), and

6  nonparties are not sanctioned for failure to comply with a subpoena in the absence of an

7  enforcement order, Fed. R. Civ. P. 45(g), Advisory Committee Notes, 2013 Amendments ("In

8  civil litigation, it would be rare for a court to use contempt sanctions without first ordering

9  compliance with a subpoena ...").  Sanctions that are imposed to coerce compliance are

10  conditional sanctions and only operate if the person found to be in contempt violates the order in

11  the future.  Whittaker Corp., 953 F.2d at 517.  In determining the coercive sanction to be

12  imposed, the court must "consider the character and magnitude of the harm threatened by

13  continued contumacy, and the probable effectiveness of any suggested sanction in bringing about

14  the result desired."  Id. (quoting United States v. United Mine Workers of America, 330 U.S.

15  258, 304 (1947)).

16  Plaintiffs argue that in bringing this motion, Defendants are going against their prior

17  assertions that they will not seek sanctions against the individuals for their failure to appear for

18  deposition.  However, as the Court found in the February 14, 2020 order,

19  it is not clear that the striking of declarations is the type of sanction, if it is to be
   considered a sanction, that the Court and the Defendants were envisioning as
20  unfairly targeting the absent class members.  Rather, the Court was concerned
   with potential monetary sanctions that may have been sought against the
21  individual class members such as to cover the costs of the deposition, or the
   seeking of removing the absent class members altogether from the class resulting
22  in the member being excluded from the a potential settlement or judgment, rather
   than simply striking the declarations and preventing the declarations from being
23  used for other purposes where the declarant fails to appear for a deposition.  The
   Court was concerned about any incentive for anyone to appear for a deposition
24  and frankly the rule of law.

25  (ECF No. 234 at 8.)

26  Mariano Carranza, Claudia Villafuerte, Guadalupe Saldana, Maria Isabel Esquivel, and

27  Miguel Angel Orosco are ordered to appear for deposition.  Plaintiffs argue that the declarations

28  are the only way for the absent class members to be heard in this matter.  These individuals have

had such opportunity and if they wish to continue to be heard in this matter they will be required to attend the deposition.

In order to coerce the declarants to appear for deposition, the Court finds it would be appropriate to preclude Plaintiffs from any further use of that individual's declaration in this proceeding should the individual fail to appear for deposition. While this does impose a sanction in that the declaration will not be considered, there is no action taken against the absent class member. No financial responsibility will be imposed against the absent class member for a failure to appear. The individual will remain a member of the class and will share in any settlement or judgment in this action. Further, the Court finds that this sanction is not inconsistent with Defendants assertion that no action would be taken against the absent class members as the sanction is directed to the class itself and not the absent class member.

The Court finds that precluding the absent class member declarations from being used in this litigation is the minimum sanction that could be imposed to coerce the declarants to appear for deposition and strikes an appropriate balance between Defendants' concerns regarding the use of the untested declarations and the willful defiance of this Court's orders. If any individual fails to appear for deposition, the class shall be precluded from using that individual's declaration in these proceedings. In addressing the willful noncompliance at issue here, there must be a consequence for failing to obey the order to appear for a deposition. Otherwise, especially where as here the individuals interjected themselves into the litigation by submitting declarations in support of their own interests, there would be no respect for the law if consequences were not imposed for the complete failure to appear in disobedience of a court order.

## IV.

### CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendants' motion to exclude absent class member declarations is GRANTED IN PART;

2. Within **thirty (30) days** of the date of issuance of this order, at a time and place

agreed upon by the parties, Mariano Carranza, Claudia Villafuerte, Guadalupe Saldana, Maria Isabel Esquivel, and Miguel Angel Orosco SHALL APPEAR for a deposition;

3.  In order to compel compliance with this order, the failure of Mariano Carranza, Claudia Villafuerte, Guadalupe Saldana, Maria Isabel Esquivel, and Miguel Angel Orosco to comply with this order shall result in the class being precluded from any further use of the declaration of the individual who fails to appear in this action without further order of the Court.

IT IS SO ORDERED.

Dated: __**June 22, 2021**__

UNITED STATES MAGISTRATE JUDGE